Joseph J. Tabacco, Jr. (75484)
Email: jtabacco@bermandevalerio.com
Nicole Lavallee (165755)
Email: nlavallee@bermandevalerio.com
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

***Attorneys for Proposed Lead Plaintiff Austin Police Retirement System and Proposed Lead Counsel***

**[Other Counsel Appear on Signature Page]**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARRY W. PLICHTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPOWER CORPORATION, THOMAS H. WERNER and DENNIS V. ARRIOLA,<br><br>Defendants. | Case No. CV09-5473-CRB<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE AUSTIN POLICE RETIREMENT SYSTEM TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>DATE: February 26, 2010<br>TIME: 10:00 a.m.<br>CTRM: 8, 19th Floor |

| | |
|---|---|
| CHENGXIAO CAO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPOWER CORPORATION, PRICEWATERHOUSECOOPERS LLP, THOMAS H. WERNER, DENNIS V. ARRIOLA, EMMANUEL T. HERNANDEZ, and MARTY T. NEESE,<br><br>Defendants. | Case No. CV09-5488-BZ |
| STEVEN PARRISH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNPOWER CORPORATION, THOMAS H. WERNER and DENNIS V. ARRIOLA,<br><br>Defendants. | Case No. C09-05520-CRB |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ....... 1

SUMMARY OF ARGUMENT ....... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....... 2

I. INTRODUCTION ....... 2

II. ARGUMENT ....... 4

A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....... 4

B. APRS SHOULD BE APPOINTED LEAD PLAINTIFF BECAUSE IT SUFFERED THE LARGEST FINANCIAL LOSS AND IS THE MOST CAPABLE OF ADEQUATELY REPRESENTING THE INTERESTS OF THE CLASS ....... 5

1. Notice of Pendency ....... 6

2. APRS is the Presumptive Lead Plaintiff Because APRS Has the Largest Financial Interest in the Relief Sought By the Class ....... 7

a. APRS Has the Largest Financial Loss ....... 7

b. As an Institutional Investor, APRS is Preferred as a Lead Plaintiff ....... 7

3. APRS Satisfies the Requirements of Rule 23 ....... 8

a. APRS' Claims Are Typical of the Claims of the Class ....... 9

b. APRS Will Fairly and Adequately Represent the Interests of the Class ....... 9

C. THE COURT SHOULD APPROVE APRS' SELECTION OF LEAD COUNSEL ....... 10

III. CONCLUSION ....... 11

# TABLE OF AUTHORITIES

## CASES

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ........................................................ 2, 9

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................................... 2, 9, 10

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ........................................................ *passim*

*In re Critical Path, Inc. Sec. Litig*., 156 F. Supp. 2d 1102 (N.D. Cal. 2001) .................................. 7

*In re Network Assocs., Inc. Sec. Litig*., 76 F. Supp. 2d 1017 (N.D. Cal. 1999) ........................... 7, 8

*In re Veeco Instruments, Inc*., 233 F.R.D. 330 (S.D.N.Y. 2005) .................................................. 8

*Investors Research Co. v. United States Dist. Ct. of the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989) ........................................................................................ 2, 4

*Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969 (N.D. Cal. 2008) ............................. 6

*Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................ 2, 10

## UNREPORTED CASES

*Carson v. Clarent Corp.*,
No. C 01-03361 CRB,
2001 U.S. Dist. LEXIS 22059 (N.D. Cal. Dec. 14, 2001) ............................................................ 2

*In re Vaxgen Secs. Litig*.,
No. C 03-1129 JSW,
2004 U.S. Dist. LEXIS 29812 (N.D. Cal. Apr. 14, 2004) ...................................................... 2, 6, 7

*Mohanty v. Bigband Networks, Inc.*,
No. C 07-5101 SBA,
2008 U.S. Dist. LEXIS 32764 (N.D. Cal. Feb. 13, 2008) .................................................... *passim*

*Rubke v. Capitol Bancorp, Ltd*.,
No. C 05-4800 PJH,
2006 U.S. Dist. LEXIS 25170 (N.D. Cal. Mar. 31, 2006) ......................................................... 8, 9

*Schriver v. Impac Mortgage Holdings, Inc.*,
No. SACV 06-31 CJC,
2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ............................................................ 8

*Siegall v. Tibco Software, Inc*.,
No. C 05-2146 SBA,
2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) ......................................................... 2, 4

*Weisz v. Calpine Corp.*,
C 02-1200,
2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 15, 2002)....................3, 5

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ....................*passim*

H.R. Conference Report on Securities Litigation Reform, S. REP. NO. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ....................7

**RULES**

FED. R. CIV. P. 23(a) ....................8, 9

FED. R. CIV. P. 42(a) ....................2, 4

## NOTICE OF MOTION AND MOTION

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on February 26, 2010, at 10:00 a.m., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Charles R. Breyer located at Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102, the Austin Police Retirement System ("APRS") will move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order:

(a) consolidating the above-captioned actions;

(b) appointing APRS as lead plaintiff for a class of investors who purchased securities of SunPower Corporation ("SunPower" or the "Company"); and

(c) approving Berman DeValerio as lead counsel for the class.

This Motion is made on the grounds that the above-captioned federal securities law actions brought in this Court against SunPower allege similar claims based on the same or similar legal and factual allegations, including alleged violations of the federal securities laws, and should therefore be consolidated. Moreover, APRS is the most adequate lead plaintiff, as defined by the PSLRA, based on its loss of $375,815 which resulted from the wrongful conduct alleged in this action. APRS also satisfies the requirements of Federal Rule of Civil Procedure 23 because its claims are typical of other members of the class and APRS will fairly and adequately represent the class. Further, APRS has selected and retained counsel with substantial experience in successfully prosecuting securities fraud class actions to serve as lead counsel for the class.

APRS bases this Motion on the notice of motion, the memorandum of points and authorities in support thereof, the declaration of Nicole Lavallee in support thereof, the pleadings and other files herein, and such other written and oral arguments as may be presented to the Court.

## SUMMARY OF ARGUMENT

APRS seeks an order consolidating the above-captioned complaints brought under federal securities laws against the defendants; appointing APRS as lead plaintiff; and approving its

selection of counsel as lead counsel for the proposed class.

The Court should consolidate the related cases because they present common issues of law and fact. Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties. FED. R. CIV. P. 42(a); *Investors Research Co. v. United States Dist. Ct. of the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *Siegall v. Tibco Software, Inc*., No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *5 (N.D. Cal. Feb. 24, 2006); *Mohanty v. Bigband Networks, Inc*., No. C 07-5101 SBA, 2008 U.S. Dist. LEXIS 32764, at *9-10 (N.D. Cal. Feb. 13, 2008).

The Court should appoint APRS as lead plaintiff for the class because it has the largest financial interest in the litigation. 15 U.S.C. § 78u-4(a)(3); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *Carson v. Clarent Corp.*, No. C 01-03361 CRB, 2001 U.S. Dist. LEXIS 22059, at *4-5 (N.D. Cal. Dec. 14, 2001); *In re Vaxgen Secs. Litig*., No. C 03-1129 JSW, 2004 U.S. Dist. LEXIS 29812, at *8 (N.D. Cal. Apr. 14, 2004) (White, J) . Also, movant's claims are typical of the claims of the Class and movant will fairly and adequately represent the interests of the Class. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1136-37 (C.D. Cal. 1999). Moreover, as an institutional investor, APRS is preferred to serve as lead plaintiff under the federal securities law. *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *17.

The Court should also approve APRS' selection of counsel because selected counsel will provide high quality legal representation and will effectively protect the interests of the class. 15 U.S.C. § 78u-4(a)(3); *Cavanaugh*, 306 F.3d at 734.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On November 18, 2009, Harry W. Plichta filed a class action in this Court on behalf of persons who purchased or otherwise acquired the publicly traded securities of SunPower from April 17, 2008 through November 16, 2009, inclusive (the "Class") for violations of the federal securities laws. The *Plichta* complaint named SunPower, Thomas H. Werner, and Dennis V. Arriola as defendants. Since then, two additional plaintiffs have filed complaints in this Court

asserting largely identical claims as the *Plichta* complaint and alleging identical class periods of April 17, 2008 through November 16, 2009, inclusive (the "Class Period").

All of the complaints allege that, throughout the Class Period, defendants violated federal securities laws by issuing materially false and misleading statements that artificially inflated SunPower's stock price. The plaintiffs claim these statements violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5, promulgated thereunder by the Securities and Exchange Commission ("SEC").

SunPower, headquartered in San Jose, California, designs, manufactures and markets high-performance solar electronic power technologies, including solar cells, solar panels and inverters, which convert sunlight to electricity for the utility networks servicing installers and resellers for use in residential and commercial applications. SunPower manufactures all of its solar cells at two facilities in the Philippines. As of December 28, 2008, the Company had approximately 5,400 employees worldwide, of which approximately 4,710 were located in the Philippines. During the Class Period, the Company's Class A common stock traded on the NASDAQ under the ticker symbol "SPWRA" and its Class B common stock traded on the NASDAQ under the symbol "SPWRB."

As alleged in the complaints, defendants issued false and misleading statements during the Class Period about SunPower's financial health that artificially inflated the price of SunPower's common stock. Specifically, the complaints allege, among other things, that defendants made untrue and/or misleading statements relating to the cost of goods sold in the Company's Philippine operations, including unsubstantiated accounting entries, during the Class Period. The Company also allegedly issued false and misleading certifications, required by the Sarbanes-Oxley Act of 2002 ("SOX"), attesting to the accuracy of SunPower's financial statements and the adequacy of its internal controls over financial reporting. Revelation of the true financial condition of SunPower caused its common stock price to lose about 18% of its value in one day (SunPower's Class A common stock declined $5.04 per share to close at $22.19 per share on November 17, 2009 and its Class B common stock declined $4.43 per share to close at $19.47 per share on November 17, 2009).

During the Class Period, APRS purchased 41,100 shares of SunPower Class A common stock, including net purchases of 33,730 shares. APRS expended a net of $1,164,062 during the Class Period and suffered a loss of approximately $390,000 based on both a first-in, first-out ("FIFO") analysis and on a last-in, first-out ("LIFO") analysis.[1]

## II. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Federal Rule of Civil Procedure 42(a) grants the Court broad discretion to consolidate cases on its docket. FED. R. CIV. P. 42(a). Rule 42(a) provides that, "if actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." *See also Investors Research Co.*, 877 F.2d at 777 ("[t]he district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district.").

Consolidation is proper when individual cases involve common questions of law or fact. *See id.*; *Siegall*, 2006 U.S. Dist. LEXIS 26780, at *5-6 ("[The PSLRA] directs that cases should be consolidated when more than one action is filed on behalf of a class asserting substantially the same claim or claims."). Securities class actions are particularly suitable for consolidation. *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *9-10 ("[C]lass action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. Consolidation facilitates discovery, conserves judicial resources and reduces the confusion and delay that result from prosecuting related class actions separately.") (internal citation omitted). Slight differences between the actions, including the naming of additional defendants in one action, do not render consolidation inappropriate. *See, e.g.*, *Weisz v. Calpine Corp.*, C 02-1200, 2002 U.S. Dist. LEXIS 27831, at *8-12 (N.D. Cal. Aug. 15, 2002) (finding consolidation appropriate, despite slight differences between the actions, given the common questions of law and fact involved and

---

[1] A copy of APRS' Certification, which complies with both the PSLRA and Local Rule 3-7, is attached as Exhibit B to the Declaration of Nicole Lavallee in Support of the Motion of the Austin Police Retirement System to Consolidate Related Actions, for Appointment as Lead Plaintiff and for Approval of its Selection of Lead Counsel ("Lavallee Decl."). This Certification sets forth the transactions of APRS in SunPower securities during the relevant period. In addition, a chart reflecting calculations of APRS' financial losses from its trading in SunPower securities is attached as Exhibit C to the Lavallee Decl.

the benefits of consolidation).

The Court should consolidate the following related actions, now pending in this District:

| Name & Case No. | Filed | Judge Assigned |
|---|---|---|
| *Plichta v. SunPower Corp., et al.*, 09-cv-05473-CRB | Nov. 18, 2009 | Hon. Charles R. Breyer |
| *Cao v. SunPower Corp., et al.*, 09-cv-05488-BZ | Nov. 18, 2009 | Hon. Bernard Zimmerman |
| *Parrish v. SunPower Corp., et al.*, 09-cv-05520-CRB | Nov. 20, 2009 | Hon. Charles R. Breyer |

Consolidation of these cases will promote judicial efficiency and conserve the resources of the Class and other parties. All three complaints share common questions of law and fact. Although one of the actions, the *Cao* complaint, names additional defendants not named in the other complaints, all of the actions rely upon the same or similar factual and legal allegations and claims.[2] For instance, all of the actions allege that the Company's financial results were overstated and that the Company made unsubstantiated accounting entries during the Class Period. Further, the actions all share a common legal question: to wit, whether defendants' misrepresentations violated federal securities laws. For these reasons, consolidation of the complaints is appropriate under Federal Rule 42(a).

**B. APRS SHOULD BE APPOINTED LEAD PLAINTIFF BECAUSE IT SUFFERED THE LARGEST FINANCIAL LOSS AND IS THE MOST CAPABLE OF ADEQUATELY REPRESENTING THE INTERESTS OF THE CLASS**

The PSLRA sets forth a three step procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B); *Cavanaugh*, 306 F.3d at 729. First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the

[2] All of the complaints name the same core defendants: SunPower Corp., Thomas H. Werner and Dennis V. Arriola. In addition to these defendants, the *Cao* complaint also names PricewaterhouseCoopers LLP, Emmanuel T. Hernandez and Marty T. Neese. Although one of the actions names additional defendants, consolidation is nonetheless appropriate given the common questions of law and fact involved in all of the actions. *See, e.g.*, *Weisz v. Calpine Corp.*, C 02-1200, 2002 U.S. Dist. LEXIS 27831, at *8-12 (N.D. Cal. Aug. 15, 2002) (consolidating actions involving differing defendants).

purported class period and their right to move the court for appointment as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court appoints "the presumptively most adequate plaintiff" to serve as lead plaintiff. The "presumptively most adequate plaintiff" is the person that: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729. *See also Vaxgen Secs. Litig.*, 2004 U.S. Dist. LEXIS 29812, at *8; *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *7; *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008).

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Query*, 558 F. Supp. 2d at 973.

**1. Notice of Pendency**

Plaintiff in the first-filed action caused notice to be published through *Business Wire* on November 18, 2009, the same day that the initial complaint was filed. *See* Lavallee Decl., Exhibit A. This notice, in accordance with the PSLRA, announced that a securities class action complaint had been filed against the defendants and advised SunPower investors that applications for lead plaintiff must be made no later than 60 days from the date on which the notice was published.[3]

APRS has satisfied the procedural requirements of the PSLRA by filing a motion seeking lead plaintiff status within the 60 day deadline and has filed the requisite certification. *See* Lavallee Decl., Exh. B.

[3] January 19, 2010 is the deadline date for filing a motion for appointment as lead plaintiff.

**2. APRS is the Presumptive Lead Plaintiff Because APRS Has the Largest Financial Interest in the Relief Sought By the Class**

**a. APRS Has the Largest Financial Loss**

The PSLRA establishes a rebuttable presumption that the lead plaintiff should be the "person" or "group of persons" who "has the largest financial interest in the relief sought by the class," and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Mohanty*, 2008 U.S. Dist. LEXIS 32764, at *12 ("[D]istrict courts typically equate 'largest financial interest' with the amount of potential recovery.") (citing *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1107-08 (N.D. Cal. 2001); *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999)). Courts calculate a plaintiff's financial interest "through accounting methods that are both rationally and consistently applied to establish which one has the most to gain from the lawsuit." *Vaxgen Secs. Litig.*, 2004 U.S. Dist. LEXIS 29812, at *9 (internal quotation marks omitted) (quoting *Cavanaugh*, 306 F.3d at 730).

During the Class Period APRS purchased 41,100 gross shares of SunPower common stock and consequently lost $375,815 under both the FIFO and LIFO methodologies. At this time, APRS is unaware of any other investor who intends to file a motion for appointment as lead plaintiff in the above-captioned actions who has suffered larger losses than APRS. Accordingly, APRS believes that it has the largest financial interest in the relief sought by the Class.

**b. As an Institutional Investor, APRS is Preferred as a Lead Plaintiff**

In passing the PSLRA, Congress expressed a clear preference for institutional investors to lead securities class action lawsuits. *See* H.R. Conference Report on Securities Litigation Reform, S. REP. NO. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts. . . [and] believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors."); *Mohanty*, 2008 U.S.

Dist. LEXIS 32764, at *17 ("It is true that Congress's intent in enacting the PSLRA provisions governing the appointment of lead plaintiff was, in part, to increase the likelihood that institutional investors will serve as lead plaintiffs.") (citing *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *In re Network Assocs.*, 76 F. Supp. 2d at 1020 ("Congress expected that the lead plaintiff would normally be an institutional investor with a large stake in the outcome.").

APRS is exactly the type of institutional investor envisioned as lead plaintiff by the PSLRA. As an institutional investor, APRS fully understands the role of fiduciaries and possesses the financial sophistication, experience and resources to ensure that lead counsel will litigate in the best interests of the Class. APRS fully understands the complexities of securities litigation and class actions, and its strength and position as an institutional investor will help it command the best possible recovery from defendants.

**3. APRS Satisfies the Requirements of Rule 23**

The PSLRA also requires that the lead plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23.[4] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts applying the PSLRA focus principally on the typicality and adequacy elements of Rule 23 in appointing a lead plaintiff. *Rubke v. Capitol Bancorp, Ltd.*, No. C 05-4800 PJH, 2006 U.S. Dist. LEXIS 25170, at *8 (N.D. Cal. Mar. 31, 2006) ("If this plaintiff [with the largest financial losses] then makes a showing that they meet the Rule 23(a) 'typicality' and 'adequacy' requirements, the court must then consider this plaintiff the presumptive lead plaintiff."). A prima facie showing of typicality and adequacy will qualify a movant for appointment as lead plaintiff. *Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31 CJC, 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. May 1, 2006).

[4] Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class exist; (3) such claims are typical of those of the class; and (4) the representatives will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

**a. APRS' Claims Are Typical of the Claims of the Class**

APRS' claims are typical of the claims of other Class members. The typicality requirement of Federal Rule of Civil Procedure 23 is satisfied when the lead plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory. *Armstrong*, 275 F.3d at 868 ("Typicality . . . is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability.") (citation and quotation marks omitted). Typicality exists even among claims with minor distinctions. *Hanlon*, 150 F.3d at 1020 ("[C]laims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Rubke*, 2006 U.S. Dist. LEXIS 25170, at *8 (same).

Here, APRS, like other Class members, seeks to hold defendants liable for the consequences of their violations of the federal securities laws. In addition, APRS acquired SunPower securities during the Class Period at prices artificially inflated by the false statements and omissions of the defendants and suffered damages as a result. APRS' claims, therefore, arise from the same events and are based on the same legal theory as the Class' claims. Indeed, APRS' claims are identical or virtually identical to those of other Class members who invested in SunPower securities during the Class Period and sustained losses as a consequence of defendants' misrepresentations. Thus, APRS fully satisfies the typicality requirement of Rule 23.

**b. APRS Will Fairly and Adequately Represent the Interests of the Class**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *Rubke*, 2006 U.S. Dist. LEXIS 25170, at **8-9. Accordingly, the Ninth Circuit has held that "[r]esolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"

*Hanlon*, 150 F.3d at 1020. Further, the class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137.

APRS fully meets the adequacy requirement. First, APRS, like every member of the Class, purchased SunPower securities during the Class Period and suffered losses from defendants' untrue, false and/or misleading statements. Their interests and those of their counsel are, therefore, aligned with, and not adverse to, those of the Class.

Second, as an experienced institutional investor, APRS will effectively manage this litigation and vigorously represent the interests of all Class members. APRS has submitted the requisite certification which confirms that APRS understands and is willing to assume the responsibilities of a lead plaintiff. APRS has also retained qualified and experienced securities class action attorneys to represent the Class. *See* Lavallee Decl., Exh. D. For these reasons, APRS is a more than adequate class representative.

### C. THE COURT SHOULD APPROVE APRS' SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."). The Court should not interfere with lead plaintiff's selection unless necessary to protect the interests of the class. *Id.*

APRS has retained the law firm of Berman DeValerio to serve as lead counsel for the Class. Berman DeValerio is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Further, counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See* Lavallee Decl., Exh. D. The Court can be assured that, by approving APRS' choice of counsel, the Class will receive the highest caliber of legal representation.

## III. CONCLUSION

APRS respectfully requests that the Court consolidate the above-captioned related actions, appoint APRS as lead plaintiff for the Class, approve its selection of Berman DeValerio as lead counsel for the Class, and grant such other relief as the Court may deem to be just and proper.

Dated: January 19, 2010

**BERMAN DEVALERIO**

By: /s/ Nicole Lavallee
Nicole Lavallee

Joseph J. Tabacco, Jr.
One California Street, Suite 900
San Francisco, CA 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

***Attorneys for Proposed Lead Plaintiff Austin Police Retirement System and Proposed Lead Counsel***

Robert D. Klausner
**KLAUSNER & KAUFMAN, PA**
10059 NW 1st court
Plantation, FL 33324
Telephone: (954) 916-1202
Facsimile: (954) 916-1232

***Attorneys for Proposed Lead Plaintiff Austin Police Retirement System***