1   LIONEL Z. GLANCY (#134180)
2   MICHAEL GOLDBERG (#188669)
    GLANCY BINKOW & GOLDBERG LLP
3   1801 Avenue of the Stars, Suite 311
    Los Angeles, California 90067
4   Telephone:      (310) 201-9150
    Facsimile:      (310) 201-9160
5   E-mail:         info@glancylaw.com

6   Attorneys for Plaintiffs and
    Proposed Lead Counsel
7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  | HARRY W. PLICHTA, Individually and on | No. 09-cv-05473-CRB |
    | Behalf of All Others Similarly Situated, | |

12  | | CLASS ACTION |
    | Plaintiff, | |

13  | | NOTICE OF MOTION AND |
    | v. | MOTION OF PETER PHAM FOR |

14  | | CONSOLIDATION OF RELATED |
    | SUNPOWER CORPORATION, THOMAS | ACTIONS, APPOINTMENT AS LEAD |

15  | H. WERNER and DENNIS V. ARRIOLA, | PLAINTIFF AND APPROVAL OF LEAD |
    | | COUNSEL; MEMORANDUM OF |

16  | Defendants. | POINTS AND AUTHORITIES IN |
    | | SUPPORT THEREOF |

17

18  Date: March 5, 2010
    Time: 10:00 a.m.

19  Courtroom 8, 19th Floor
    Honorable Charles R. Breyer

20  *[Captions Continue on Following Page]*

21

22

23

24

25

26

27

28

| | |
|---|---|
| CHENGXIAO CAO, Individually and on Behalf of All Others Similarly Situated, | No.  09-cv-05488-BZ |
| Plaintiff, | |
| v. | |
| SUNPOWER CORPORATION, PRICEWATERHOUSECOOPERS LLP, THOMAS H. WERNER, DENNIS V. ARRIOLA, EMMANUEL T. HERNANDEZ and MARTY T. NEESE, | |
| Defendants. | |
| STEVEN PARRISH, Individually and On Behalf of All Others Similarly Situated, | No. 09-cv-05520-CRB |
| Plaintiff, | |
| v. | |
| SUNPOWER CORPORATION, THOMAS H. WERNER and DENNIS V. ARRIOLA, | |
| Defendants. | |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on Friday, March 5, 2010, at 10:00 a.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Charles R. Breyer, situated at 450 Golden Gate Ave., San Francisco, California, lead plaintiff movant Peter Pham (hereinafter "Movant") will move, and hereby does move, for an order (a) consolidating the related actions, (b) appointing Peter Pham as lead plaintiff, and (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class.

Movant seeks consolidation of the related actions pursuant to Federal Rule of Civil Procedure 42(a), and appointment as lead plaintiff and approval of lead counsel pursuant to the

Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead plaintiff Movant Peter Pham respectfully submits the following memorandum of points and authorities in support of his motion for consolidation of related actions, appointment as lead plaintiff and approval of lead counsel.

## I.    FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the securities of SunPower Corporation ("SunPower" or the "Company") between April 17, 2008 and November 16, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Named as defendants are SunPower and certain of its executive officers.

SunPower designs, manufactures and delivers high-performance solar electric systems worldwide for residential, commercial and utility-scale power plant customers.

Plaintiffs allege that throughout the Class Period Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company made unsubstantiated accounting entries during the Class Period; (2) that, as a result, the Company's financial results were overstated during the Class Period; (3) that the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); (4) that the Company lacked adequate internal and financial

No. 09-cv-05473-CRB
NOTICE OF MOTION AND MOTION OF PETER PHAM FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

2

controls; and (5) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On November 16, 2009, SunPower shocked investors when it announced an internal investigation by its Audit Committee of certain unsubstantiated accounting entries related to cost of goods sold in the Company's Philippines operations. SunPower disclosed that the Company's Audit Committee concluded that the Company's previously issued interim financial statements for each of the 2009 quarterly periods, the previously reported financial results for the fiscal year ending December 28, 2008, the financial information in its quarterly reports on Form 10-Q for the 2009 quarters, the financial information in the 2008 annual report on Form 10-K, and the guidance provided by the Company for the 2009 fiscal year, should no longer be relied upon, and that the Company may have to restate its 2009 interim financial reports and its 2008 annual report.

On this news, shares of SunPower's Class A common stock declined $5.04 per share, approximately 18.51%, to close on November 17, 2009, at $22.19 per share, on heavy volume, and shares of SunPower's Class B common stock declined $4.43 per share, approximately 18.54%, to close on November 17, 2009, at $19.47 per share, on heavy volume.

## II.   PROCEDURAL HISTORY

Plaintiff Harry W. Plichta commenced the first of the above-captioned related actions on November 18, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Michael Goldberg In Support of Motion of Peter Pham for Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

In addition to the *Plichta* action, two related actions subsequently were filed in this District naming the same defendants, and alleging the same factual events and the same legal bases for their claims, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by

the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5  (collectively, the "Related Actions").  Each of the Related Actions is reflected above in the caption of this document.[1]

Movant brings the instant motion for, *inter alia*, appointment as lead plaintiff pursuant to the *Plichta* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of plaintiff Plichta's November 18, 2009 notice.

## III.   ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).  The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues.  Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct.  Each names the Company and certain of its officers and/or directors as defendants.  Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions.  Accordingly, consolidation under Rule 42(a) is appropriate.

### B.      Peter Pham Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class

---

[1]On January 12, 2010, two administrative motions were filed in this Court pursuant to Local Rule 3-12 seeking to relate the above-captioned actions with *In re SunPower Corporation Shareholder Derivative Litigation*, No. C-09-05731-HRL (the "Derivative Action"), a consolidated action which is before Magistrate Judge Howard R. Lloyd.  The motions, filed separately by the plaintiffs in the Derivative Action (Docket #8) and by the defendants in the Derivative Action (Docket #9) are pending.

No. 09-cv-05473-CRB
NOTICE OF MOTION AND MOTION OF PETER PHAM FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

4

actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant Peter Pham satisfies all three of these criteria and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### 1.      Movant Is Making A Motion In Response To A Notice

Plaintiff  Harry W. Plichta commenced the instant action on November 18, 2009, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of SunPower securities that they had 60 days from the date of the November 18, 2009 notice to file a motion to be appointed as lead plaintiff.[2]  Movant files the instant motion pursuant to

---

[2]Computed from the November 18, 2009, published notice of pendency, the 60-day period for filing a motion for appointment of lead plaintiff ended Monday, January 18, 2010 – the federal observance of the birthday of Martin Luther King, Jr.  Movant is timely filing the instant motion on January 19, 2010, pursuant to F.R.Civ.P. 6(a), which provides in relevant part that "in computing any period of time prescribed or allowed by these rules...if the last day of the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal holiday*...the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." (Emphasis added.)

No. 09-cv-05473-CRB
NOTICE OF MOTION AND MOTION OF PETER PHAM FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM IN SUPPORT

5

1   the *Plichta* complaint and published notice, and submits herewith his sworn certification attesting that

2   he is willing to serve as representative of the Class and willing to provide testimony at deposition and

3   trial, if necessary.  *See* Goldberg Declaration, Exhibit B.  Movant therefore satisfies the requirement

4   of either filing a complaint or making a motion in response to a published notice.  *See* 15 U.S.C.

5   §78u-4(a)(3)(B)(i).

6

7              **2.      Movant Has The Largest Financial Interest In This Action**

8          The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

9   plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

10  sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).

11         During the Class Period, Peter Pham purchased 3,648 Class A shares of SunPower at prices

12  alleged to be artificially inflated by defendants' materially false and misleading statements and

13  omissions and, as result, Movant has suffered financial losses of $180,758.40.  *See* Goldberg

14  Declaration, Exhibit C.

15         To the best of his knowledge, Movant believes that he has the largest known financial interest

16  in this case of any Class member who timely filed an application for appointment as lead plaintiff,

17  and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the

18  Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

19

20              **3.      Movant Satisfies The Requirements Of**
                **Rule 23 Of The Federal Rules Of Civil Procedure**

21

22         Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing

23  the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy

24  the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a

25  party may serve as a class representative if the following four requirements are satisfied:

26         (1) the class is so numerous that joinder of all members is impracticable, (2) there are
           questions of law or fact common to the class, (3) the claims or defenses of the
27         representative parties are typical of the claims or defenses of the class, and (4) the
           representative parties will fairly and adequately protect the interest of the class.

28

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient.  *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002).  Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23").

### a.    Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning SunPower's business, operations and financial prospects. Movant, like all of the members of the Class, purchased SunPower shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, Movant's claims are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b.    Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class."  Accordingly:

The Ninth Circuit has held that representation is "adequate" when counsel for the

class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted).

Peter Pham has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is willing and able to take an active role in and control the litigation.  Movant has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff.  Movant is not aware of any antagonism between his interests and those of other Class members. Moreover, Movant has sustained substantial financial losses – in excess of $180,000 – from his investments in SunPower securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.

**4.  Movant Is Presumptively The Most Adequate Lead Plaintiff**

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Peter Pham is the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movant believes that he has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. Movant's ability to fairly and adequately represent the Class is discussed above.  Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class.  In addition, Movant has selected and retained competent and experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.* 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The

adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation"). Accordingly, Peter Pham should be appointed lead plaintiff for the Class.

## B.   The Court Should Approve Movant's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé, attached to the Goldberg Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating the related actions, (b) appointing Peter Pham as lead plaintiff, and (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel, and granting such other relief as the Court may deem just and proper.

Dated: January 19, 2010                     Respectfully submitted,

                                            **GLANCY BINKOW & GOLDBERG LLP**

                                            By:    /s/ ***Michael Goldberg***
                                                   Lionel Z. Glancy
                                                   Michael Goldberg
                                            1801 Avenue of the Stars, Suite 311
                                            Los Angeles, California 90067
                                            Telephone:  (310) 201-9150
                                            Facsimile:   (310) 201-9160

                                            ***Attorneys for Movant and***
                                            ***Proposed Lead Counsel***

1

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN**
2   **DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

3

4       I, the undersigned, say:

5       I am a citizen of the United States and am employed in the office of a member of the Bar of
this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801
6   Avenue of the Stars, Suite 311, Los Angeles, California  90067.

7       On January 19, 2010, I caused to be served the following document:

8       **1.        NOTICE OF MOTION AND MOTION OF PETER PHAM FOR
                  CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
9                 PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF
                  POINTS AND AUTHORITIES IN SUPPORT THEREOF**
10

11      **2.        DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION
                  OF PETER PHAM FOR CONSOLIDATION OF RELATED ACTIONS,
12                APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
                  COUNSEL**
13

14      **3.        [PROPOSED] ORDER GRANTING MOTION OF MOTION  OF PETER
                  PHAM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT
15                AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

16      By posting this document to the ECF Website of the United States District Court for the
Northern District of California, for receipt electronically by the following parties:
17

18                      **SEE ATTACHED SERVICE LIST**

19

20

21      I certify under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.  Executed on January 19, 2010, at Los Angeles, California.
22

23                      *s/Michael Goldberg*
                        Michael Goldberg
24

25

26

27

28

---

ECF POS Sasha.wpd                                                                                Page 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Plichta v. SunPower Corporation, et al.*, No. 09-cv-05473-CRB

<u>SERVICE LIST</u>

<u>Electronically To All ECF-Registered Entities</u>

Shawn A. Williams
Dennis J. Herman
Coughlin Stoia Geller
    Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111
Tel: 415-288-4545

Catherine J. Kowalewski
Darren Jay Robbins
David C. Walton
Coughlin Stoia Geller
    Rudman & Robbins LLP
655 W Broadway #1900
San Diego, CA 92101
Tel: 619 231-1058

Kim Elaine Miller
Kahn Swick & Foti, LLC
500 5th Avenue, Suite 1810
New York, NY 10110
Tel: (212) 696-3730

Lewis S. Kahn
Kahn Swick & Foti, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Tel: (504) 455-1400

Reed R. Kathrein
Peter E. Borkon
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel: (206) 623-7292

Marc M. Umeda
George Carlos Aguilar
Arshan Amiri
David L. Martin

Robbins Umeda LLP
600 B Street, Suite 1900
San Diego, CA 92101
Tel: 619-525-3990

Francis A. Bottini, Jr.
Johnson Bottini, LLP
501 W. Broadway, Suite 1720
San Diego, CA 92101
Tel: 619-230-0063

Brett Michael Weaver
Johnson Bottini, LLP
655 West Broadway, Suite 1400
San Diego, CA 92101
Tel: 619-230-0063

Jordan Eth
Judson Earle Lobdell
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Tel: 415-268-7000

Matthew Rawlinson
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600

CERTIFICATE OF SERVICE

1

**By US Mail To All Known Non-ECF-Registered Entities**

2

3
Brian P. Murray
Murray, Frank & Sailer LLP
275 Madison Avenue, 8th Floor
4
New York, NY 10016
Tel: 212-682-1818
5

6
Ira M. Press
Kirby McInerney LLP
7
825 Third Avenue, 16th Floor
New York, NY 10022
8
Tel: 212-371-6600

9
Marc I. Gross
Jeremy A. Lieberman
10
Tamar A. Weinrib
Pomerantz Haudek Grossman & Gross LLP
11
100 Park Avenue, 26th Floor
New York, NY 10017
12
Tel: 212-661-1100

13
Patrick V. Dahlstrom
Pomerantz Haudek Grossman & Gross LLP
14
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603
15
Tel: 312-377-1181

16
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
17
Bensalem, PA 19020
Tel: 215-638-4847
18

19

20

21

22

23

24

25

26

27

28