IZARD NOBEL LLP
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut 06107
Tel.: (860) 493-6292
Fax: (860) 493-6290
mkindall@izardnobel.com

[Proposed] Lead Counsel for Lead
Plaintiff Movant Edward Fein

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

```
-------------------------------------------------------x
HARRY W. PLICHTA, Individually and on      )
Behalf of All Others Similarly Situated,   )
                                           )
                                           )
              Plaintiff,                   )
                                           )
      vs.                                  )
                                           )
                                           )
SUNPOWER CORPORATION, THOMAS H.            )
WERNER, and DENNIS V. ARRIOLA,             )
                                           )
                                           )
                                           )
              Defendants.                  )
-------------------------------------------------------x
-------------------------------------------------------x
STEVEN PARRISH, Individually and on        )
Behalf of All Others Similarly Situated,   )
                                           )
              Plaintiff,                   )
                                           )
      vs.                                  )
                                           )
SUNPOWER CORPORATION, THOMAS H.            )
WERNER, and DENNIS V. ARRIOLA,             )
                                           )
                                           )
              Defendants.                  )
-------------------------------------------------------x
```

No. CV 09-5473-CRB
**CLASS ACTION**

**NOTICE OF MOTION AND MOTION OF EDWARD FEIN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
DATE: March 5, 2010
TIME: 10 A.M.
CTRM: 8, 19th Floor
JUDGE: Hon. Charles R. Breyer

No. 3:09-05520-CRB

-------------------------------------------------------------x

CHENGXIAO CAO, Individually and on Behalf )          No. 3:09-5488-BZ
of All Others Similarly Situated,                     )

                        Plaintiff,          )

        vs.                                 )

SUNPOWER CORPORATION,                                 )
PRICEWATERHOUSECOOPERS LLP,                           )
THOMAS H.WERNER, DENNIS V. ARRIOLA,                   )
EMMANUEL T. HERNANDEZ, and MARY T.                    )
NEESE,                                                )
                    Defendants.     )

-------------------------------------------------------------x

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

     PLEASE TAKE NOTICE that on Friday, March 5, 2010, at 10 A.M., or as soon thereafter as the matter may be heard before the Honorable Charles R. Breyer, United States District Judge for the Northern District of California, San Francisco Division, in Courtroom 8, Class Member and Lead Plaintiff Movant Edward Fein ("Fein") will, and hereby does, move this Court for an order (i) consolidating the above-referenced actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Fein as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (ii) approving Fein's choice of Izard Nobel LLP to serve as Lead Counsel.

     This motion is made on grounds that Fein is the "most adequate plaintiff" pursuant to Section 21D(a)(3)(B) of the 1934 Act. Moreover, Fein meets the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion in that his claims are typical of the other Class Members' claims and he will fairly and adequately represent the Class. In support of this Motion, Fein

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

2

submits herewith a Memorandum of Points and Authorities and the Declaration of Mark P. Kindall.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this District are three related class actions on behalf of those who purchased or otherwise acquired the securities of SunPower Corporation ("SunPower" or the "Company") between April 17, 2008 and November 16, 2009, (the "Class" and the "Class Period") pursuant to the 1934 Act.[1]

Here, the above-referenced related actions should be consolidated because they each involve similar issues of law and fact, and Fein should be appointed as Lead Plaintiff because: (i) his motion is timely as it is filed within sixty (60) days of the first published notice of this class action litigation against defendants; and (ii) Fein is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because he has the largest financial interest of any lead plaintiff movant in the relief sought by the Class, and otherwise meets the requirements of Fed.R. Civ. P. 23(a).  Finally, Fein's selection of Izard Nobel LLP as Lead Counsel should be approved, as Izard Nobel LLP has substantial experience prosecuting securities class action litigation.

### II.    SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

This is a class action for violations of the federal securities laws on behalf of all who purchased or otherwise acquired the securities of SunPower from April 17, 2008 through

---

[1] The three related actions are: *Harry W. Plitchta v. SunPower Corporation, et al.,* cv 09-5473 (CRB); *Parrish v. SunPower Corporation, et al.,* cv 09-5520 (CRB); and *Cao v. SunPower Corporation, et al.,* cv 09-5488 (BZ).   A motion to consolidate *Plitchta, Parrish* and *Cao* (along with two derivative actions against SunPower: *Logan v. Thomas Werner et al.*, cv-09-5731 (HRL) and *Clarke v. Thomas Werner et al.*, cv-09-5925(HRL)) was filed in this action on January 12, 2010 [Dkt. No 9].

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

November 16, 2009, who were damaged thereby.  SunPower engages in the design, manufacture and marketing of solar electric power technologies worldwide.

The Complaint, filed by Plaintiff Harry W. Plichta on November 18, 2009 (the "Complaint"), alleged, *inter alia*, that SunPower and certain of its officers (collectively "Defendants"), violated Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder by issuing materially false and misleading financial statements, press releases and SEC filings.  Specifically, the Complaint alleges that the financial statements issued by SunPower in its press releases, quarterly reports for 2008 and 2009, and annual report for the 2008 fiscal year were false and misleading because (i) SunPower's financial statements improperly included unsubstantiated accounting entries related to cost of goods sold in SunPower's Philippines operations, and (ii) Defendants issued false and misleading certifications, required by the Sarbanes-Oxley Act of 2002, attesting to the accuracy of SunPower's financial statements and the adequacy of its internal controls over financial reporting.  The Complaint further alleges that the issuance of these false or misleading information caused SunPower securities to trade at artificially inflated prices during the Class Period, and caused damages to Plaintiff and the Class.

### III.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* Fed.

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

4

R. Civ. P. 42(a)[2] and the PSLRA provide for consolidation of related actions brought under the federal securities laws.  Section 21(a)(3)(B)(iii) of the 1934 Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related actions are suited for consolidation.  The class action complaints are all brought by those who purchased or otherwise acquired the publicly-traded securities of SunPower.  The actions allege identical class periods and contain similar allegations concerning defendants' material misrepresentations in violation of the 1934 Act.  Courts have recognized that consolidation is particularly appropriate in the context of securities class actions where, as here, the complaints are based on the same facts and/or subject matter and the same discovery will be relevant in all actions.  *See Weisz v. Calpine Corp.,* No. 4:02-CV-1200,  2002 WL 32818827, at *2 (N.D. Cal. 2002).  These actions should therefore be consolidated.

## IV.     FEIN SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.     The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(1).  Under the first step of this

---

[2]  *See* Fed. R. Civ. P. 42(a):  "Consolidation.  If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class and (iv) option of any member of the purported class to move to serve as Lead Plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as Lead Plaintiff the "most adequate plaintiff," which the PSLRA defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(I).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I);  *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mohanity v. Big Band Networks, Inc.*, No. C 07-5101 SBA,  2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

6

**B.      The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been

satisfied.  On November 18, 2009, Coughlin Stoia Geller Rudman & Robbins LLP caused a

notice to be published on *Business Wire* that advised persons who purchased or acquired

SunPower securities during the Class Period of: (i) the pendency of a securities class action

against defendants, (ii) the claims asserted on behalf of the Class and (iii) the right of any Class

Member to move the court to serve as lead plaintiff within the 60-day period (by January 19,

2010) (the "Notice").  Cf. *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group,*

*Inc.,* No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217, at *3 (D. Ariz. Sept. 11, 2007)

(approving similar notice); *Plumbers and Pipefitters Local 51 Pension Fund v. Petco Animal*

*Supplies, Inc.,*  Nos. 05-CV-823 H(RBB), 05-CV-893 H(RBB), 05-CV-901 H(RBB), 05-CV-981

H(RBB), 2005 WL 5957815, at * 2-3 (S.D. Cal. Aug. 17, 2005) (same).[3]

**C.      Fein Has The Largest Financial Interest In
         The Relief Sought By The Class**

Fein acquired 1,090 shares of SunPower Class B common stock during the Class Period,

and sustained estimated losses of approximately $43,155.[4]  Fein knows of no other Class

Member who has sought to be Lead Plaintiff that possesses a larger financial interest in this

---

[3]  A copy of the Notice is attached as Exhibit B to the Kindall Declaration.

[4] *See* Certification of Named Plaintiff Edward Fein (Kindall Declaration, Exh. A).  Fein acquired shares that were issued pursuant to a registration statement filed by SunPower with the SEC on Form S-3 on September 10, 2008 – a registration statement that incorporated earlier SEC filings alleged in the Complaint to be materially false or misleading.  Accordingly, Fein has an additional claim, not included in the existing Complaint, pursuant to Section 11 of the Securities Act of 1933, for losses sustained on stock acquired through a materially false or misleading registration statement.  The value of Fein's 1090 shares was $65,247.40 on the date of acquisition, when SunPower stock was trading at $59.86 per share.

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

7

litigation.  Based on his significant losses, Fein has "the largest financial interest in the relief

sought" by the Class.

### D.      Fein Has Satisfied The Other Requirements Of The PSLRA

Fein has satisfied each of the other requirements of the PSLRA.  First, he has signed a

certification, under oath, which:

| | | |
|---|---|---|
| (i) | | states that he has reviewed the Complaint; |
| (ii) | | states that he did not purchase SunPower securities at the direction of plaintiffs' counsel, nor did he purchase SunPower securities in order to participate in any private action arising under the federal securities laws; |
| (iii) | | states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary; |
| (iv) | | sets forth all of his transactions in the securities of SunPower; |
| (v) | | identifies any other action in which he has sought to serve, or served, as a representative party on behalf of a class in any private federal securities action, filed during the 3-year period preceding the date on which the certification was signed; and |
| (vi) | | states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery. |

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, No. C 06 06304 RMW, 2007

WL 1129344, at *3 (N.D. Cal. April 16, 2007).

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the

largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise

satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by

the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that

(i) the claims of the proposed Lead Plaintiff are typical of the claims of the class and (ii) the

proposed Lead Plaintiff will fairly and adequately protect the interests of the class.  *See In re*

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

8

*Century Aluminum Company Secs. Litig.,* Nos. C 09-1001 SI, C 09-1205 SI, C 09-1103 SI, C 09-1162 SI,  2009 WL 2905962 (N.D. Cal. Sept 8, 2009)*; Takeda v. Turbodyne Techs., Inc*., 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999).[5]

      The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed Lead Plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct.  *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).  The "adequacy" requirement of Rule 23(a)(4) is satisfied when no conflicts exist between the proposed Lead Plaintiff and the proposed class, and where the proposed Lead Plaintiff's counsel is qualified and experienced. *Straton v. Boeing Co*., 327 F.R.D. 938, 957 (9th Cir. 2003).  Here, Fein's claims are typical of those claims belonging to all Class Members.  Fein, like all Class Members, suffered losses due to defendants' materially false statements in violation of the federal securities laws.  Further, Fein's interests are clearly aligned with those of the Class, and there is no evidence of any antagonism between his interests and those of the Class.  Fein has also demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of Lead Plaintiff and class representative.  Accordingly, Fein has shown that his claims are typical of the claims of the Class within the meaning of Rule

[5]  Although there are two other requirements under Fed. R. Civ. P. 23(a), "numerosity" and "commonality," at this stage of the litigation a proposed Lead Plaintiff need only make a preliminary showing that he satisfy the typicality and adequacy requirements of Rule 23. *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP,  2008 WL 3925289, at *1 (N.D. Cal Aug. 22, 2008).

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

**E.     The Court Should Approve Fein's Selection Of Lead Counsel**

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed Lead Plaintiff's choice unless "necessary to protect the interests of the plaintiff class."  *See* Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (Daily Ed. Nov. 28, 1995).

The Court should approve Fein's selection of Izard Nobel LLP as Lead Counsel.  As detailed in its firm resume (Kindall Declaration, Exhibit C), Izard Nobel LLP has extensive experience in the area of securities class action litigation.  Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

**V.     CONCLUSION**

For the foregoing reasons, Fein respectfully requests that this Court consolidate the related actions, appoint him to serve as Lead Plaintiff on behalf of the Class and approve his selection of Izard Nobel LLP as Lead Counsel.

Dated: January 19, 2010                           Respectfully submitted,


                                                  IZARD NOBEL LLP

                                                  By:   /s/ Mark P. Kindall
                                                  Mark P. Kindall (138703)
                                                  29 South Main Street, Suite 215
                                                  West Hartford, Connecticut  06107

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

Tel.:  (860) 493-6292
Fax:  (860) 493-6290
mkindall@izardnobel.com

Of Counsel:
Jeffrey S. Nobel
Nancy A. Kulesa
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval
of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV
09-5473 CRB

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2010 this document was filed electronically and served via U.S. mail on all parties not registered electronically. Notice of this filing will be sent by e-mail to all parties denoted on the attached Electronic Mail Notification List by the Court's electronic filing system.

/s/ Mark P. Kindall
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290
mkindall@izardnobel.com

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB

# Mailing Information for a Case 3:09-cv-05473-CRB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Carlos Aguilar**
  Notice@robbinsumeda.com
- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com
- **Michael M. Goldberg**
  info@glancylaw.com
- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com
- **Joy Ann Kruse**
  jakruse@lchb.com
- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com
- **Judson Earle Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com
- **Darren Jay Robbins**
  e_file_sd@csgrr.com
- **Joseph J. Tabacco , Jr**
  jtabacco@bermandevalerio.com,ysoboleva@bermandevalerio.com
- **Shawn A. Williams**
  shawnw@csgrr.com,jdecena@csgrr.com,travisd@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Catherine J. Kowalewski**
Coughlin Stoia Geller Rudman & Robbins LLP
655 W Broadway #1900
San Diego, CA 92101

**David C. Walton**
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301

Notice of Motion and Motion of Edward Fein for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; Memorandum of Points and Authorities in Support Thereof- Civil Action No. CV 09-5473 CRB