BARROWAY TOPAZ KESSLER
    MELTZER & CHECK, LLP
RAMZI ABADOU   (Bar No. 222567)
ERIK D. PETERSON   (Bar No. 257098)
NICHOLE BROWNING   (Bar No. 251937)
580 California Street, Suite 1750
San Francisco, CA 94104
Tel:    (415) 400-3000
Fax:    (415) 400-3001
rabadou@btkmc.com
epeterson@btkmc.com
nbrowning@btkmc.com

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
IAN D. BERG (Bar No. 263586)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
blairn@blbglaw.com
ianb@blbglaw.com

KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING (Bar No. 206423)
MARIO M. CHOI (Bar No. 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel:    (415) 772-4700
Fax:    (415) 772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*[Proposed] Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARRY W. PLICHTA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, THOMAS H. WERNER, and DENNIS V. ARRIOLA,<br><br>Defendants. | Case No. CV 09-5473-CRB<br><br>**INSTITUTIONAL INVESTOR FUNDS' NOTICE OF MOTION AND MOTION FOR (i) CONSOLIDATION OF RELATED ACTIONS; (ii) APPOINTMENT AS LEAD PLAINTIFF; AND (iii) APPROVAL OF THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        February 26, 2010<br>Time:        10:00 a.m.<br>Courtroom:   8, 19th Floor<br>Judge:       Charles R. Breyer |

| | | |
|---|---|---|
| 1 | CHENGXIAO CAO, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 09-5488-BZ |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | SUNPOWER CORPORATION, PRICEWATERHOUSECOOPERS LLP, THOMAS H. WERNER, DENNIS V. ARRIOLA, EMMANUEL T. HERNANDEZ, and MARTY T. NEESE, | |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |
| | STEVEN PARRISH, Individually and On Behalf of All Others Similarly Situated, | Case No. CV 09-5520-CRB |
| 9 | | |
| 10 | Plaintiff, | |
| 11 | v. | |
| 12 | SUNPOWER CORPORATION, THOMAS H. WERNER, and DENNIS V. ARRIOLA, | |
| 13 | Defendants. | |

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 09-5473-CRB
1748605.1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Arkansas Teacher Retirement System, Första-AP Fonden and Danske Invest Management A/S (collectively, the "Institutional Investor Funds") will hereby move, on February 26, 2010, at 10:00 a.m., in Courtroom 8 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, for an order: (1) consolidating all related actions; (2) appointing the Institutional Investor Funds as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*.; and (3) approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as lead counsel for the class.

This Motion is made on the grounds that the Institutional Investor Funds timely filed this Motion and are the "most adequate plaintiff" pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B).

The Institutional Investor Funds have also selected and retained counsel who have served as class counsel in numerous complex securities class actions before this Court and have successfully prosecuted securities class actions together in the past. The Institutional Investor Funds thus seek this Court's approval of their selection of Bernstein Litowitz, Barroway Topaz and Kaplan Fox as lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Arkansas Teacher Retirement System, Första-AP Fonden and Danske Invest Management A/S respectfully submit this memorandum of law in support of their motion for: (1) consolidation of the related actions; (2) appointment as lead plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; and (3) approval of their selection of Bernstein Litowitz, Barroway Topaz and Kaplan Fox as lead counsel for the class.

## I.   PRELIMINARY STATEMENT

Currently pending in this District are three related class actions (the "Actions"), brought on behalf of all persons who purchased SunPower Corporation ("SunPower" or the "Company") securities between April 17, 2008 and November 16, 2009 (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against SunPower and certain of its executive officers. The first Action was filed on November 18, 2009 by Harry W. Plichta.[1]

The Actions should be consolidated because they involve common issues of law and fact. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); §III.A., *infra*. After the Court's ruling on consolidation, the Institutional Investor Funds should be selected as lead plaintiff because, to the best of their knowledge, they have the largest financial interest in the relief sought by the class. *See* Abadou Decl., Exhibits B-C; *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Hodges v. Akeena Solar, Inc.,* 2009 U.S. Dist. LEXIS 103663, at *5-*6 (N.D. Cal. 2009). In addition, the Institutional Investor Funds satisfy the requirements of Fed. R. Civ. P. 23 ("Rule 23") because their claims are typical and they will fairly and adequately represent the class' interests. *See Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. 2007) (citing *Cavanaugh*, 306 F.3d at 730). Finally, in accordance with the PSLRA, the Institutional

---

[1] A copy of Mr. Plichta's notice is attached as Exhibit A to the Declaration of Ramzi Abadou in Support of the Institutional Investor Funds' Motion for (i) Consolidation of Related Actions; (ii) Appointment as Lead Plaintiff; and (iii) Approval of Their Selection of Lead Counsel (the "Abadou Decl.").

Investor Funds' selection of lead counsel should be approved. *See* §III.C, *infra*; 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. STATEMENT OF FACTS

SunPower designs, manufactures and markets high-power solar electric power technologies, including solar panels and their component parts. As set forth in the Company's public filings with the Securities and Exchange Commission ("SEC"), SunPower's solar products offer higher efficiency than conventional solar technology. Prior to its initial public offering in late 2005, SunPower developed its first manufacturing facility in the Philippines, capable of mass-producing its "high-efficiency" cell design at significantly lower costs than previous facilities. Over the next few years, SunPower experienced surging growth, with revenues increasing from $80 million in 2005 to $1.4 billion in 2008, due in part to the Company's acquisition of one of its largest customers, PowerLight Corp. Despite the substantial increases in revenue, profits over the same period failed to keep pace, causing investor concern over production costs. High production costs could result in higher prices for customers, lower profit margins for the Company, or both.

Throughout the Class Period, defendants issued false and misleading statements that led investors to believe that the Company had successfully weathered a downturn in the solar power market and that it was poised for tremendous growth. Specifically, SunPower reported inflated earnings and gross margins throughout the Class Period that were buoyed by what the Company now admits were "unsubstantiated accounting entries." Significantly, these fictitious accounting entries masked problems associated with one of SunPower investors' key concerns – the comparatively high production costs involved in manufacturing the Company's industry-leading high-efficiency solar cells. Moreover, SunPower executives repeatedly assured investors that the Company had adequate internal controls and had implemented enhanced measures intended to "simplify and strengthen our system of internal control." The Company made these claims even as the SEC was questioning the Company over the very internal control issues that apparently enabled these accounting "errors" to occur.

After the close of the market on November 16, 2009, SunPower stunned investors by

disclosing that an "internal review" uncovered "unsubstantiated accounting entries" that understated the Company's cost of goods sold ("COGS") – or the costs directly attributable to the production of solar cells – by an aggregate of $15 million over the three prior quarters, an amount that would nearly eliminate the Company's entire publicly reported net income for the first half of 2009. The Company warned in its press release that "there can be no assurance that broader issues do not exist," and informed investors that they could no longer rely on its reported financial results from 2009 and its 2008 Form 10-K. Investors reacted immediately when the Company announced its potential need to restate, driving the price of SunPower stock down 18.5%, with the Company's Class A shares falling from $27.50 per share to $22.19 per share, and erasing almost half a billion dollars in shareholder value in a single day. On December 15, 2009, SunPower disclosed that it had made "significant progress" in its investigation into the accounting irregularities and that the "investigation to date is consistent with the preliminary findings announced on November 16, 2009."

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also In re Century Aluminum Co. Sec. Litig.*, 2009 U.S. Dist. LEXIS 81205, at *6-*8 (N.D. Cal. 2009) ("A court must rule on a motion to consolidate before it can rule on a motion to appoint a lead plaintiff."). There are at least three related securities class actions pending in this District on behalf of investors who purchased SunPower securities during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Plichta v. SunPower Corp., et al.* | 09-5473-CRB | 11/18/09 |
| *Cao v. SunPower Corp., et al.* | 09-5488-BZ | 11/18/09 |
| *Parrish v. SunPower Corp., et al.* | 09-5520-CRB | 11/20/09 |

Under Rule 42(a), consolidation is appropriate where the actions involve common

questions of law or fact. *City of Ann Arbor Employees' Ret. Sys. v. Accuray Inc.*, 2009 U.S. Dist. LEXIS 105466, at *4-*5 (N.D. Cal. 2009). Here, the Actions present virtually identical factual and legal issues, arising out of the same alleged course of misconduct – the purchase of SunPower securities at artificially inflated prices during the Class Period. Accordingly, consolidation is appropriate. *See Century Aluminum*, 2009 U.S. Dist. LEXIS 81205, at *6-*8.

### B. The Institutional Investor Funds Are the Most Adequate Plaintiff

The PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730; *In re Versata, Inc. Sec. Litig.*, 2001 U.S. Dist. LEXIS 24270, at *26 (N.D. Cal. 2001).

#### 1. The Institutional Investor Funds' Motion is Timely

The PSLRA permits any member or members of the class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Here, in connection with the filing of the first-filed action, notice was published on November 18, 2009, by Harry W. Plichta, which provided a deadline to seek lead plaintiff status by January 19, 2010. *See* Abadou Decl., Exhibit A. The Institutional Investor Funds' motion is therefore timely.

#### 2. The Institutional Investor Funds Have the Largest Financial Interest in the Relief Sought by the Class

With losses exceeding $4.8 million, the Institutional Investor Funds have the largest financial interest in the relief sought by the class. Abadou Decl. at Exhibits B-C; 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730. To the best of the Institutional Investor Funds' knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest arising from the purchase of SunPower securities.

#### 3. The Institutional Investor Funds Satisfy the Requirements of Rule 23

On a motion to serve as lead plaintiff, a movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Richardson*, 2007 U.S.

Dist. LEXIS 28406, at *15 (citing *Cavanaugh*, 306 F.3d at 730). Here, the Institutional Investor Funds satisfy both requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)); s*ee also Richardson*, 2007 U.S. Dist. LEXIS 28406, at *17 (typicality satisfied where the proposed lead plaintiff shared substantially similar questions of law and fact with other members of the class and the claims arose from the same course of conduct by defendants). Here, the Institutional Investor Funds' claims arise from the same course of conduct as the claims of the other members of the class: (i) the purchase of SunPower securities during the Class Period; (ii) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (iii) being damaged thereby. *See id*. Accordingly, the Institutional Investor Funds are typical.

The Institutional Investor Funds are also adequate. Under Fed. R. Civ. P. 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is met if "there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *16 (citing Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). The Institutional Investor Funds satisfy these requirements. The Institutional Investor Funds' interests are aligned with those of the other members of the class and are not antagonistic in any way. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the Institutional Investor Funds and other class members. The Institutional Investor Funds' Certifications and Joint Declaration in Support of Their Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel ("Joint Declaration"), affirms their understanding of the duties they owe to the class and their commitment to oversee the prosecution of this class action. *See* Abadou Decl. at Exhibit D. This evidence demonstrates

that the Institutional Investor Funds accept the fiduciary obligations they will assume if appointed as lead plaintiff in this action. *Id*.

In addition, the Institutional Investor Funds are the very sort of lead plaintiff envisioned by Congress in enacting the PSLRA – a small group of three sophisticated institutional investors with real financial interests at stake in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"). Finally, the Institutional Investor Funds have further demonstrated their adequacy by their selection of highly qualified counsel to represent the class.

### C. The Court Should Approve the Institutional Investor Funds' Selection of Lead Counsel

Subject to Court approval, lead plaintiff movants are empowered to select and retain counsel to represent the class they seek to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734. Here, the Institutional Investor Funds have selected and retained Bernstein Litowitz, Barroway Topaz and Kaplan Fox as proposed lead counsel. *See In re Cohen*, 586 F. 3d 703, 709 (9th Cir. 2009).

These firms are among the preeminent securities class action law firms in the country, with the skill and knowledge necessary to prosecute this action effectively and expeditiously. *See* Abadou Decl. at Exhibits E-G. Each of these firms have successfully prosecuted numerous securities fraud class actions and obtained excellent results on behalf of defrauded investors around the country, and before this Court. *Id.* Barroway Topaz and Kaplan Fox served as plaintiffs' counsel in *In re Brocade Securities Litigation*, No. 3:05-cv-02042-CRB (N.D. Cal.) where they helped recover $160 million for damaged investors. Kaplan Fox served as co-lead counsel in *In re Informix Securities Litigation*, No. 3:97-cv-01289-CRB (N.D. Cal.) and recovered $136.5 million for harmed investors. Bernstein Litowitz served as lead counsel in *In re Clarent Corporation Securities Litigation*, No. 3:01-cv-03361-CRB (N.D. Cal.) and obtained a favorable jury verdict finding the Chief Executive Officer of Clarent Corporation and the

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF -7-
Case No. 09-5473-CRB
1748605.1

company's former auditor liable for violations of federal securities laws, leading to a recovery of millions of dollars for damaged investors. Together, Bernstein Litowitz, Barroway Topaz and Kaplan Fox are currently serving as co-lead counsel in *In re Bank of America Securities Litigation*, No. 1:09-md-02058-DC (S.D.N.Y.) on behalf of a group of foreign and domestic institutional investors who, like the Institutional Investor Funds, came together in pursuit of shared goals to effectively prosecute the action on behalf of all harmed investors.

Accordingly, the Court should approve the Institutional Investor Funds' selection of lead counsel for the class.

## IV. CONCLUSION

For the foregoing reasons, the Institutional Investor Funds respectfully request that the Court: (1) consolidate all related actions; (2) appoint the Institutional Investor Funds as lead plaintiff; and (3) approve their selection of lead counsel.

Dated: January 19, 2010

Respectfully submitted,

BARROWAY TOPAZ KESSLER
   MELTZER & CHECK LLP

    */s/ Ramzi Abadou*
    RAMZI ABADOU

RAMZI ABADOU
ERIK D. PETERSON
NICHOLE BROWNING
580 California Street, Suite 1750
San Francisco, CA 94104
Tel:   (415) 400-3000
Fax:  (415) 400-3001

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP

    */s/ Blair A. Nicholas*
BLAIR A. NICHOLAS (Bar No. 178428)
IAN D. BERG (Bar No. 263586)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:  (858) 793-0323
blairn@blbglaw.com
ianb@blbglaw.com

KAPLAN FOX & KILSHEIMER LLP

*/s/ Laurence D. King*
LAURENCE D. KING (Bar No. 206423)
MARIO M. CHOI (Bar No. 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel:   (415) 772-4700
Fax:   (415) 772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Attorneys for Första-AP Fonden, Danske Invest Management A/S and the Arkansas Teacher Retirement System*

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Ramzi Abadou, attest that concurrence in the filing of this document has been obtained from the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 19th day of January, 2010, at San Francisco, California.

*/s/ Ramzi Abadou*
RAMZI ABADOU

# CERTIFICATE OF SERVICE

I certify that on the 19th day of January 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrants:

**Electronic Mail Notice List**

- **George Carlos Aguilar**
  Notice@robbinsumeda.com

- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Shawn A. Williams**
  shawnw@csgrr.com,jdecena@csgrr.com,travisd@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com

I further certify that on the 19th day of January, 2010, I served the same document by U.S. Postal service on the following, who are not registered participants of the ECF system in this case:

| | |
|---|---|
| **Catherine J. Kowalewski**<br>**David C. Walton**<br>Coughlin Stoia Geller<br>Rudman & Robbins LLP<br>655 W Broadway #1900<br>San Diego, CA 92101 | **Steve W. Berman**<br>Hagens Berman Sobol Shapiro LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |
| **Peter E. Borkon**<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 | **Lewis S. Kahn**<br>Kahn Swick & Foti, LLC<br>650 Poydras Street<br>Suite 2150<br>New Orleans, LA 70130 |
| **Reed R. Kathrein**<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 | **Kim Elaine Miller**<br>Kahn Swick & Foti, LLC<br>500 5th Avenue<br>Suite 1810<br>New York, NY 10110 |

1 | **Matthew Rawlinson**
Latham & Watkins LLP
2 | 140 Scott Drive
Menlo Park, CA 94025

**Michael M. Goldberg**
**Lionel Z. Glancy**
Glancy & Binkow LLP
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

 /s/ Ramzi Abadou
   RAMZI ABADOU

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF                                                                    -12-
Case No. 09-5473-CRB
1748605.1