COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@csgrr.com
        – and –
DARREN J. ROBBINS (168593)
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@csgrr.com
triciam@csgrr.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY W. PLICHTA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>SUNPOWER CORPORATION, et al.,<br><br>                    Defendants. | No. 3:09-cv-05473-CRB<br><br>CLASS ACTION<br><br>PLUMBERS & PIPEFITTERS LOCALS 502 & 633 PENSION TRUST FUND'S NOTICE OF MOTION AND MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: March 5, 2010<br>TIME: 10:00 a.m.<br>COURTROOM: 8 |

479005_1

## NOTICE OF MOTION AND MOTION

TO:  ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Friday, March 5, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the Honorable Charles R. Breyer, Plumbers & Pipefitters Locals 502 & 633 Pension Trust Fund (the "Pension Fund" or "Movant") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Pension Fund as lead plaintiff; and (3) approving the Pension Fund's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel for the class.  This Motion is made on the grounds that the Pension Fund is the "most adequate plaintiff" to serve as lead plaintiff.  In support of this Motion, the Pension Fund submits herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF ISSUES TO BE DECIDED

Presently pending in this Court are three securities class action lawsuits (the "Related Actions") brought on behalf of all persons who purchased or otherwise acquired the publicly-traded securities of SunPower Corporation ("SunPower" or the "Company") between April 17, 2008 to November 16, 2009 (the "Class Period").  The following:

| Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *Plichta v. SunPower Corp., et al.* | 3:09-cv-05473-CRB | November 18, 2009 |
| *Cao v. SunPower Corp., et al.* | 3:09-cv-05488-BZ | November 18, 2009 |
| *Parrish v. SunPower Corp., et al.* | 3:09-cv-05520-CRB | November 20, 2009 |

These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the

479005_1

PLUMBERS & PIPEFITTERS ' NOT OF MOT AND MOT FOR CONSOL, APPT OF LEAD PLTFF AND APP OF SEL OF COUNSEL; MEM OF P'S AND A'S IN SUP THEREOF - 3:09-cv-05473-CRB   - 1 -

1  putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should
2  be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.
3  Additionally, the Court is to appoint as lead plaintiff the member of the purported class with
4  the largest financial interest in the relief sought by the class that otherwise satisfies the requirements
5  of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B). Here, the Pension
6  Fund should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as
7  lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person or
8  group of persons of which it is aware; and (3) will adequately represent the interests of the class. *See*
9  15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* McCormick Decl., Ex. A.
10 In addition, the Pension Fund's selection of Coughlin Stoia to serve as Lead Counsel should
11 be approved because Coughlin Stoia possesses extensive experience in the prosecution of securities
12 class actions and will adequately represent the interests of all class members.
13 **II.    SUMMARY OF THE ACTION[1]**
14 SunPower engages in the design, manufacture and marketing of solar electric power
15 technologies worldwide. The complaint alleges that throughout the Class Period, defendants issued
16 materially false and misleading financial statements, press releases and SEC filings. Specifically,
17 the financial statements and information issued by the Company in its press releases, quarterly
18 reports for 2008 and 2009 and annual report for the fiscal year 2008 were false and misleading
19 because defendants included unsubstantiated accounting entries related to cost of goods sold in
20 SunPower's Philippines operations and false and misleading certifications, required by the Sarbanes-
21 Oxley Act of 2002, attesting to the accuracy of SunPower's financial statements and the adequacy of
22 its internal controls over financial reporting. As a result of defendants' false and misleading
23 statements, SunPower securities traded at artificially inflated prices during the Class Period.

---

[1] This factual summary is taken from the allegations in the Complaint for Violation of the Federal Securities Laws filed in *Plichta v. SunPower Corp., et al.,* 3:09-cv-05473-CRB, on November 18, 2009.

On November 16, 2009, after the market closed, SunPower filed a report on Form 8-K with the SEC stating that because of accounting improprieties, the Company's previously issued interim financial statements for each of the 2009 quarterly periods, the previously reported financial results for the fiscal year ending December 28, 2008, the financial information in its 2009 quarterly reports on Form 10-Q and its 2008 annual report on Form 10-K, and the guidance provided by the Company for the 2009 fiscal year, should no longer be relied upon. On this news, Sun's stock fell 19% to close at $22.19 per share on November 17, 2009.

## III.   ARGUMENT

### A.   This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. 00-602, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id.*

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants. Because these Related Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

**B.    The PSLRA Requires that the Question of Consolidation Be Decided Prior to the Determination of the Appointment of Lead Plaintiff**

The PSLRA provides, among other things, for consolidation of substantially similar actions. The PSLRA states, in pertinent part:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).

Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues where more than one action on behalf of a class asserting substantially the same claims has been filed. The court "shall" first decide the consolidation issue. The court shall then decide the lead plaintiff issue "[a]s soon as practicable." *Id*.

The Pension Fund respectfully requests that the Court consider consolidation as soon as practicable and consolidate these Related Actions under the lowest case number. A prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Related Actions now pending in this District. *See, e.g.*, *Steiner*, 2000 U.S. Dist. LEXIS 20341, at *7.

**C.    The Pension Fund Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice shall advise members of the class of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on November 18, 2009, on *Business Wire* in connection with the filing of the first-filed action. *See* McCormick Decl., Ex. C.

479005_1

PLUMBERS & PIPEFITTERS ' NOT OF MOT AND MOT FOR CONSOL, APPT OF LEAD PLTFF AND APP OF SEL OF COUNSEL; MEM OF P'S AND A'S IN SUP THEREOF - 3:09-cv-05473-CRB   - 4 -

Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Pension Fund's Motion Is Timely

The Pension Fund has timely filed this Motion within 60 days of the November 18, 2009 notice publication, and has also duly signed and filed its certification evidencing, among other things, its willingness to serve as a representative party on behalf of the class. *See* McCormick Decl., Ex. A. Accordingly, the Pension Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### 2. The Pension Fund Possesses the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 732. As demonstrated herein, the Pension Fund has losses of approximately $233,000.00. *See* McCormick Decl., Exs. A and B. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).

### 3. The Pension Fund Meets Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical

of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *Cavanaugh*, 306 F.3d at 730. As detailed below, the Pension Fund satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted); *see also In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 349 (S.D. Cal. 1998) (typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs' claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citing Fed. R. Civ. P. 23(a)(4) and *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, the Pension Fund meets the typicality and adequacy requirements because, like all other members of the purported class, it purchased SunPower securities during the Class Period in reliance upon defendants' false and misleading statements and suffered damages thereby. Because the Pension Fund's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the class's claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Jan. 5, 2004). Additionally, the Pension Fund is not subject to any unique defenses and there is no evidence of any conflicts between the Pension Fund and the other class members.

The Pension Fund therefore satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

479005_1

PLUMBERS & PIPEFITTERS ' NOT OF MOT AND MOT FOR CONSOL, APPT OF LEAD PLTFF AND APP OF SEL OF COUNSEL; MEM OF P'S AND A'S IN SUP THEREOF - 3:09-cv-05473-CRB   - 6 -

### D. This Court Should Approve The Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Pension Fund has selected Coughlin Stoia as lead counsel for the class. Coughlin Stoia has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). *See* McCormick Decl., Ex. D. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel. Because the Pension Fund has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of Coughlin Stoia as lead counsel should be approved.

### IV. CONCLUSION

For the foregoing reasons, the Pension Fund respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint the Pension Fund as Lead Plaintiff; and (3) approve the Pension Fund's selection of Lead Counsel for the class.

DATED: January 19, 2010

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TRICIA L. McCORMICK

    s/ TRICIA L. McCORMICK
    TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

479005_1

PLUMBERS & PIPEFITTERS ' NOT OF MOT AND MOT FOR CONSOL, APPT OF LEAD PLTFF
AND APP OF SEL OF COUNSEL; MEM OF P'S AND A'S IN SUP THEREOF - 3:09-cv-05473-CRB     - 7 -

| | |
|---|---|
| 1 | |
| 2 | COUGHLIN STOIA GELLER |
|   |   RUDMAN & ROBBINS LLP |
| 3 | DENNIS J. HERMAN |
|   | 100 Pine Street, Suite 2600 |
| 4 | San Francisco, CA  94111 |
|   | Telephone:  415/288-4545 |
| 5 | 415/288-4534 (fax) |

[Proposed] Lead Counsel for Plaintiffs

479005_1

PLUMBERS & PIPEFITTERS ' NOT OF MOT AND MOT FOR CONSOL, APPT OF LEAD PLTFF
AND APP OF SEL OF COUNSEL; MEM OF P'S AND A'S IN SUP THEREOF - 3:09-cv-05473-CRB   - 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2010.

    s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  triciam@csgrr.com

479005_1

# Mailing Information for a Case 3:09-cv-05473-CRB

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Carlos Aguilar**
  Notice@robbinsumeda.com

- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Shawn A. Williams**
  shawnw@csgrr.com,jdecena@csgrr.com,travisd@csgrr.com,khuang@csgrr.com,e_file_sf@csgrr.com,cwood@csgrr.com,e_file_sd@csgrr.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine J. Kowalewski
Coughlin Stoia Geller Rudman & Robbins LLP
655 W Broadway #1900
San Diego, CA 92101

David C. Walton
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101-3301
```