Kim E. Miller (SBN 178370)
kim.miller@ksfcounsel.com
KAHN SWICK & FOTI, LLC
500 5th Ave., Suite 1810
New York, NY 10110
Telephone:  (212) 696-3730
Fax:  (504) 455-1498

**Proposed Co-Lead Counsel for Lead
Plaintiffs and the Class**

Lewis S. Kahn
lewis.kahn@ksfcounsel.com
KAHN SWICK & FOTI, LLC
650 Poydras Street, Suite 2150
New Orleans, LA  70130
Telephone:  (504) 455-1400
Fax:  (504) 455-1498

**Proposed Co-Lead Counsel for Lead
Plaintiffs and the Class**

Joseph F. Rice
jrice@motleyrice.com
James M. Hughes
jhughes@motleyrice.com
William S. Norton
bnorton@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone:  (843) 216-9000
Fax:  (843) 216-9440

**Proposed Co-Lead Counsel for Lead Plaintiffs
and the Class**

Reed R. Kathrein (139304)
reed@hbsslaw.com
Peter E. Borkon (212596)
peterb@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO, LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Fax: (510) 725-3001

**Proposed Liaison Counsel for Lead Plaintiffs
and the Class**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Harry W. Plichta, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>SUNPOWER CORPORATION, PRICEWATERHOUSECOOPERS LLP, THOMAS H. WERNER, DENNIS V. ARRIOLA, EMMANUEL T. HERNANDEZ, AND MARTY T. NEESE,<br><br>                              Defendants. | **Docket No.: 3:09-CV-05473-CRB**<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION OF SUNPOWER INVESTOR GROUP FOR CONSOLIDATION OF ALL RELATED CASES, APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD PLAINTIFFS' CHOICE OF LEAD AND LIAISON COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:  March 5, 2010<br>TIME:  10 A.M.<br>DEPT:  Courtroom 8, 19th Floor |

CHENGXIAO CAO, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

vs.

SUNPOWER CORPORATION, THOMAS H. WERNER, DENNIS V. ARRIOLA,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Docket No.: 3:09-CV-05488-BZ**

STEVEN PARRISH, Individually and On Behalf of All Others Similarly Situated,

     Plaintiff,

vs.

SUNPOWER CORPORATION, THOMAS H. WERNER, DENNIS V. ARRIOLA,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**Docket No.: 3:09-CV-05520-CRB**

**NOTICE OF MOTION AND MOTION**

**TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on March 5, 2010, at 10 A.M., or as soon thereafter as the matter may be heard, before the Honorable Judge Charles R. Breyer, United States District Court, Northern District of California, San Francisco Division, Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, California 94102, Universal-Investment-Gesellschaft mbH and Raymond and Barbara Stoudt (collectively, "SunPower Investor Group" or "Movants") will and hereby move for an order for consolidation of these actions; to be appointed Lead Plaintiffs in the consolidated action pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3) (2007); and for approval of Movants' selection of the law firms of Motley Rice LLC ("Motley Rice") and Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Declaration of Kim E. Miller in Support of this Motion, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.  SunPower Investor Group makes this Motion on the belief that they are the most "adequate plaintiff" as defined in the PSLRA because:

1.   Movants have the largest financial interest in the relief sought by the Class and have incurred substantial losses in the amount of $1,550,471.01 as a result of their purchase and/or acquisition of shares of SunPower securities between April 17, 2008, and November 16, 2009, inclusive, and

2.   Movants satisfy the typicality and adequacy requirements of Rule 23.

SunPower Investor Group further requests that the Court approve their selection of Motley Rice and KSF as Lead Counsel for the Class.  Motley Rice and KSF are nationally recognized law firms with significant class action, fraud, and complex litigation experience, and have the resources to effectively and properly pursue this action.

For the foregoing reasons and those stated more fully herein below, SunPower Investor

1   Group respectfully requests this Court for an Order:  (1) appointing SunPower Investor Group to

2   serve as Lead Plaintiff in this action; (2) approving SunPower Investor Group's selection of Lead

3   Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and

4   proper.

5

6                              **STATEMENT OF ISSUES TO BE DECIDED**

7          Whether these cases should be consolidated pursuant to Rule 42(a) of the Federal Rules of

8   Civil Procedure as actions involving a common question of law or fact pending before the Court;

9          Whether SunPower Investor Group should be appointed Lead Plaintiffs pursuant to Section

10  21D(a)(3)(B) of the Exchange Act of, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of

11  the PSLRA; and

12         Whether the Court should approve Movants' selection of the law firms of Motley Rice and

13  KSF as Lead Counsel to represent the Class in this action, also pursuant to Section 21D(a)(3)(B) of

14  the Exchange Act of, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT……………………………………………………………..1

PROCEDURAL BACKGROUND…………………………………………………….......2

STATEMENT OF FACTS……………………………………………………………………3

ARGUMENT…………………………………………………………………………….4

I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………………4

II.     THE SUNPOWER INVESTOR GROUP SHOULD BE APPOINTED LEAD
        PLAINTIFF…..……………………………………………………………………..5

        A.      The Procedural Requirements Pursuant to the PSLRA………………………………5

        B.      The SunPower Investor Group is "The Most Adequate
                Plaintiff"…..……………………………………………………………6

                1.      The SunPower Investor Group Has Complied With
                        the PSLRA and Should Be Appointed Lead Plaintiff………………………6

                2.      The SunPower Investor Group Has the Largest Financial
                        Interest...………………………………………………………...…7

                3.      The SunPower Investor Group Satisfies the Requirements of Rule
                        23……………………………………………………………………...7

                        i.      The SunPower Investor Group's Claims are Typical of the
                                Claims of all the Class Members…………………………………8

                        ii.     The SunPower Investor Group Will Adequately Represent the
                                Class………………………………………………………....9

III.    THE COURT SHOULD APPROVE THE SUNPOWER INVESTOR GROUP'S
        CHOICE OF LEAD COUNSEL ……………………………………..……………………..10

CONCLUSION……………………………………………………………………............11

**PRELIMINARY STATEMENT**

SunPower Investor Group hereby moves:  to consolidate all related securities fraud class actions and all future related securities fraud class actions filed against SunPower[1] and other Defendants; to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA; and for approval of their selection of the law firm of Motley Rice and KSF as Lead Counsel for the Class in this case.

The SunPower Investor Group fully understands its duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action.  As described in the Certification attached to the Declaration of Kim E. Miller in Support of the Motion of SunPower Investor Group For Consolidation Of All Related Cases, To Be Appointed Lead Plaintiffs and To Approve Proposed Lead Plaintiffs' Choice of Counsel ("Miller Decl.") at Exhibit A, SunPower Investor Group has suffered losses of $1,550,471.01 as a result of its purchases of shares of SunPower securities between the dates of April 17, 2008, and November 16, 2009, inclusive (the "Class Period").  To the best of its knowledge, SunPower Investor Group has sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the SunPower Investor Group's Certification demonstrates its intent to serve as Lead Plaintiff in this litigation, including its cognizance of the duties of serving in that role.[2]  Moreover, the SunPower Investor Group satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the SunPower Investor Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as

---

[1] The related securities class actions include:  *Plichta v. Sunpower Corporation, et al.*, 09-cv-005473 (filed November 18, 2009); *Cao v. Sunpower Corporation, et al.*, 09-cv-05488 (filed November 18, 2009); and *Parrish v. Sunpower Corporation, et al.*, 09-cv-05520 (filed November 20, 2009).

[2] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Copies of SunPower Investor Group member's Certifications of their transactions in SunPower securities are attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

amended by the PSLRA, for an order: (1) consolidating all related and future related actions concerning the subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appointing the SunPower Investor Group as Lead Plaintiff in this action pursuant to the Exchange Act and the Securities Act; and (3) approving the SunPower Investor Group's selection of the law firms of Motley Rice and KSF as Lead Counsel for the Class.

**PROCEDURAL BACKGROUND**

The first lawsuit against Defendants, *Plichta v. SunPower Corporation, et al.*, 09-cv-05473, was filed on behalf of plaintiff Harry W. Plichta, in the Northern District of California on November 18, 2009, alleging violations of the Exchange Act.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on November 18, 2009, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than January 19, 2010.  *See* Miller Decl. Ex. B.

The SunPower Investor Group comprises Class Members (*see* Miller Decl. Ex. A) who have timely filed this motion within the 60-day period following publication of the November 18, 2009 notice.

**STATEMENT OF FACTS[3]**

According to the Company's website, SunPower is a San Jose, California based company that designs, manufacturers, and delivers high-performance solar electrical systems.  Among its products are solar cells, solar panels, and inverters, which convert sunlight to electricity more efficiently than conventional technologies.  SunPower's products are sold worldwide to residential, commercial, and utility-scale power-plant customers.

Throughout the Class Period, Defendants issued a series of materially false and misleading statements regarding SunPower and its financial condition, cost controls, expenses, compliance with GAAP and SEC rules, and growth in revenues and earnings.  Through these misstatements, Defendants led investors to believe that SunPower was preparing reliable financial statements, that

---

[3] These facts were derived from the allegations contained in the class action styled *Cao v. SunPower Corporation, et al.*, 09-cv-05488 (filed November 18, 2009).

its cost of goods sold and operating expenses were contained thanks to an effective system of controls, and that it had been able to meet and even exceed guidance sponsored by the Defendants. Defendants' misstatements had the intended effect of artificially inflating the price of SunPower stock. As a result, Defendants were able to register for sale and sell hundreds of millions of dollars in SunPower stock on behalf of the company and its early stage investors. Defendants' actions also enabled insiders, some of whom are named Defendants in the instant case, to sell tens of millions of dollars of their own privately-held SunPower shares while in possession of material adverse non-public information about the company.

It was only at the end of the Class Period, on November 16, 2009, that investors finally learned that SunPower was operating far below expectations, had significantly underreported the true cost of goods sold, and would be forced to restate its financial results for the first three quarters of 2009 and all of 2008. These belated disclosures had an immediate adverse impact on the price of SunPower shares, which fell $5.04 in a single trading day – a decline of nearly 20% – to close at $22.19 per share, on a high trading volume of over 18.3 million shares. This decline caused substantial damage to all holders of SunPower stock, including Movants.

<u>ARGUMENT</u>

**I.      THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.[4] *See, e.g.*, *Siegall v. Tibco Software, Inc.*, No. 05 Civ. 2146, 2006 WL 1050173, at *2 (N.D. Cal. Feb. 24, 2006); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).[5] Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to

---

[4] If additional securities cases are filed alleging the same course of conduct and similar or identical claims against the same or similar defendants, consolidation would be proper. *See* Rule 42(a).

[5] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all concerned persons. *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id*; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D.N.Y. 1998). Accordingly, this Court should enter an Order that consolidates all related actions and any future filed cases.

## II.   THE SUNPOWER INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on November 18, 2009. *See* Miller Decl. Ex. B.[6] This notice announced that applications for appointment as Lead Plaintiff were to be made no later than January 19, 2010. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Apple v. LJ Int'l, Inc.*, No. 07-cv-6076, 2008 U.S. Dist. LEXIS 12618, at *7 (C.D. Cal. Feb. 8, 2008).

filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members.  15 U.S.C. § 78u-4(a)(3)(B)(i).   In determining who is the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)   has either filed the complaint or made a motion in response to a notice…
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).   Accordingly, this Court should enter an order appointing the SunPower Investor Group as Lead Plaintiff.

**B.      The SunPower Investor Group Is "The Most Adequate Plaintiff"**

**1.      The SunPower Investor Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff**

The SunPower Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement.  The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on November 18, 2009.  Accordingly, the SunPower Investor Group meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing its motion on January 19, 2010.

Moreover, the SunPower Investor Group has sustained substantial losses from its investment in SunPower stock and has shown its willingness to represent the Class by signing Certifications

detailing their SunPower transaction information.  *See* Miller Decl. Ex. A.  As demonstrated by its Certifications, the SunPower Investor Group is prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation, with the benefit of counsel's advice.  In addition, the SunPower Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class.  The firm biographies of proposed Lead Counsel for the Class, Motley Rice and KSF, are attached as Exhibits C and D to the Miller Declaration.

### 2.    The SunPower Investor Group Has the Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  "So long as the plaintiff with the largest losses satisfies the adequacy requirements, he is entitled to lead plaintiff status . . . ."  *Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  As demonstrated herein, the SunPower Investor Group (with losses of $1,550,471.01) has the largest known financial interest in the relief sought by the Class.  *See* Miller Decl. Ex. A.

### 3.    The SunPower Investor Group Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative.  *Siegall v. Tibco Software*, No. C 05-2146, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the

appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors.")  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV 06-31 CJC, 2006 Dist. LEXIS 40607, at *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors.").  As detailed below, the SunPower Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.  The SunPower Investor Group has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i.     The SunPower Investor Group's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory.  *See Crossen v. CV Therapeutics,* No. C 03-03709 SI, 2005 U.S. Dist. LEXIS 41396, at *13 (N.D. Cal. Aug. 9, 2005).  The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1988).

In this case, the typicality requirement is met because the SunPower Investor Group's claims are identical, non-competing and non-conflicting with the claims of the other Class Members.  The SunPower Investor Group and all of the Class Members purchased SunPower securities during the Class Period when the stock prices were artificially inflated as a result of the Defendants' fraudulent misrepresentations and omissions, and thus, the SunPower Investor Group and the Class Members suffered damages as a result of these purchases.  Simply put, the SunPower Investor Group, like all other Class Members:   (1) purchased SunPower stock during the class period; (2) purchased

SunPower stock at artificially-inflated prices as a result of defendants' misrepresentations and omissions; and (3) suffered damages thereby.  The SunPower Investor Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise," *Crossen*, 2005 U.S. Dist. LEXIS 41396, at *13, and the SunPower Investor Group is not subject to any unique or special defenses.   Thus, the SunPower Investor Group meets the typicality requirement of Rule 23 because its claims are the same as the claims of the other Class Members.

### ii.    The SunPower Investor Group Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."   The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to:  (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests.  15 U.S.C. § 78u-4(a)(3)(B). *See also Miller v. Ventro Corp.*, No. C 01-01287, 2001 U.S. Dist. LEXIS 26027, at *44 (N.D. Cal. Nov. 28, 2001) (*citing Takeda v. Turbodyne Techs.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999)).

The SunPower Investor Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class.   There is no evidence of antagonism between its interests and those of the proposed Class Members.  Furthermore, the SunPower Investor Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial losses it incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the SunPower Investor Group's identical interest with the members of the Class, clearly shows that the SunPower Investor Group will adequately and vigorously pursue the interests of the Class.  In addition, the SunPower Investor Group has selected law firms that are highly experienced in successfully prosecuting securities class actions and complex litigation as Proposed Co-Lead Counsel.

In sum, because of the SunPower Investor Group's common interests with the Class Members, its clear motivation and ability to vigorously pursue this action, and its competent counsel,

the adequacy requirement of Rule 23(a) is met in this case.  Therefore, since the SunPower Investor Group not only meets both the typicality and adequacy requirements of Rule 23(a), but also has sustained the largest amount of losses at the hands of the Defendants, it is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III.   THE COURT SHOULD APPROVE THE SUNPOWER INVESTOR GROUP'S CHOICE OF LEAD AND LIAISON COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiffs' choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The SunPower Investor Group has selected Motley Rice and KSF to serve as Lead Counsel for the Class and Hagens Berman to serve as Liaison Counsel for the Class. *See* Miller. Decl. Ex. E. Motley Rice LLC members have substantial experience in the prosecution of shareholder and securities class actions.[7]  *See* Miller Decl. Ex. C.  Likewise, KSF has not only successfully prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions.  *See* Miller Decl. Ex. D.  Furthermore, the SunPower Investor Group's counsel has continually invested time and resources in carefully investigating and prosecuting this case.  This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, the SunPower Investor Group respectfully requests this Court for an Order:  (1) consolidating all related actions; (2) appointing the SunPower Investor Group to serve as Lead Plaintiff in this action; (3) approving the SunPower Investor Group's

---

[7] As a district court noted when appointing Motley Rice Co-Lead Counsel in *Marsden v. Select Medical Corp.*, No. 04-4020 (E.D. Pa. Order entered Oct. 5, 2006), "Motley Rice possess[es] the requisite knowledge and skill in securities litigation to ably prosecute this matter on behalf of the class."  Miller Decl. Ex. F.  Also, in *In re NPS Pharms., Inc. Sec. Litig.*, No. 2:06-cv-00570-PGC-PMW, 2006 U.S. Dist. LEXIS 87231, at *14 (D. Utah Nov. 17, 2006) the court stated that "[a]s demonstrated by [its] submissions to the court, [Motley Rice has] expertise and experience in the prosecution of shareholder and securities class actions and, as a result, [is] adequate to represent the interests of the class."

1   selection of Co-Lead and Liaison Counsel for the Class; and (4) granting such other and further

2   relief as the Court may deem just and proper.

3

4   Dated:  January 19, 2010                    KAHN SWICK & FOTI, LLC

5                                               By: /s/ Kim E. Miller
                                                KIM E. MILLER
6                                               500 5th Ave., Suite 1810
                                                New York, NY 10110
7                                               Telephone: (212) 696-3730
                                                Fax: (504) 455-1498
8                                               kim.miller@ksfcounsel.com

9                                               Lewis S. Kahn
10                                              KAHN SWICK & FOTI, LLC
                                                650 Poydras Street, Suite 2150
11                                              New Orleans, LA 70130
                                                Telephone: (504) 455-1400
12                                              Facsimile: (504) 455-1498
                                                lewis.kahn@ksfcounsel.com
13

14                                              Joseph F. Rice
                                                James M. Hughes
15                                              William S. Norton
                                                MOTLEY RICE LLC
16                                              28 Bridgeside Blvd.
                                                Mount Pleasant, SC  29464
17                                              Tel: (843) 216-9000
                                                Fax: (843) 216-9440
18                                              jrice@motleyrice.com
19                                              jhughes@motleyrice.com
                                                bnorton@motleyrice.com
20

21                                              *Attorneys for Lead Plaintiff Movants, SunPower
                                                Investor Group and Proposed Lead Counsel for the
22                                              Class*

23                                              Reed R. Kathrein (139304)
                                                Peter E. Borkon (212596)
24                                              HAGENS BERMAN SOBOL SHAPIRO, LLP
                                                715 Hearst Avenue, Suite 202
25                                              Berkeley, CA 94710
                                                Telephone: (510) 725-3000
26                                              Fax: (510) 725-3001
27                                              reed@hbsslaw.com
                                                peterb@hbsslaw.com
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Lead Plaintiff Movants, SunPower Investor Group and Proposed Liaison Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Motion was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on January 19, 2010.

____/s/ Kim E. Miller____
Kim E. Miller (SBN 178370)
500 5th Ave., Suite 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
E-mail: kim.miller@ksfcounsel.com
