KESSLER TOPAZ MELTZER
    & CHECK, LLP
RAMZI ABADOU  (Bar No. 222567)
ELI R. GREENSTEIN  (Bar No. 217945)
STACEY M. KAPLAN  (Bar No. 241989)
ERIK D. PETERSON  (Bar No. 257098)
580 California Street, Suite 1750
San Francisco, CA 94104
Tel:     (415) 400-3000
Fax:     (415) 400-3001
rabadou@ktmc.com
egreenstein@ktmc.com
skaplan@ktmc.com
epeterson@ktmc.com

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
DAVID R. STICKNEY  (Bar No. 188574)
BENJAMIN GALDSTON  (Bar No. 211114)
DAVID R. KAPLAN  (Bar No. 230144)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:     (858) 793-0070
Fax:     (858) 793-0323
davids@blbglaw.com
beng@blbglaw.com
davidk@blbglaw.com

KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING  (Bar No. 206423)
MARIO M. CHOI  (Bar No. 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel:     (415) 772-4700
Fax:     (415) 772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

*Attorneys for Lead Plaintiffs Arkansas Teacher
Retirement System, Första-AP Fonden and
Danske Invest Management A/S*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS **(Consolidated)**<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:       February 23, 2012<br>Time:       10:00 a.m.<br>Courtroom: 3, 17th Floor<br>Judge:      Hon. Richard Seeborg |

Lead Plaintiffs Arkansas Teacher Retirement System, Första-AP Fonden and Danske Invest Management A/S, together with defendants SunPower Corporation ("SunPower" or the "Company"), Thomas H. Werner ("Werner"), Emmanuel T. Hernandez ("Hernandez") and Dennis V. Arriola ("Arriola") (collectively "Defendants"), respectfully submit this joint statement in advance of the Case Management Conference scheduled for February 23, 2012, at 10:00 a.m. In accordance with Federal Rule of Civil Procedure 26(f) and the Local Rules and Standing Orders of this Court, the parties met and conferred in person on February 3, 2012, to address the issues identified below.

**INFORMATION REQUESTED BY STANDING ORDER RE:**
**INITIAL CASE MANAGEMENT**

## I.    DESCRIPTION OF CASE

### A.    Date Case Was Filed

This is a consolidated securities class action. The first complaint was filed on November 18, 2009.

### B.    Parties

1.)    **Lead Plaintiffs:** Arkansas Teacher Retirement System, Första-AP Fonden and Danske Invest Management A/S.

2.)    **Defendants:** SunPower; the Chief Executive Officer ("CEO") of SunPower, Thomas Werner; the Chief Financial Officer ("CFO") of SunPower, Dennis Arriola; and the former CFO of SunPower, Emmanuel Hernandez.

### C.    Summary of All Claims

Lead Plaintiffs assert claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants on behalf of all persons who purchased or otherwise acquired publicly traded SunPower securities between April 17, 2008 and November 16, 2009, inclusive (the "Class Period").

1    **D.    Brief Description of the Events Underlying the Action**

2        The allegations underlying the case are summarized in the Court's two Orders addressing

3    Defendants' motions to dismiss.  Docket Nos. 149, 178.

4    **E.    Description of Relief Sought and Damages Claimed**

5        The First Amended Consolidated Class Action Complaint for Violations of the Federal

6    Securities Laws ("Complaint") asserts claims under Sections 10(b) and 20(a) of the Exchange

7    Act, and Rule 10b-5 promulgated thereunder, and seeks: (i) damages, including interest; (ii)

8    reasonable costs and expenses incurred in this action, including attorneys' fees; and (iii) such

9    other relief as the Court may deem just and proper.  The calculation of damages will be the

10   subject of expert opinion.

11   **F.    Discovery**

12       **1.    Discovery Taken to Date**

13       The Stipulation and Order Regarding Scheduling [Docket No. 180] entered on January 5,

14   2012, authorized the parties to serve requests for the production of documents pursuant to

15   Federal Rules of Civil Procedure 34 and 45 beginning January 16, 2012.  On January 20, 2012,

16   Lead Plaintiffs served their First Request for Production of Documents on all Defendants, with

17   responses due on February 24, 2012.  Lead Plaintiffs served subpoenas *duces tecum* on non-

18   parties PricewaterhouseCoopers LLP (SunPower's independent auditor), John B. Rodman

19   ("Rodman") (SunPower's former Corporate Controller), and Mariano M. Trinidad ("Trinidad")

20   (SunPower's Philippines Finance Director) on January 20, 2012, with responses due on February

21   20, 2012 (except for Mr. Rodman, whose objections are due February 16, 2012, and whose

22   responses are due February 29, 2012, by agreement).  On February 14, 2012, Lead Plaintiffs

23   served their First Set of Interrogatories on all Defendants.

24       **2.    Discovery Plan**

25       **a)    Lead Plaintiffs' Discovery Plan**

26       This action arises out of an alleged accounting fraud at SunPower which caused the

27   Company's publicly reported financial statements and results for each quarter and the fiscal year

28   ended December 28, 2008, and the first three quarters of the fiscal year ended January 3, 2010 to

---

be materially false. Defendants' Answer to the Complaint asserts no less than twenty-seven affirmative defenses, and Defendants' responses to Lead Plaintiffs' first set of discovery requests are not yet due. Because Defendants have not yet responded with what they intend to produce and the parties have not yet met and conferred, any dispute over discovery at this time is premature.

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), discovery has already been stayed for more than two years. Defendants now propose "bifurcating" discovery, thereby imposing an additional discovery stay. Under Defendants' plan, "Phase 1" would consist of discovery solely as to Werner's, Hernandez's and Arriola's (the "Individual Defendants") scienter. Under "Phase 2," the parties (and the Court) would have to restart discovery and schedule a "*further* Case Management Conference addressing *further* discovery and pretrial and trial schedule" "14 days after decision denying motions for summary judgment" to be heard on January 24, 2013. *Infra* Phase 1 (emphasis added). Of course, Defendants neither provide nor propose any schedule or dates for "Phase 2." Under Defendants' proposed plan, the parties and the Court would therefore face two duplicative rounds of discovery and two separate summary judgment proceedings with a limitless and uncertain end date. *See In re SemGroup Energy Partners, L.P. Sec Litig.*, 2010 U.S. Dist. LEXIS 135209, at *13 (N.D. Okla. 2010) ("[D]iscovery has already been stayed [] under the PSLRA. Bifurcation will almost certainly lead to further delay in the resolution of plaintiffs' claims.").

In a case brought under the PSLRA, merits or fact discovery should not be sequenced, bifurcated or conducted in phases.[1] *See, e.g.*, Pretrial Scheduling Order at 1, *Minneapolis*

---

[1] Defendants' reliance on *Klein v. King*, 132 F.R.D. 525 (ND. Cal. 1990) is misplaced. *Klein*, a pre-PSLRA case where plaintiffs were entitled to discovery before surviving a motion to dismiss, rejected the phased approach Defendants advocate here, noting that the "issue iteration" proposal carried "several risks," including "a considerable risk of friction between lawyers and lots of unproductive and perhaps inconclusive satellite litigation." *Id*. at 528. The court wanted the parties to focus on documents and a limited number of deposition first to facilitate settlement discussions and the court ordered mediation after such discovery and did not, as Defendants suggest, limit discovery to a single issue for summary judgment. In fact, just the opposite was the case. *See id*. at 527-28 (finding defendants' proposal "creative" but refusing to "endorse either of these proposals as made"). Defendants' remaining authorities (cited in footnote 4 of their discovery plan) say nothing about "staged discovery" and are irrelevant as this Court has

1    *Firefighters' Relief Ass'n. v. Medtronic, Inc.*, No. 08-cv-6324-PAM-AJB (D. Minn. Apr. 8,

2    2010) ("Defendants' request to sequence discovery [in PSLRA case] is denied.").   Lead

3    Plaintiffs' proposed plan recognizes that this is a complex securities litigation with an overseas

4    component that should be streamlined, not bifurcated.  Indeed, given the absence of a schedule

5    for Defendants' "Phase 2," Lead Plaintiffs' realistic 16-month schedule will ultimately prove far

6    shorter than Defendants' uncertain multi-phased approach to discovery.

7           Defendants' position that discovery should be sequenced, with discovery on the issue of

8    the scienter of the three Individual Defendants first, followed by discovery as to all other issues,

9    should be rejected for the following reasons.  *First*, Defendants' request to sequence discovery is

10   logistically untenable and will cause an unnecessary waste of judicial time and resources.  *See In*

11   *re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, at *8, *10-*13 (E.D. Pa.

12   2004) ("Bifurcation would be inefficient, unfair, and duplicative in this case.").  The element of

13   scienter and other elements of Lead Plaintiffs' claims under the Exchange Act, such as falsity

14   and materiality, overlap.  *See In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1015 (9th Cir.

15   2005) ("[F]alsity and scienter in private securities fraud cases are generally strongly inferred

16   from the same set of facts, and the two requirements may be combined into a unitary inquiry

17   under the PSLRA.") (internal citation omitted).  There is simply no way to conduct discovery or

18   litigation *solely* on scienter for the three Individual Defendants without significant judicial

19   oversight of deposition and other fact discovery.  Moreover, Defendants' plan overlooks that

20   *SunPower's* scienter is also at issue and that, despite the Restatement, Defendants claim that

21   Lead Plaintiffs will be unable to prove falsity.  *See* Docket No. 122 at 17-18.  Sequenced

22   discovery will therefore be needlessly duplicative as witnesses who have knowledge regarding

23   scienter, falsity and materiality would have to be deposed more than once under Defendants'

24   proposed discovery plan.  Additionally, a potential resolution of this matter through mediation

25   will be delayed with sequenced discovery because Lead Plaintiffs will not have timely or

26

27   ─────────────────────

28   already sustained Plaintiffs' claims under the PSLRA's rigorous pleading standards, finding
     them plausible and not "frivolous."

1    sufficient information with which to properly assess the case under Defendants' proposed

2    schedule.

3    **Second**, the PSLRA provides no support for the stay that Defendants request. *See, e.g.*,

4    Order at 2, *Beach v. Healthways, Inc.*, No. 3-08-05469 (M.D. Tenn. Nov. 12, 2010) (denying

5    motion to bifurcate in PSLRA case). Accordingly, their request is subject to Federal Rule of

6    Civil Procedure 26(c). Under Rule 26, "[a] [p]arty seeking stay of discovery carries heavy

7    burden of making strong showing why discovery should be denied." Defendants have not made

8    and cannot make that showing here because Lead Plaintiffs have been unable to obtain any

9    discovery since the inception of this action under the PSLRA's mandatory discovery stay. 15

10   U.S.C. §78u-4(b)(1). Additionally, while Defendants have an ongoing obligation to preserve

11   documents under the PSLRA, third parties identified in the Complaint (*see, e.g.*, ¶¶15-16, 66, 72,

12   76, 103, 105, 111-112, 118-119), including SunPower's auditor, do not have such an obligation.

13   Also, Lead Plaintiffs likely will need to seek discovery from third parties that are located

14   overseas in the Philippines – a process that will take months to complete especially given

15   counsel's refusal to accept service on Mr. Trinidad's behalf. *See In re SunPower Sec. Litig.*,

16   2011 U.S. Dist. LEXIS 152920, at *9 (N.D. Cal. 2011) (noting "the alleged misconduct in the

17   Philippines").

18                    **b)        Defendants' Discovery Plan**

19   Discovery in this case should be focused in the initial stage on the core issue of scienter.

20   In their Complaint, Lead Plaintiffs alleged that two SunPower employees – Messrs. Rodman and

21   Trinidad – "were directly responsible" for unsubstantiated entries being made in the Company's

22   accounting records. *In re SunPower Sec. Litig.,* No. C 09-5473 RS, 2011 U.S. Dist. LEXIS

23   152920, at *9 (N.D. Cal. Dec. 19, 2011). The Court dismissed all claims against Rodman and

24   Trinidad, however, because neither made any of the challenged statements to potential investors.

25   *Id.* at *18-19. What remains of the case, therefore, hinges on whether the SunPower officers

26   who exercised "ultimate authority" over the Company's Class Period statements (*see Janus*

27   *Capital Grp., Inc. v. First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011)) had "knowledge of

28   the underlying falsity" of those statements when they were made. *In re SunPower Sec. Litig.*,

1 | 2011 U.S. Dist. LEXIS 152920, at *7-8, *16. Defendants believe that discovery should focus on

2 | this core issue first, before the parties and the Court expend resources on ancillary issues.

3 |  As the Court found, based on Lead Plaintiffs' allegations, there are two possibilities:

4 |  a reasonable person could deem there to be a cogent and compelling inference

5 |  that SunPower's officers were aware of the accounting manipulation. The contrary inference – that lower level employees managed to carry out the scheme

6 |  without detection by, or involvement of, management despite the alleged efforts it made to monitor and control costs, and the mechanisms by which changes to data

7 |  were made, is certainly plausible as well, but not more so.

8 | *Id.* at *16. If discovery confirms the conclusion of SunPower's Audit Committee – that

9 | "executive management neither directed nor encouraged, nor was aware of, these activities and

10 | was not provided with accurate information concerning the unsubstantiated entries" – then

11 | Defendants will be entitled to summary judgment in their favor, eliminating the need for

12 | additional discovery, and saving the Court and the parties considerable time and expense.

13 |  Lead Plaintiffs have misconstrued Defendants' request as seeking to "stay" discovery.

14 | The truth is just the opposite: Defendants' proposal will ***accelerate*** discovery on the key issue,

15 | allowing it to be completed within seven months. Lead Plaintiffs' schedule, by contrast, would

16 | have the parties engaged in fact and expert discovery from now through early August 2013 –

17 | approximately eighteen months. Much of that time would be spent wading through ancillary

18 | issues, as illustrated by Lead Plaintiffs' 68-part initial document request, which demands

19 | production of broad swaths of documents created in the Philippines and the U.S. from January 1,

20 | 2007, to the present, including, for example, "All documents concerning SunPower's financial

21 | condition...."

22 |  Lead Plaintiffs argue that focusing on scienter would require "significant judicial

23 | oversight." Any discovery plan necessarily involves drawing lines to "facilitate the orderly and

24 | cost-effective acquisition of relevant information and materials." Fed. Jud. Ctr. Manual for

25 | Complex Litigation (Fourth) §11.42 (2004). There is no reason to believe that planned discovery

26 | would ultimately place a greater demand on the Court than everything-at-once discovery.

27 | Regardless of the plan employed, counsel for both sides are fully capable of carrying out

28 | discovery in a professional, cooperative manner. To the extent it becomes necessary, the parties

can seek assistance – as in any other case – from a magistrate judge, special master, or discovery referee.

Core issue discovery has been applied with success in securities class actions in this District. For example, in *Klein v. King*, Magistrate Judge Brazil prioritized "core discovery," explaining that it would allow the parties "go to the center first...before they spend unjustifiable amounts of their clients' resources dotting every discovery 'i' and crossing every discovery 't.'" 132 F.R.D. 525, 528-29 (N.D. Cal. 1990).[2] Former Chief Judge Peckham was a strong advocate for this approach, explaining, "The goal of two-tiered discovery is to decrease the exorbitant costs associated with full-blown discovery by disposing of cases before reaching the second stage of discovery." Robert F. Peckham, *A Judicial Response to the Cost of Litigation: Case Management, Two-Stage Discovery Planning and Alternative Dispute Resolution*, 37 Rutgers L. Rev. 253, 268 (1985).

This approach is well supported in the rules and the case management literature. Rule 26 explicitly requires the parties to address "whether discovery should be conducted in phases or be limited to or focused on particular issues" at the outset. Fed. R. Civ. P. 26(f)(3)(B). District courts have "broad discretion" to "manage the discovery process to facilitate prompt and efficient resolution of [a] lawsuit" by prioritizing discovery concerning issues that are potentially case dispositive. *Crawford-El v. Britton*, 523 U.S. 574, 598-600 (1998). The Judicial Conference's *Civil Litigation Management Manual* suggests "phased discovery...to target particular witnesses, issues, and key players for the purpose of obtaining information...to lay a foundation for a dispositive motion, thereby deferring and possibly obviating other discovery." Jud. Conf. of the U.S., Comm. on Ct. Admin. and Case Mgmt., *Civil Litigation Management Manual* 34 (2d ed. 2010).

---

[2]     Defendants disagree with Lead Plaintiffs' characterization of *Klein*. In *Klein*, the court rejected proposals staging discovery by "time periods" or "using 90 day interval iterations of issues," but adopted a plan staging discovery to focus on "core information" first, just as Defendants propose here. 132 F.R.D. at 528-29. After completion of the first stage of discovery, the court authorized the parties to file motions for summary judgment. *Id.* at 529, 532.

Of the four cases Lead Plaintiffs have cited where requests to phase discovery were denied, three are inapposite because they address whether merits discovery should be stayed pending class certification,[3] while the fourth is an order containing no analysis. Pretrial Scheduling Order, *Minn. Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-6324 PAM/AJB (D. Minn. Apr. 8, 2010), ECF No. 96.

Lead Plaintiffs have argued that targeted discovery is generally inappropriate in securities class actions, but the opposite is true. Congress and the courts have consistently recognized that the potential for wide-ranging and unconstrained discovery in this type of litigation "presents a danger of vexatiousness different in degree and in kind from that which accompanies litigation in general," *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 739-40 (1975), and that the courts should take steps to minimize that threat.[4]

Lead Plaintiffs' remaining objections are all without merit. Lead Plaintiffs argue that Defendants' proposal is "logistically untenable" because, at the pleading stage, scienter overlaps with falsity and materiality. This is a red herring. Discovery of facts concerning scienter should be prioritized, regardless of whether these facts are also relevant to other elements.

Lead Plaintiffs' concern that Defendants' proposal will require more and duplicative work is incorrect. In the event that summary judgment is granted on scienter grounds, there will be far *less* work. In the event it is denied, further discovery would not "duplicate" that already taken and any additional dispositive motion filed would necessarily be addressed to different topics.

---

[3] *In re SemGroup Energy Partners, L.P. Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 U.S. Dist. LEXIS 135209, at *7 (N.D. Okla. Dec. 21, 2010); *In re Plastics Additives Antitrust Litig.*, C.A. No. 03-2038, 2004 U.S. Dist. LEXIS 23989, at *5 (E.D. Pa. Nov. 30, 2004); Order, *Beach v. Healthways, Inc.*, No. 08-CV-00569 (M.D. Tenn. Jan. 8, 2010), ECF No. 174.

[4] When passing the Reform Act, the House and Senate managers noted in the Joint Explanatory Statement of the Committee of Conference, "The cost of discovery often forces innocent parties to settle frivolous securities class actions....In addition, the threat that the time of key employees will be spent responding to discovery requests, including providing deposition testimony, often forces coercive settlements." *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 911 (9th Cir. 1999) (quoting H.R. Conf. Rep. No. 104-369); *see also Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 163 (2008) (noting that "extensive discovery and the potential for uncertainty and disruption in a [securities] lawsuit allow plaintiffs with weak claims to extort settlements from innocent companies") (citation omitted).

---

Finally, Lead Plaintiffs' concern about preservation of evidence by third parties has nothing to do with the issue of focusing discovery on core issues first. Third parties are either under an obligation to preserve documents (because subpoenas have been served on them or otherwise) or they are not. Actual document production and other aspects of discovery are separate issues.

### G.   Procedural History

This is a consolidated class action with three underlying actions. The first two actions, captioned *Plichta v. SunPower Corp., et al.*, No. CV-09-5473-RS (N.D. Cal.) ("*Plichta*"), and *Cao v. SunPower Corp., et al.*, No. CV-09-5488-RS (N.D. Cal.) ("*Cao*"), were filed on November 18, 2009. On November 20, 2009, a third action captioned *Parrish v. SunPower Corp., et al.*, No. C-09-5520-RS (N.D. Cal.) ("*Parrish*"), was filed. On February 3, 2010, the Honorable Charles R. Breyer entered an Order relating the *Cao* action and the *Parrish* action to the *Plichta* action. Docket No. 53. On March 5, 2010, Judge Breyer entered an Order appointing Lead Plaintiffs and Lead Counsel and relating and consolidating the actions under Case No. CV-09-5473. Docket No. 70. On March 18, 2010, this consolidated action was reassigned to this Court. Docket No. 73.

On May 28, 2010, Lead Plaintiffs filed a consolidated complaint asserting claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against SunPower, Werner, Arriola and Hernandez, and claims under Sections 11(a) and 15 of the Securities Act of 1933 ("Securities Act") against SunPower, Werner, Arriola, Hernandez, certain SunPower director defendants and certain underwriter defendants. Docket No. 92. By Order dated March 1, 2011, the Court dismissed all claims with leave to amend. Docket No. 149.

On April 18, 2011, Lead Plaintiffs filed the first amended complaint, asserting claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against SunPower, Werner, Arriola and Hernandez, as well as additional defendants, Rodman and Trinidad. Docket No. 153. The Complaint also realleged the Securities Act claims to preserve all appellate rights. By Order dated December 19, 2011, the Court sustained claims under Sections 10(b) and 20(a) of the Exchange Act against SunPower, Werner, Arriola and

Hernandez, and dismissed all claims against Rodman and Trinidad with prejudice. The Court also dismissed with prejudice all Securities Act claims. Docket No. 178.

On January 27, 2012, Defendants filed their Answer to the Complaint. Docket No. 182.

**H.    Other Deadlines**

None.

**I.    Proposed Schedules**

On February 3, 2012, the parties met and conferred in person pursuant to Federal Rule of Civil Procedure 26(f), Civil L.R. 16-3, and the Court's Standing Order Re: Initial Case Management.

### 1.    Lead Plaintiffs' Proposed Schedule

| | |
|---|---|
| Case management conference | February 23, 2012 |
| Parties to exchange initial disclosures pursuant to Rule 26(a) | March 1, 2012 |
| Plaintiffs to file class certification motion | August 15, 2012 |
| Date for substantial completion of document productions | September 28, 2012 |
| Defendants to respond to Plaintiffs' class certification motion | October 1, 2012 |
| Plaintiffs' reply in support of class certification motion | November 16, 2012 |
| Hearing on Plaintiffs' class certification motion | December 13, 2012 |
| Fact discovery cut-off | May 31, 2013 |
| Last day to amend pleadings or add parties | June 14, 2013 |
| Date to exchange expert reports | June 14, 2013 |
| Date to exchange rebuttal expert reports | July 12, 2013 |
| Expert discovery cut-off | August 9, 2013 |
| Summary judgment motions to be filed | September 6, 2013 |
| Summary judgment oppositions to be filed | November 1, 2013 |
| Summary judgment replies to be filed | December 20, 2013 |
| Last day to conduct settlement conference | February 14, 2014 |
| Deadline to meet and confer re: settlement of the case, preparation of joint pretrial statement, preparation and exchange of pretrial materials to be served and lodged pursuant to FRCP 26(a)(3), and clarifying and narrowing the contested issues for trial (at least 21 days before the final pretrial conference) | March 14, 2014 |
| Deadline to lodge and serve a joint pretrial statement and proposed order (at least 10 days before the final pretrial | March 24, 2014 |

conference)

| | |
|---|---|
| Deadline for parties to exchange copies of all exhibits, summaries, charts, and diagrams to be used at trial other than solely for impeachment or rebuttal (at least 10 days before final pretrial conference) | March 24, 2014 |
| Deadline to file and serve motions in limine (at least 10 days before final pretrial conference) (deemed submitted without oral argument) | March 24, 2014 |
| Deadline to file oppositions to motions in limine (at least 3 days before final pretrial conference) | March 31, 2014 |
| **Pretrial conference** | April 3, 2014 |
| Deadline to file/exchange: | April 9, 2014 |

- Trial briefs (optional) (at least 5 days prior to trial);

- Deposition excerpts or other discovery to be offered at trial; and

- Jury materials: voir dire questions; proposed jury instructions; joint proposed jury verdict forms

| | |
|---|---|
| **Trial to commence** | April 14, 2014 |

### 2.   Defendants' Proposed Schedule

Defendants' proposed schedule assumes that discovery is phased in the manner set out in Defendants' discovery plan described above.

### PHASE 1

| | |
|---|---|
| Case Management Conference | February 23, 2012 |
| Last day to serve initial disclosures | March 9, 2012 |
| Last day for Plaintiffs to file opening brief on motion for class certification | August 15, 2012 |
| End of fact discovery for Phase 1 | August 30, 2012 |
| Last day for Defendants to file opposition brief on motion for class certification | September 14, 2012 |
| Last day for Plaintiffs to file reply brief on motion for class certification | October 5, 2012 |
| Last day to file opening briefs on motions for summary judgment | October 11, 2012 |
| Hearing on Plaintiffs' motion for class certification | November 1, 2012, at 1:30 p.m. |
| Last day to file opposition briefs on motions for summary judgment | November 21, 2012 |

| | |
|---|---|
| Last day to file reply briefs on motions for summary judgment | December 21, 2012 |
| Hearing on motions for summary judgment | January 24. 2013, at 1:30 p.m. |
| If motions for summary judgment are denied, further Case Management Conference addressing further discovery and pretrial and trial schedule for Phase 2 | 14 days after decision denying motions for summary judgment |

### J.      Whether the Parties Will Consent to a Magistrate Judge for Trial

The parties do not consent to a Magistrate Judge for trial.

## NON-DUPLICATIVE INFORMATION REQUESTED BY STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### K.      Jurisdiction and Service

Based on allegations of violations of Sections 10(b) and 20(a) of the Exchange Act, Lead Plaintiffs assert that this Court's jurisdiction is based on Section 27 of the Exchange Act, 15 U.S.C. §78aa.  Defendants do not contest subject matter jurisdiction, personal jurisdiction, or venue.  No parties remain to be served.

### L.      Evidence Preservation

The parties have met and conferred regarding the preservation of electronically stored evidence.  The parties have taken all reasonable and necessary steps to preserve evidence, including all electronically stored information, relevant to the issues reasonably evident in this action, in compliance with their obligations under the Federal Rules of Civil Procedure.

### M.      Related Cases

On February 3, 2010, prior to the reassignment of this case to this Court, Judge Breyer entered an order relating this case to the consolidated shareholder derivative actions captioned *In re SunPower Shareholder Derivative Litigation*, No. C 09-05731, and *Clarke v. Werner, et al.*, No. C 09-05925, which are currently pending before this Court.  Another related shareholder derivative action captioned *Brenner v. Albrecht, et al.*, C.A. No. 6514-VCP ("*Brenner*"), is currently pending in the Court of Chancery of the State of Delaware.  On January 27, 2012, the Court of Chancery stayed the *Brenner* derivative action in light of this action.  *See Brenner v. Albrecht*, 2012 Del. Ch. LEXIS 20 (Del. Ch. 2012).  In addition, a related consolidated shareholder derivative action captioned *In re SunPower Corporation Shareholder Derivative*

*Litigation*, Lead Case No. 1-09-CV-158522, consolidated with Case Nos. 1-09-CV-159022 and 1-10-CV-161238, is currently pending in Santa Clara County Superior Court.

**N.    Settlement and ADR**

The parties believe that it is premature to address the issue of settlement.

**O.    Narrowing of Issues**

The parties have set out suggestions for narrowing the issues for trial in the discovery section above.  As discussed above, Defendants believe that focusing discovery on the issue of scienter may lead to an early resolution of this action without the need for trial.

As discussed above, Lead Plaintiffs submit that any bifurcation of discovery, as proposed by Defendants, will unnecessarily delay and frustrate the just, speedy and inexpensive disposition of this action.  Lead Plaintiffs believe, however, that certain issues can be narrowed which will streamline and lead to an early resolution of this action.  Specifically, the material falsity of SunPower's restated financial results cannot be reasonably disputed.  Under Generally Accepted Accounting Principles, a restatement is only appropriate where a company has materially misstated its financial results.  Similarly, SunPower stock trades on the NASDAQ exchange.  Courts generally accept the NASDAQ as an efficient market for purposes of presuming reliance for all investors who transacted in securities that trade on NASDAQ.  Moreover, the Supreme Court and the Ninth Circuit have held that a plaintiff need not prove loss causation or materiality at the class certification stage.  Accordingly, Lead Plaintiffs believe that class certification should be stipulated to in this case, subject to any discovery Defendants may wish to pursue concerning the adequacy of proposed class representative(s).

**P.    Trial**

The case will be tried to a jury.  The parties currently estimate that a trial of class-wide issues would take approximately 15 court days.  In the event that these issues are resolved in favor of Lead Plaintiffs, additional proceedings, potentially including additional discovery and additional trial proceedings, will likely be required to address issues concerning the element of reliance with respect to individual class members and/or the calculation of damages with respect to individual class members.

**Q.    Disclosure of Non-party Interested Entities or Persons**

Lead Plaintiffs certify that, as of the date of this filing, other than the named parties, they are unaware of any person or entity with an interest to report.  Civil L.R. 3-16(c)(2).

On February 19, 2010, Defendants filed their Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16.  Docket No. 64.  Pursuant to Civil L.R. 3-16 and 28 U.S.C. §455(d)(4), as of the date of this filing, SunPower's directors consist of the following eleven individuals:  Thomas H. Werner, W. Steve Albrecht, Betsy S. Atkins, Arnaud Chaperon, Bernard Clement, Denis Giorno, Thomas R. McDaniel, Jean-Marc Otero del Val, Jerome Schmidt, Humbert de Wendel, and Pat Wood, III.  Pursuant to Federal Rule of Civil Procedure 7.1, Defendants additionally certify that, based on filings with the Securities and Exchange Commission, Total Gas & Power USA, SAS, reported owning 10 percent or more of SunPower's Common Stock outstanding as of January 31, 2012.

Dated:  February 16, 2012                    Respectfully submitted,

                                             KESSLER TOPAZ MELTZER
                                               & CHECK LLP


                                             _____/s/ Ramzi Abadou_____
                                             RAMZI ABADOU

                                             RAMZI ABADOU
                                             ELI R. GREENSTEIN
                                             STACEY M. KAPLAN
                                             ERIK D. PETERSON
                                             580 California Street, Suite 1750
                                             San Francisco, CA 94104
                                             Tel:    (415) 400-3000
                                             Fax:    (415) 400-3001

Dated:  February 16, 2012                    BERNSTEIN LITOWITZ BERGER
                                               & GROSSMANN LLP


                                             _____/s/ David R. Stickney_____
                                             DAVID R. STICKNEY

                                             DAVID R. STICKNEY
                                             BENJAMIN GALDSTON
                                             DAVID R. KAPLAN
                                             12481 High Bluff Drive, Suite 300
                                             San Diego, CA 92130
                                             Tel:    (858) 793-0070
                                             Fax:    (858) 793-0323

1    Dated:  February 16, 2012            KAPLAN FOX & KILSHEIMER LLP
                                          LAURENCE D. KING
2

3                                                 /s/ Laurence D. King
                                                 LAURENCE D. KING
4
                                          LAURENCE D. KING
5                                         MARIO CHOI
                                          350 Sansome Street, Suite 400
6                                         San Francisco, CA 94104
                                          Tel:    (415) 772-4700
7                                         Fax:    (415) 772-4707

8                                                  -and-

9                                         JOEL B. STRAUSS
                                          CHRISTINE M. FOX
10                                        850 Third Avenue, 14th Floor
                                          New York, NY 10022
11                                        Tel:    (212) 687-1980
                                          Fax:    (212) 687-7714
12
                                          *Attorneys for Lead Plaintiffs Arkansas Teacher*
13                                        *Retirement System, Första-AP Fonden and*
                                          *Danske Invest Management A/S*
14
     Dated:  February 16, 2012            MORRISON & FOERSTER LLP
15

16                                                /s/ Jordan Eth
                                                 JORDAN ETH
17
                                          JORDAN ETH
18                                        JUDSON LOBDELL
                                          425 Market Street
19                                        San Francisco, CA 94105-2482
                                          Tel:    (415) 268-7000
20                                        Fax:    (415) 268-7522

21                                        *Attorneys for Defendants SunPower Corporation,*
                                          *Thomas H. Werner, Emmanuel T. Hernandez and*
22                                        *Dennis V. Arriola*

23
             I, Ramzi Abadou, am the ECF User whose ID and password are being used to file this
24
     Joint Case Management Conference Statement.  In compliance with General Order No. 45, X.B.,
25
     I hereby attest that David R. Stickney, Laurence D. King and Jordan Eth have concurred in this
26
     filing.
27
                                                 /s/ Ramzi Abadou
28                                               Ramzi Abadou

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document via the United States Postal Service to the non-CM/ECF participant indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 16, 2012.


*/s/ Ramzi Abadou*
Ramzi Abadou

# Mailing Information for a Case 3:09-cv-05473-RS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  rabadou@ktmc.com,knguyen@ktmc.com,csheppard@ktmc.com

- **George Carlos Aguilar**
  GAguilar@robbinsumeda.com,Notice@robbinsumeda.com

- **Jaime Allyson Bartlett**
  jbartlett@sidley.com,dgiusti@sidley.com

- **Sara B. Brody**
  sbrody@sidley.com,tnewman@sidley.com,jbartlett@sidley.com

- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com,kweiland@kaplanfox.com

- **Aviah Cohen Pierson**
  acohenpierson@kaplanfox.com

- **Jordan Eth**
  jeth@mofo.com,nurbina@mofo.com

- **Frederic S. Fox**
  ffox@kaplanfox.com

- **Benjamin Galdston**
  beng@blbglaw.com,denab@blbglaw.com,kristid@blbglaw.com,ranaew@blbglaw.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com

- **Eli Greenstein**
  egreenstein@ktmc.com

- **Donald R Hall**
  dhall@kaplanfox.com

- **Dennis J. Herman**
  dennish@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Stephen D. Hibbard**
  shibbard@shearman.com,rcheatham@shearman.com

- **Robert N. Kaplan**
  rkaplan@kaplanfox.com

- **Stacey Marie Kaplan**
  skaplan@ktmc.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,peterb@hbsslaw.com,pashad@hbsslaw.com,sf_filings@hbsslaw.com

- **Mark P. Kindall**
  firm@izardnobel.com,mkindall@izardnobel.com

- **Laurence D. King**
  lking@kaplanfox.com,kweiland@kaplanfox.com

- **Angela Elaine Kleine**
  akleine@mofo.com,mekas@mofo.com

- **Joy Ann Kruse**
  jakruse@lchb.com

- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **Judson Earle Lobdell**
  jlobdell@mofo.com,mblackmer@mofo.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Kim Elaine Miller**
  kimmiller225@yahoo.com,kim.miller@ksfcounsel.com

- **Erik David Peterson**
  epeterson@ktmc.com,dcheck@ktmc.com

- **Aviah Cohen Pierson**
  acohenpierson@kaplanfox.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **David Ronald Stickney**
  davids@blbglaw.com

- **Joel B. Strauss**
  jstrauss@kaplanfox.com

- **Sean Travis Strauss**
  invalidaddress@invalidaddress.com,sstrauss@steinlubin.com

- **Joseph J. Tabacco , Jr**
  jtabacco@bermandevalerio.com,ysoboleva@bermandevalerio.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Catherine              J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
```