IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUNPOWER SECURITIES LITIGATION, | Case No.: 09-cv-5473 RS (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL (Dkt. No. 199)** |

Now pending before the Court is Plaintiffs' Administrative Motion to file Plaintiffs' Motion to Compel Discovery under seal pursuant to Local Rule 79-5. (Dkt. No. 199.) Plaintiffs' motion does not comply with Local Rule 79-5 and is therefore DENIED without prejudice.

Local Rule 79-5 states that "the request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c)." Here, although the hard copies of the motion and exhibits thereto include a redacted version of the motion to compel as well as some exhibits which are not confidential, Plaintiffs appear to seek sealing of the entire motion to compel and all exhibits thereto: their proposed order directs that the entire motion to compel and all the exhibits to the supporting declaration be filed under seal. (Dkt. No. 199-2.) This proposal does not comport with the requirement of Local Rule 79-5 that a request for sealing be narrowly tailored.

1   Further, and assuming that Plaintiffs do not contend that all of the exhibits and the
2   entire motion to compel are sealable, Local Rule 79-5 provides that the party which designated
3   material as confidential must "file with the Court and serve a declaration establishing that the
4   designated information is sealable, and must lodge and serve a narrowly tailored proposed
5   sealing order, or must withdraw the designation of confidentiality." *See* L.R. 79-5(d); *see also*
6   79-5(c) (1). Here, the declaration accompanying Plaintiffs' motion to seal generally asserts
7   that the motion and exhibits "contain information marked 'confidential' or have been marked
8   'confidential' by parties and non-parties pursuant to the Protective Order." (Dkt. No. 199-1
9   ¶¶ 2-3). Local Rule 79-5(a) provides that "a stipulation. . . will not suffice to allow the filing of
10  documents under seal." Reference to the Stipulated Protective Order is therefore not a proper
11  basis from which the Court can infer that sealing is warranted. Moreover, Plaintiffs' request
12  does not comply with the language of the Stipulated Protective Order which states that "a
13  sealing order will issue only upon a request establishing that the Protected Material at issue is
14  privileged, protectable as a trade secret, or otherwise entitled to protection under the law,"
15  (Dkt. No. 197 12:9-11), language which is also included in the governing Local Rule. *See* L.R.
16  79-5(a). To be sufficient, the required declaration must establish *why* portions of each
17  document or exhibit are confidential and therefore should be filed under seal.

18   Accordingly, Plaintiffs' Administrative Motion to Seal (Dkt. No. 199) is DENIED without
19  prejudice. Plaintiffs may file a renewed motion to seal which complies with Local Rule 79-5, the
20  Stipulated Protective Order, this Court's Standing Order, and this Order. Further, the chambers
21  copies of any documents, including those pleadings Plaintiffs seek to file under seal, shall be
22  filed in accordance with this Court's Standing Order and shall be assembled together and
23  submitted in one envelope marked "Chambers Copy – Filed Under Seal."

25   **IT IS SO ORDERED.**
26  Dated: August 23, 2012

    _____
    JACQUELINE SCOTT CORLEY
    UNITED STATES MAGISTRATE JUDGE

2