# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, Individually and on behalf of All Others Similarly Situated, UNION ASSET MANAGEMENT HOLDING AG, OKLAHOMA FIREFIGHTERS PENSION FUND, CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA, CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,

PLAINTIFFS,

V.

MEDTRONIC, INC., WILLIAM A HAWKINS, III, GARY ELLISS, ARTHUR D. COLLINS, JR.,

DEFENDANTS.

CIVIL NO. 08-6324 (PAM/AJB)

**ORDER & MEMORANDUM**

---

Bryan L. Bleichner, Jeffrey D. Bores, and Karl L. Cambronne, Chestnut Cambronne, PA, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401-2048 (Liaison counsel);

Michael D. Blatchley (pro hac vice), Salvatore J. Graziano (pro hac vice), and Gerald H. Silk (pro hac vice), Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019 (Class counsel);

Ramzi Abadou (pro hac vice), Sean M. Handler (pro hac vice), Jennifer L. Joost (pro hac vice), Erik D. Peterson (pro hac vice), and Andrew L. Zivitz (pro hac vice), Barroway Topaz Kessler Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087 (Class counsel);

Jeff A. Almeida (pro hac vice) and Geoffrey C. Jarvis (pro hac vice), Grant & Eisenhofer PA, 1201 N Market Street, 21st Floor, Wilmington, DE 19801 (Class counsel);

James M. Hughes (pro hac vice), Motley Rice LLC, 28 Bridgeside Boulevard, Mt Pleasant, SC 29464 (Class counsel);

Patrick S. Williams, Briggs & Morgan, PA, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402 (for Defendant Medtronic, Inc., William A. Hawkins, III, and Gary Elliss);

Emily Nicklin (pro hac vice), Sallie G. Smylie (pro hac vice), and Helen E. Witt (pro hac vice), Kirkland & Ellis, LLP, 300 North LaSalle, Chicago, IL 60654 (for Defendant Medtronic, Inc.,

1

William A. Hawkins, III, and Gary Elliss); and

John W. Lundquist and Lousene M. Hoppe, Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis MN 55402-1425 (for Responding Nonparty Doctors).

---

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Defendants' Motion to Compel [Docket No. 150] and Motion for Protective Order [Docket No. 155]. A hearing was held on the motion on December 6, 2010. Karl L. Cambrone, Ramzi Abadou, and Salvatore J. Graziano appeared on behalf of Plaintiffs.[1] Patrick S. Williams and Emily Nicklin appeared on behalf of Defendants.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Protective Order [Docket No. 155] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Relevant Period for the discovery at issue shall be from January 1, 2005, through December 31, 2009; and

    b. Defendants' motion is denied in all other respects.

2. Defendants' Motion to Compel [Docket No. 150] is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[1] Teachers Retirement System of Oklahoma, Oklahoma Firefighters Pension Fund, Union Asset Management Holding AG, and Danske Invest Management A/S were appointed by Order, dated May 26, 2009, to serve as lead plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B). (Order, Civil No. 08-6324 (PAM/AJB); [Docket No. 57].) The law firms of Barroway Topaz Kessler Meltzer & Check LLP, Bernstein Litowitz Berger & Grossman LLP, Motley Rice LLC, and Grant & Eisenhofer PA were appointed to jointly serve as class counsel. (*Id.*) Chestnut & Cambronne PA was appointed to serve as liaison counsel for purposes of coordinating litigation activities. (*Id.*) The Lead Plaintiffs' motion for class certification shall be served on or before January 14, 2011. [Docket No. 100.]

   a. On or before January 15, 2010, Plaintiffs shall produce all non-privileged information responsive to Defendants' Document Request Nos. 2, 12, 20, 22 and 23;

   b. On or before January 15, 2010, Plaintiffs shall provide Defendants with a complete and accurate privilege log, which fulfills the requirements of Fed. R. Civ. P. 26(b)(5) and includes: (1) each explicit claim of privilege, (2) descriptions of the nature of the documents, communications, or tangible things, and (3) identifications of the parties involved with the documents, communications, or tangible things. Following disclosure of the privilege log, the parties shall meet and confer on any disputed documents. If the parties are unable to reach an agreement, Defendants may file a brief, not exceeding ten pages, detailing their objections; thereafter, Plaintiffs shall provide, under seal, directly to the Court's chambers for in-camera review, two copies of the documents at issue and may accompany the documents with a brief further explaining the documents and Plaintiff's claim of privilege or work-product protection.

3. The attached memorandum is incorporated herein.

Dated:    12/21/10

                                        s/ Arthur J. Boylan
                                        Chief Magistrate Judge Arthur J. Boylan
                                        United States District Court

## MEMORANDUM

### I. BACKGROUND

Plaintiffs invested in the common stock of Defendant Medtronic, Inc. (Defendant Medtronic), between November 20, 2006, and November 17, 2008. (Am. Compl. Aug 21, 2010; [Docket No. 68].) Plaintiffs' allegations in their Amended Complaint can be summarized as

follows: In July 2002, the Food and Drug Administration (FDA) approved Defendant Medtronic's INFUSE Bone Graft[2] (INFUSE) for specific surgical applications (*id.* at ¶ 1); beginning in November 2006, Defendants presented INFUSE as an increasing source of revenue for Defendant Medtronic without disclosing that Defendants were increasing the sale of INFUSE by promoting the use of INFUSE for purposes not approved by the FDA (i.e., "off-label use") (*id.* at ¶¶ 2-5); in November 2008, Defendants acknowledged that the United States Department of Justice (DOJ) was investigating the promotion of INFUSE for off-label usage (*id.* at ¶ 8); and disclosure of the DOJ investigation led the stock price of Defendant Medtronic to decline. (*Id.* at ¶ 9.) As a result of these allegations, Plaintiffs brought a Consolidated Complaint for Violations of the Federal Securities Laws, asserting that Defendants violated section 10(b) of the Exchange Act and Rule 10b-5(b) promulgated thereunder, and violated section 20(a) of the Exchange Act. (*Id.* at ¶¶ 296-313.)

Defendants brought Motions to Dismiss. [Docket No. 71.] The Honorable Paul A. Magnuson, United States District Court Judge, granted Defendants' motions in part and denied Defendants' motions in part. (Order & Memorandum, Feb. 3, 2010; [Docket No. 88].) Judge Magnuson concluded that Plaintiffs' Amended Complaint contained the following categories of actionable statements: statements that attributed the growth in INFUSE sales to on-label uses of INFUSE, statements predicting increased INFUSE sales from additional on-label uses, and statements about Defendant Medtronic's efforts to comply with the Corporate Integrity Agreement.[3] (*Id.* at 16.)

---

[2] INFUSE is a surgically implanted medical treatment designed to stimulate bone growth.

[3] In 2007, Defendant Medtronic entered into a Corporate Integrity Agreement as part of a settlement with the DOJ on another matter. (Am. Compl. ¶¶ 78-86.) The Corporate Integrity

4

Plaintiffs served discovery upon Defendants. Within their discovery requests, Plaintiffs defined the "Relevant Period" for all of their requests as follows:

> Unless otherwise stated in a request, all documents requested are documents dated, prepared or referring to events that occurred during the period January 1, 1999, through the present (the "Relevant Period") and documents that refer or relate to all or any portion of the Relevant Period, whenever dated or prepared.

However, some discovery requests specified a narrower time frame. Subsequently, the parties engaged in motion practice with respect to whether Plaintiffs could obtain discovery concerning Defendants' cooperation with various government investigations into Medtronic. In ruling on Plaintiffs' Motion to Compel [Docket No. 125], this Court limited Plaintiffs' discovery requests to those requests seeking information relevant to a claim or defense. [Docket No. 142.] Defendants contend that they have substantially complied with this Order, but they acknowledge that they have not produced documents related to their counsels' communications with government investigators and contest the scope of the "Relevant Period." The parties have met and conferred in an attempt to resolve this issue, but have been unable to do so. Therefore, Defendants bring the present Motion for Protective Order. Plaintiffs oppose the motion.

Defendants served the following discovery requests on Plaintiffs:

> Document Request No. 2: All Documents Concerning any Communication between You and any other person or entity concerning Medtronic or this lawsuit, including discussions about when and whether to join or initiate this lawsuit, and any Communication You had with your counsel for this lawsuit, with your counsel's agents, or with representatives of your counsel prior to your retention of counsel in this lawsuit.

> Document Request No. 12: All Documents Concerning any advice, due diligence, or research analysis received by you regarding any company (or any company's securities) in the medical device or pharmaceutical industries.

---

Agreement states that Medtronic will strengthen its employee training and compliance systems surrounding sales and marketing practices.

5

> Document Request No. 20: All Documents Concerning any Communications between You and any putative class member. This request includes, but is not limited to, any attempt to solicit or request a person to participate in this litigation.
>
> Document Request No. 22: All Documents Concerning any agreement between You and any other individual or entity (including, but not limited to, your counsel or counsel representing other parties with an interest in this litigation) regarding this lawsuit, your participation in the lawsuit, the costs of this lawsuit, attorneys fees earned or paid in connection with this lawsuit, or any recovery You may receive as a result of this lawsuit.
>
> Document Request No. 23: All Documents reviewed, read, consulted, or considered in any way in answering Medtronic's First Set of Interrogatories.

Plaintiffs have raised various objections to these requests. The parties have met and conferred in an attempt to resolve their discovery dispute, but have been unable to do so. Therefore, Defendants bring a Motion to Compel, seeking

> an order compelling Plaintiffs to produce documents and information regarding: (1) communications between named plaintiffs and class counsel prior to retention of counsel; (2) advice, due diligence, or research analysis received by Plaintiffs regarding any company or its securities in the medical device or pharmaceutical industries; (3) communications between class counsel and putative class members; (4) retention, fee arrangement, and other related agreements between Plaintiffs and class counsel; and (5) documents reviewed or considered in answering Medtronic's interrogatories.

(Def.'s Mem. 1, Nov. 22, 2010.) Plaintiffs oppose the motion.

## II.  DISCUSSION

### a. Defendants' Motion for Protective Order

Defendants brings the present motion, seeking an order limiting Plaintiffs' discovery requests by excluding correspondence between Defendants' counsel and government investigators and limiting the time frame for discovery requests to, at a minimum, November 1,

2005, through December 31, 2008. For the reasons set forth below, Defendants' Motion for Protective Order is granted in part and denied in part.

District courts have broad discretion to limit discovery and decide discovery motions. *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993). Fed. R. Civ. P. 26(c) provides that this Court, "for good cause" may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Eighth Circuit has defined the "good cause" inquiry as follows:

> The burden is . . . upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted.

*General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quotations omitted).

### i. Time Frame (or Relevant Period) for Discovery Requests

The class period in the present case is November 20, 2006, through November 17, 2008. Plaintiffs seek documents from January 1, 1999, through the present (i.e., the Relevant Period). Defendants have offered to produce documents from November 1, 2005, through December 31, 2008.

Defendants contend that the time frame for discovery requests proposed by Plaintiffs (i.e., the Relevant Period) is overbroad and unduly burdensome. Defendants assert that Defendants' statements that Plaintiffs allege were false were all made during the class period—November 20, 2006, through November 17, 2008. Therefore, Defendants contend that, the proper time frame for relevant discovery is one year or less on either end of the class period.

7

Defendants also assert that conducting a document review back to 2002 would cost an additional $1.47 million and involve an additional 200 document custodians.

Plaintiffs contend that Defendants' motion is an improper attempt to relitigate a decided issue and constitutes a motion for reconsideration. Plaintiffs also argue that Defendants' proposed time frame for relevant documents is too narrow because it excludes relevant documents and Defendants have failed to show an undue burden because Plaintiffs are possibly willing to narrow discovery after they review Defendants' production of documents relevant to the government investigations.

Defendants have met their burden of showing good cause for some protective restriction on the scope of discovery. Protective orders are warranted when discovery would impose a significant burden on the responding party and yield information of limited relevance. Plaintiffs have made no showing as to how information created prior to 2005 has a likelihood of being relevant to whether Defendants made certain misleading statements between November 20, 2006, and November 17, 2008. However, Defendants' cutoff of December 31, 2008, is unreasonable because events occurred during 2009 that are likely relevant to the claims and defenses. Therefore, it is hereby ordered that the Relevant Period for the discovery at issue shall be from January 1, 2005, through December 31, 2009.

*ii. Correspondence between Counsel and Government Investigators*

Defendants argue that the correspondence between their counsel and the government are irrelevant. Plaintiffs again argue that Defendants' motion is an improper motion for reconsideration and such discovery is relevant. For the reasons set forth below, Defendants' motion for a Protective Order is denied with respect to this issue.

Plaintiffs' Document Request No. 1 seeks "communications with the DOJ, members and/or committees of the United States Congress, the SEC or any other government entity

8

regarding INFUSE and/or Medtronic's compliance with or deviation(s) from the Corporate Integrity Agreement." This Court addressed Plaintiffs' Document Request No. 1 within the context of Plaintiffs' motion to compel. Defendants did not argue to this Court in response to Plaintiffs' motion to compel that Document Request No. 1 is overbroad because it seek irrelevant communications between Defendants' attorneys and government investigators.

Defendants attempt to characterize their present motion as "seek[ing] clarification." In the Court's view, no clarification is necessary. Communications between attorneys for Defendants and government investigators fall within the scope of Document Request No. 1 and are relevant under Fed. R. Civ. P. 26(b)(1). Therefore, Defendants' motion for protective order is denied with respect to this issue and the directions within this Court's prior Order stand.

### b. Defendants' Motion to Compel

Plaintiffs oppose producing information responsive to Document Requests Nos. 2, 12, 20, 22, and 23, arguing that these requests seek irrelevant and privileged information. Defendants move this Court for an order compelling Plaintiffs to produce information responsive to these requests. For the reasons set forth below, Defendants' Motion to Compel is granted in part and denied in part.

District courts have broad discretion to decide discovery motions. *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993). Fed. R. Civ. P. 34(a) provides: "A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, . . . ['any designated document'] in the responding party's possession, custody, or control." A party may move for an order compelling discovery where a party fails to respond as requested under Fed. R. Civ. P. 34. Fed. R. Civ. P. 37(a)(3)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* at 37(a)(3)(4).

### *i. Relevance*

Federal Rule of Civil Procedure 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation . . . ." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

Plaintiffs oppose Defendants' discovery requests, arguing that this case is in the pre-class certification stage and Document Requests Nos. 2, 12, 20, 22, and 23 seek information unrelated to class certification, and therefore, irrelevant at this stage in the litigation.[4] This argument is without merit. The amended pretrial scheduling order [Docket No. 100] does no bifurcate discovery in this case and Defendants are entitled to seek discovery within the scope permitted by Fed. R. Civ. P. 26(b)(1).

Plaintiffs agreed to produce all non-privileged information responsive to Document Requests Nos. 2 and 22. Plaintiffs object to producing information responsive to Document Request Nos. 12, 20, and 23. Plaintiff objects to production of information responsive to Document Request No. 23 solely on privilege grounds.[5]

Document Request Nos. 2, 12, 20, 22 and 23 seek relevant information as defined by Fed. R. Civ. P. 26(b)(1). As to Document Request No. 12, INFUSE has characteristics similar to a medical device and pharmaceutical. What Plaintiffs knew about off-label usage in the medical device and pharmaceutical industries and Plaintiffs' investment histories and trading strategies

---

[4] Notwithstanding Plaintiffs' objection, Plaintiffs agreed to produce all non-privileged documents responsive to Document Requests Nos. 2 and 22.

[5] Plaintiffs also make arguments related to Document Request Nos. 4 and 5, which are not at issue in Defendants' motion and therefore, will not be addressed.

10

are relevant to the claims and defenses in the present case. Therefore, Document Request No. 12 seeks relevant information. Document Request No. 12 is not overbroad and unduly burdensome merely because there are numerous companies engaged in medical device and pharmaceutical industries. The scope of discovery is limited to what is requested by Document Request No. 12, not what is encompassed by the medical device and pharmaceutical industries. As to Document Request No. 22, fee arrangements and related matters are relevant to the issues involved in class certification. Therefore, Defendants' Motion to Compel is granted to the extent that it is hereby ordered that, on or before January 15, 2010, Plaintiffs shall produce all non-privileged information responsive to Defendants' Document Request Nos. 2, 12, 20, 22 and 23.

### *ii. Privilege*

A party may withhold otherwise discoverable information when such information is protected by privilege or protected as trial-preparation materials. Fed. R. Civ. P. 26(b)(5). But, when a party

> claiming that the information is privileged or subject to protection as trial-preparation material . . . must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

*Id.* at 26(b)(5)(A).

The parties have neither presented this Court with a privilege log nor made any discussion of a privilege log in their briefing. Their briefing only touches on general topics of privilege. Rule 26(b)(5)(A) is designed to facilitate the parties' meet and confer process and organize briefing. It is premature to address the issue of privilege as the parties have briefed it.

11

Therefore, it is hereby ordered that, on or before January, 15, 2011, Plaintiffs shall provide Defendants with a complete and accurate privilege log that fulfills the requirements of Fed. R. Civ. P. 26(b)(5) by explicitly making a claim of privilege, and describing the nature of the documents, communications, or tangible things, and naming the parties involved in the documents, communications, or tangible things. The parties shall meet and confer on any disputed documents. If the parties are unable to reach an agreement, Defendants may file a brief, not exceeding ten pages, detailing their objections; thereafter, Plaintiffs shall provide, under seal, directly to the Court's chambers for in-camera review, two copies of the documents at issue and may accompany the documents with a brief further explaining the documents and Plaintiff's claim of privilege or work-product protection.

CASE 0:08-cv-06324-PAM-AJB Document 216-267 Filed 12/21/10 Page 13 of 12