1　JORDAN ETH (CA SBN 121617)
　　JEth@mofo.com
2　JUDSON E. LOBDELL (CA SBN 146041)
　　JLobdell@mofo.com
3　CRAIG D. MARTIN (CA SBN 168195)
　　CMartin@mofo.com
4　MORRISON & FOERSTER LLP
　　425 Market Street
5　San Francisco, California 94105-2482
　　Telephone:  (415) 268-7000
6　Facsimile:  (415) 268-7522

7　Attorneys for Defendants
　　SUNPOWER CORPORATION, THOMAS H. WERNER,
8　DENNIS V. ARRIOLA, and EMMANUEL T. HERNANDEZ

9

10　　　　　　　　　　UNITED STATES DISTRICT COURT

11　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

12　　　　　　　　　　　SAN FRANCISCO DIVISION

13

14　IN RE SUNPOWER SECURITIES　　　　Case No. CV 09-5473-RS (JSC)
　　LITIGATION　　　　　　　　　　　　(Consolidated)
15
　　　　　　　　　　　　　　　　　　　　**CLASS ACTION**
16
　　　　　　　　　　　　　　　　　　　　**DEFENDANTS' NOTICE OF MOTION**
17　　　　　　　　　　　　　　　　　　　　**AND MOTION FOR PARTIAL**
　　　　　　　　　　　　　　　　　　　　**JUDGMENT ON THE PLEADINGS**
18　　　　　　　　　　　　　　　　　　　　**REGARDING FORWARD-LOOKING**
　　　　　　　　　　　　　　　　　　　　**STATEMENTS AND VAGUE**
19　　　　　　　　　　　　　　　　　　　　**STATEMENTS OF CORPORATE**
　　　　　　　　　　　　　　　　　　　　**OPTIMISM**
20
　　　　　　　　　　　　　　　　　　　　Judge:  Hon. Richard Seeborg
21　　　　　　　　　　　　　　　　　　　　Courtroom:  3, 17th Floor
　　　　　　　　　　　　　　　　　　　　Hearing Date:  October 25, 2012
22　　　　　　　　　　　　　　　　　　　　Hearing Time:  1:30 p.m.

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................ii

NOTICE OF MOTION AND MOTION ..................................................................................iv

ISSUES TO BE DECIDED .....................................................................................................iv

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

ARGUMENT ........................................................................................................................... 4

I.  JUDGMENT ON THE PLEADINGS SHOULD BE GRANTED WHEN
    THE FACTS ALLEGED FAIL TO SUPPORT A CLAIM, AND ENTRY
    OF JUDGMENT WOULD AVOID WASTEFUL LITIGATION. .................................. 4

II. DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFFS'
    CLAIMS BASED ON FORWARD-LOOKING STATEMENTS. .................................. 5

    A.  The Forward-Looking Statements are Protected by the Reform
        Act's Safe Harbor. ............................................................................................ 5

        1.  SunPower's projections about its future financial results are
            protected by the safe harbor. ................................................................ 7

        2.  SunPower's statements about its cost-reduction plans are
            protected by the safe harbor. ................................................................ 9

        3.  The remaining forward-looking statements are protected by
            the safe harbor. .................................................................................... 10

    B.  Plaintiffs Fail to Plead that the Forward-Looking Statements Were
        False. ................................................................................................................ 11

III. THE VAGUE STATEMENTS OF CORPORATE OPTIMISM ARE NOT
     ACTIONABLE AS A MATTER OF LAW. ................................................................ 13

CONCLUSION ...................................................................................................................... 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

Page(s)

CASES

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975) ................................................................................................ 5

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ................................................................................. 4

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    --- F. Supp. 2d ---, No. 5:11-CV-04003-LHK,
    2012 WL 3010992 (N.D. Cal. July 23, 2012) ................................................. 5, 8, 9

*Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*,
    353 F.3d 1125 (9th Cir. 2004) .............................................................................. 5, 6

*Gonzalez v. Merck & Co., Inc.*,
    No. CV-07-3034-LRS, 2007 WL 2220286 (E.D. Wash. Aug. 2, 2007) .................. 4

*Harris v. Ivax*,
    182 F.3d 799 (11th Cir. 1999) .............................................................................. 6, 8

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
    189 F.3d 971 (9th Cir. 1999) ................................................................................... 4

*In re Clorox Co. Sec. Litig.*,
    238 F. Supp. 2d 1139 (N.D. Cal. 2002), *aff'd*, 353 F.3d 1125 (9th Cir. 2004) ........ 6

*In re Convergent Techs. Sec. Litig.*,
    948 F.2d 507 (9th Cir. 1991) ................................................................................. 12

*In re Copper Mountain Sec. Litig.*,
    311 F. Supp. 2d. 857 (N.D. Cal. 2004) ................................................................... 7

*In re Cornerstone Propane Partners, L.P. Sec. Litig.*,
    355 F. Supp. 2d 1069 (N.D. Cal. 2005) ................................................................ 13

*In re Cutera Sec. Litig.*,
    610 F.3d 1103 (9th Cir. 2010) .......................................................................... *passim*

*In re LeapFrog Enters., Inc. Sec. Litig.*,
    527 F. Supp. 2d 1033 (N.D. Cal. 2007) ............................................................. 9, 10

*In re Oracle Corp. Sec. Litig.*,
    627 F.3d 376 (9th Cir. 2010) ................................................................................. 11

*In re Rackable Sys., Inc., Sec. Litig.*,
    No. C 09-0222 CW, 2010 U.S. Dist. LEXIS 2663 (N.D. Cal. Jan. 13, 2010) ...... 13

*In re Rackable Sys., Inc. Sec. Litig.*,
    No. C 09–0222 CW, 2010 WL 3447857 (N.D. Cal. Aug. 27, 2010) ..................... 11

*In re Splash Tech. Holdings Inc. Sec. Litig.*,
    160 F. Supp. 2d 1059 (N.D. Cal. 2001) .................................................................... 6

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
    No. C 99-00109-SBA, 2000 WL 1727377 (N.D. Cal. Sept. 29, 2000) ............................... 5, 6

*In re SunPower Sec. Litig.* (*SunPower II*),
    No. C 09-5473 RS,
    2011 U.S. Dist. LEXIS 152920 (N.D. Cal. Dec. 19, 2011) .............................................. 1, 2, 3

*In re Thoratec Corp. Sec. Litig.*,
    No. C-04-03168 RMW, 2006 WL 1305226 (N.D. Cal. May 11, 2006) ................................ 7

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
    540 F.3d 1049 (9th Cir. 2008) .................................................................................. 4

*Nahas v. City of Mountain View*,
    No. C 03-05057 JW, 2005 WL 1683617 (N.D. Cal. July 19, 2005) .................................. 4

*Plichta v. SunPower Corp.* (*SunPower I*),
    790 F. Supp. 2d 1012 (N.D. Cal. 2011) ..................................................................... 2

*Ronconi v. Larkin*,
    253 F.3d 423 (9th Cir. 2001) ................................................................................... 12

*Wozniak v. Align Tech., Inc.*,
    No. C–09–3671 MMC, 2011 WL 2269418 (N.D. Cal. June 8, 2011) ................................ 8

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ................................................................................... 2

**STATUTES**

15 U.S.C.
    § 78u-4 ............................................................................................................... 5
    § 78u-5 ........................................................................................................ *passim*

Securities Exchange Act of 1934
    § 10(b) ........................................................................................................... 2, 3, 14
    § 20(a) ........................................................................................................... 2, 3, 14

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    Rule 9(b) ............................................................................................................. 4
    Rule 12(b)(6) ....................................................................................................... 4
    Rule 12(c) ............................................................................................................ 4

1

**NOTICE OF MOTION AND MOTION**

2
TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3
PLEASE TAKE NOTICE that on Thursday, October 25, 2012, at 1:30 p.m., or at such

4
time thereafter as the matter may be heard, in the courtroom of the Honorable Richard Seeborg,

5
located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 3, 17th Floor,

6
Defendants SunPower Corporation, Thomas H. Werner, Dennis V. Arriola, and Emmanuel T.

7
Hernandez (the "Defendants") will, and hereby do, move the Court pursuant to Federal Rule of

8
Civil Procedure 12(c) for an order granting judgment on those claims asserted in the First

9
Amended Consolidated Class Action Complaint filed on April 18, 2011 that are based on

10
forward-looking statements and vague statements of corporate optimism.

11
This Motion is based on this Notice; the Memorandum of Points and Authorities and

12
accompanying Attachments; the supporting Request for Judicial Notice, the Declaration of

13
Andrew S. Bernick and the exhibits attached thereto; all pleadings and papers in this action; such

14
oral argument as may be presented to the Court; and any other matters of which the Court may

15
take judicial notice.

16

**ISSUES TO BE DECIDED**

17
1.       Whether the Court should grant judgment in favor of Defendants on Plaintiffs'

18
Section 10(b) and Section 20(a) claims based on forward-looking statements on the ground that

19
these claims are precluded by the Private Securities Litigation Reform Act's "safe harbor," 15

20
U.S.C. § 78u-5(c).

21
2.       Whether the Court should grant judgment in favor of Defendants on Plaintiffs'

22
Section 10(b) and Section 20(a) claims based on forward-looking statements on the additional,

23
independent ground that Plaintiffs have not alleged facts showing that those statements lacked a

24
reasonable basis when made.

25
3.       Whether the Court should also grant judgment in favor of Defendants on

26
Plaintiffs' Section 10(b) and Section 20(a) claims based on vague statements of corporate

27
optimism on the ground that such statements are not actionable as a matter of law.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In its December 19, 2011 Order, the Court deferred ruling on whether or not forward-looking statements and vague statements of corporate optimism alleged to be false in the First Amended Consolidated Class Action Complaint (the "FAC") are actionable. *In re SunPower Sec. Litig.* (*SunPower II*), No. C 09-5473 RS, 2011 U.S. Dist. LEXIS 152920, at *17 n.6 (N.D. Cal. Dec. 19, 2011). Defendants respectfully request that the Court address this issue now, and grant Defendants judgment on the pleadings with respect to all claims arising out of these statements.

The forward-looking statements, which concern an assortment of different subjects, are not actionable as a matter of law for two reasons. First, each of these statements was accompanied by meaningful cautionary language and is, therefore, protected by the "safe harbor" of the Private Securities Litigation Reform Act of 1995. Second, the FAC does not show that any of the forward-looking statements lacked a reasonable basis when made.

The vague statements of corporate optimism, such as that the "overall global business environment remains very favorable" and that SunPower is "well-positioned for success" also cannot support a claim based on controlling Ninth Circuit law.

Entry of judgment in favor of Defendants on these claims now will avoid wasting judicial resources and burdening the parties with unnecessary discovery. It will allow the parties to focus their efforts on the accounting-related allegations that form the basis of the claims the Court allowed to proceed.

## BACKGROUND

In November 2009, SunPower Corporation ("SunPower" or the "Company") announced that its Audit Committee had begun an investigation into unsubstantiated entries in the accounting records of its Philippines manufacturing operations. *SunPower II*, 2011 U.S. Dist. LEXIS 152920, at *6; (FAC ¶ 116).[1] In March 2010, SunPower announced that its Audit Committee had

---

[1] All references to "FAC ¶ __" are to the paragraphs in the FAC. All references to "Ex. __" are to the numbered exhibits attached to the Declaration of Andrew S. Bernick. All references to "Dkt. No. __" are to the docket numbers assigned by PACER to the documents filed in this action.

1  completed its investigation, and the Company filed restated financial statements for 2008 and the

2  first three quarters of 2009.  *SunPower II*, 2011 U.S. Dist. LEXIS 152920, at *6; (FAC ¶¶ 122,

3  124).  The Audit Committee concluded that the accounting errors were confined to the books of

4  the Philippines manufacturing operation, and that SunPower's San Jose-based executive

5  management had no involvement in, or knowledge of, these errors.  *SunPower II*, 2011 U.S. Dist.

6  LEXIS 152920, at *6-7; (FAC ¶ 124).

7       Several complaints were filed shortly after SunPower's initial November 2009

8  announcement.  A Consolidated Complaint was filed on May 28, 2010.  On March 1, 2011, the

9  Court dismissed the Consolidated Complaint with leave to amend.  *Plichta v. SunPower Corp.*

10  (*SunPower I*), 790 F. Supp. 2d 1012, 1024 (N.D. Cal. 2011).

11       Plaintiffs filed the FAC on April 18, 2011, alleging claims under Section 10(b) of the

12  Securities Exchange Act of 1934 and Rule 10b-5 against SunPower, as well as its CEO Thomas

13  H. Werner, and its former CFOs Emmanuel T. Hernandez and Dennis V. Arriola (the "Individual

14  Defendants").[2]

15       As the Court previously noted, the statements alleged to be false in the FAC fall into two

16  distinct categories.  *SunPower II*, 2011 U.S. Dist. LEXIS 152920, at *17 n.6.  First, Plaintiffs

17  challenge SunPower's reporting of its financial results and its description of its internal controls

18  over financial reporting during the seven quarters at issue in this case—from the first quarter of

19  2008 through the third quarter of 2009.  *Id.*

20       Second, Plaintiffs challenge statements made during the Class Period that are either

21  (1) forward-looking, (2) vague statements of corporate optimism, or (3) both.  The statements,

22  and the reasons they are not actionable, are set out in the chart attached to this Motion as

23

24

25

26  [2] Plaintiffs also allege Section 20(a) "control-person" claims against the Individual Defendants.
    If the Court dismisses the Section 10(b) claims challenged in this motion, it should also dismiss
27  the related Section 20(a) claims.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990
    (9th Cir. 2009) ("Section 20(a) claims may be dismissed summarily . . . if a plaintiff fails to
28  adequately plead a primary violation of section 10(b).").

1    Attachment A and numbered 1 through 32.[3]  These statements address a variety of topics, such as

2    SunPower's predictions regarding the future costs of materials it uses to manufacture solar cells

3    (*e.g.*, FAC ¶ 138) and projections of future financial results.  (*E.g.*, *id.* ¶¶ 147, 157.)

4          Defendants moved to dismiss the FAC on several grounds.  (Dkt. No. 155.)  On

5    December 19, 2011, the Court granted Defendants' motion to dismiss the FAC, in part,[4] but

6    allowed a Section 10(b) claim to proceed against SunPower and Section 10(b) and 20(a) claims to

7    proceed against the Individual Defendants.  *SunPower II*, 2011 U.S. Dist. LEXIS 152920, at *16-

8    17.

9          In its ruling, the Court declined to address Defendants' arguments that the forward-

10   looking statements and vague statements of corporate optimism were not actionable, stating,

11         Defendants also seek dismissal of the claims to the extent they are based on
           representations that they characterize as "forward looking" or "vague
12         statements of corporate optimism."  In light of the fact that the FAC
           unquestionably includes alleged misrepresentations of existing material fact,
13         further parsing of exactly which statements or portions thereof might or
           might not be actionable is not appropriate at this juncture.
14

15   *Id.* at *17 n.6.  The Court did not otherwise address Defendants' arguments concerning the

16   forward-looking statements and vague statements of corporate optimism.

17         Under the Court's Scheduling Order, the anticipated date to substantially complete fact

18   discovery is May 31, 2013.  (Dkt. No. 190.)  To date, a deadline to file summary judgment

19   motions has not been set, and the parties have not taken any depositions.  Defendants have begun

20   producing documents responsive to Plaintiffs' document requests, but at least 11 of Plaintiffs'

21   document requests (Nos. 14, 18, 19, 21, 24, 25, 27, 41, 43, 44, and 45) ask for information

22   relating to the forward-looking statements at issue in this case.  (Ex. 23 at 18-20, 22, 23.)  Request

23

24   ───────────────

25   [3] Twenty-six of the statements in Attachment A are only forward-looking (Nos. 2-10, 12-16, 19-
     25, 27, 28, 30-32).  Five are both forward-looking and vague statements of corporate optimism
26   (Nos. 1, 11, 17, 18, and 29).  And one statement, No. 26, is only a vague statement of corporate
     optimism.

27   [4] Specifically, the Court dismissed Plaintiffs' Securities Act claims in their entirety, as well as
     Section 10(b) claims alleged against two former SunPower employees, John B. Rodman and
28   Mariano M. Trinidad.  *SunPower II*, 2011 U.S. Dist. LEXIS 152920, at *18 and n.7.

No. 18, for instance, asks for "All documents concerning forecasts" for a list of financial metrics. (*Id.* at 18.)   Request No. 25 asks for "All documents concerning, or providing the bases for, any financial guidance or projections provided by SunPower, Hernandez, Arriola, or Werner to the market, analysts or investors . . . ."  (*Id.* at 19-20.)

**ARGUMENT**

**I.      JUDGMENT ON THE PLEADINGS SHOULD BE GRANTED WHEN THE FACTS ALLEGED FAIL TO SUPPORT A CLAIM, AND ENTRY OF JUDGMENT WOULD AVOID WASTEFUL LITIGATION.**

Federal Rule of Civil Procedure 12(c) provides:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings.  It provides a vehicle for summary adjudication on the merits, "which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." *Gonzalez v. Merck & Co., Inc.*, No. CV-07-3034-LRS, 2007 WL 2220286, at *2 (E.D. Wash. Aug. 2, 2007) (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)).  "[I]t is common practice to apply Rule 12(c) to individual causes of action."  *Nahas v. City of Mountain View*, No. C 03-05057 JW, 2005 WL 1683617, at *3 (N.D. Cal. July 19, 2005) (citation omitted).

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Thus, "judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999).  "When considering a motion for judgment on the pleadings, [a] court may consider facts that 'are contained in materials of which the court may take judicial notice.'"  *Id.* at 981 n.18 (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

The heightened pleading standards of Rule 9(b) and the Reform Act apply to motions for judgment on the pleadings.  *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1146-47 (N.D. Cal. 2002), *aff'd*, 353 F.3d 1125 (9th Cir. 2004).  Thus, Plaintiffs must meet "exacting requirements for pleading 'falsity.'"  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d

1049, 1070 (9th Cir. 2008).  In particular, Plaintiffs must "specify each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading."  15 U.S.C. § 78u-4(b)(1).

Judgment with respect to the forward-looking statements is appropriate at this time in order to prevent the parties and the Court from incurring further costs with respect to claims that are not viable.  As the Supreme Court observed in *Blue Chip Stamps v. Manor Drug Stores*: "There has been widespread recognition that litigation under Rule 10b-5 presents a danger of vexatiousness different in degree and in kind from that which accompanies litigation in general," including the burden imposed on officers and directors in taking time away from the business to engage in discovery.  *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 739 (1975).  The purpose of the Reform Act's safe harbor is to free executives to make forward-looking statements by removing the threat of burdensome and distracting litigation.  *See In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-00109-SBA, 2000 WL 1727377, at *5 (N.D. Cal. Sept. 29, 2000) ("The purpose behind [the] safe harbor is to encourage the disclosure of forward-looking information.").  That purpose is only served where the safe harbor protections are enforced early in the litigation—before the burden and distraction of discovery takes its toll.  Consistent with this reasoning, courts frequently grant motions to dismiss securities fraud claims based on the protections of the safe harbor.  *See, e.g.*, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1111-13 (9th Cir. 2010); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, --- F. Supp. 2d ---, No. 5:11-CV-04003-LHK, 2012 WL 3010992, at *14 (N.D. Cal. July 23, 2012).

## II.    DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFFS' CLAIMS BASED ON FORWARD-LOOKING STATEMENTS.

### A.    The Forward-Looking Statements are Protected by the Reform Act's Safe Harbor.

The Reform Act's safe harbor shields from liability any misstatement that is forward-looking so long as the statement is "identified as such" and "accompanied by meaningful cautionary statements."  *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1132 (9th Cir. 2004) (citing 15 U.S.C. § 78u-5(c)).  If a forward-looking statement satisfies these requirements, "then the state of mind of the individual making the

1   statement is irrelevant, and the statement is not actionable regardless of the plaintiff's showing of

2   scienter." *Cutera*, 610 F.3d at 1112.

3        Forward-looking statements include financial projections, management's plans or

4   objectives for future operations, predictions of future economic performance, and any statement

5   of the assumptions underlying the foregoing.  15 U.S.C. § 78u-5(i)(1); *Cutera*, 610 F.3d at 1108.

6   A present-tense statement qualifies as forward-looking "as long as the truth or falsity of the

7   statement cannot be discerned until some point in time after the statement is made."  *In re Splash*

8   *Tech. Holdings Inc. Sec. Litig.*, 160 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001).

9        For cautionary language to be "meaningful," the safe harbor requires the warning only to

10  mention "important factors that could cause actual results to differ materially from those in the

11  forward-looking statement."  15 U.S.C. § 78u-5(c)(1)(A)(i); *Clorox*, 353 F.3d at 1133.  "It does

12  not require a listing of *all* factors."  *Harris v. Ivax*, 182 F.3d 799, 807 (11th Cir. 1999) (original

13  emphasis).  Nor does it require specification of "'the particular factor that ultimately causes the

14  forward-looking statement not to come true.'"  *Id.*; *see also Splash Tech.*, 2000 WL 1727377, at

15  *7.  So long as "an investor has been warned of risks of a significance similar to that actually

16  realized, she is sufficiently on notice of the danger of the investment to make an intelligent

17  decision about it according to her own preferences for risk and reward."  *Harris v. Ivax*, 182 F.3d

18  at 807.

19       Most of the forward-looking statements Plaintiffs challenge concern either predicted

20  future financial performance or expectations for future cost reductions.  As demonstrated in

21  Attachment B,[5] and as stated below, these statements satisfy the safe harbor's requirements and,

22  therefore, cannot form the basis of liability.[6]

23  _____

24  [5] Attachment B lists:  (1) all 31 forward-looking statements, (2) public statements made by
    Defendants that identify each statement as forward-looking, and (3) the accompanying

25  meaningful cautionary language for each statement (identified as "Accompanying Risk
    Disclosures").  The statements in Attachment B are numbered identically to the statements in

26  Attachment A.

27  [6] The same statements are also protected by the analogous "bespeaks caution" doctrine, which
    allows the Court to rule as a matter of law that forward-looking statements contain enough

28  cautionary language or risk disclosure to protect against liability.  *See Clorox*, 353 F.3d at 1132;
                                                    *[Footnote continues on following page.]*

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO. CV 09-5473-RS (JSC)                                                              6
sf-3192812

1.       **SunPower's projections about its future financial results are protected by the safe harbor.**

Statement Nos. 7, 10, 15, 20, 22, 30, and 31 contain projections of future financial results, such as statements projecting future gross margin. These statements fall squarely within the safe harbor's definition of forward-looking statements. *See* 15 U.S.C. § 78u-5(i)(1)(A). As shown in Attachment B, each of these statements is identified as forward-looking and accompanied by meaningful cautionary language. The safe harbor, therefore, precludes claims based on these statements. *Cutera*, 610 F.3d at 1112.

Statement No. 7, from SunPower's April 17, 2008 earnings press release, is illustrative. There, Mr. Werner stated: "***[W]e expect to reach our target financial model of 30% gross margin, 10% operating expenses and 20% operating margin, on a non-GAAP basis, no later than the first quarter of 2009.***" (FAC ¶ 138.)[7] This statement is forward-looking since it predicts future margins. *See, e.g.*, *In re Thoratec Corp. Sec. Litig.*, No. C-04-03168 RMW, 2006 WL 1305226, at *7 (N.D. Cal. May 11, 2006) (dismissing complaint and ruling "predicted gross margins" are forward-looking statements). The press release identified the statement as forward-looking: "Forward-looking statements in this press release include . . . the company's plans and expectations regarding . . . the company reaching its target financial model of 30% gross margin, 10% operating expenses and 20% operating margin, on a non-GAAP basis, no later than the first quarter of 2009[.]" (Ex. 2 at 9.)

The press release also cautioned investors that several risks could cause SunPower's financial projections to fall short, including "business and economic conditions and growth trends in the solar power industry," and "the company's ability to compete with other companies and competing technologies." (*Id*. at 9-10.) The press release also referred investors to SunPower's

---

*[Footnote continued from previous page.]*

*see also In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d. 857, 876 (N.D. Cal. 2004) (dismissing forward-looking statements based on both the safe harbor and bespeaks caution doctrine and stating "it is appropriate to consider the two protections simultaneously").

[7] This statement and all subsequent statements quoted from the FAC in this brief contain original emphasis (unless otherwise indicated).

1   then most recent periodic SEC filing—its fiscal year 2008 Form 10-K—which in turn disclosed

2   additional risks, including the possibility that SunPower could "miss . . . future guidance" because

3   of the "average selling price of [its] solar cells" and "the availability and pricing of raw materials,

4   particularly polysilicon."  (Ex. 1 at 21.)  The Form 10-K disclosed further risks relating to

5   SunPower's rapid growth, including "difficulties in effectively managing the budgeting,

6   forecasting, and other process control issues presented by rapid growth"; and "implement[ing]

7   and improv[ing] . . . financial and operations systems, procedures and controls, including the need

8   to update and integrate our financial internal control systems . . . in our Philippines facility with

9   those of our San Jose, California headquarters . . . ."  (*Id.* at 19.)[8]

10          The cautionary language here is more detailed and specific than the language held to be

11   "meaningful" in other cases.  For example, in *Juniper Networks*, the court dismissed claims based

12   on statements discussing future revenue and business prospects when the company warned of

13   "[f]luctuating economic conditions [that] make it difficult to predict revenues for a particular

14   period" and "intense competition that could reduce . . . revenues and adversely affect . . . financial

15   results[.]"  *Juniper Networks*, 2012 WL 3010992, at *13-14.  Here, SunPower's warnings went

16   much further, not only cautioning investors about unpredictable financial results and competition,

17   but also identifying specific factors relating directly to its business, such as the price of

18   polysilicon, competition with new solar manufacturers, and issues related to its rapid growth.

19   Indeed, these risk factors were not just of "a significance similar to that actually realized," *Harris*,

20   182 F.3d at 807, they were precisely the risks that Plaintiffs claim actually occurred.  (*E.g.*, FAC

21   ¶ 5 ("The market that SunPower had once led through technological innovation and engineering

22   savvy had become an oversupplied commodities market dominated by a host of new solar power

23   companies hoping to profit from the alternative energy boom.").)  For these reasons, as shown in

24   Attachment B, Statements 7, 10, 15, 20, 22, 30, and 31 are not actionable as a matter of law under

25

26   [8] Referring investors to risk disclosures in other SEC reports satisfies the safe harbor.  *See
     Wozniak v. Align Tech., Inc.*, No. C-09-3671 MMC, 2011 WL 2269418, at *6-7 (N.D. Cal.

27   June 8, 2011) (dismissing forward-looking statements and ruling risk disclosures from other SEC
     report were adequate when "incorporated by reference" into a separate statement).

28

1  the safe harbor. *See Juniper Networks*, 2012 WL 3010992, at *12; *see also Cutera*, 610 F.3d at

2  1112 (affirming dismissal of forward-looking statements when company warned of its "ability to

3  continue increasing sales performance worldwide").

4              **2.**       **SunPower's statements about its cost-reduction plans are protected by the safe harbor.**

5

6         The safe harbor also protects SunPower's statements concerning its plans and projections

7  for cost reduction.[9]  These statements are defined by the safe harbor as forward-looking since

8  they are statements about future economic performance. *See* 15 U.S.C. § 78u-5(i)(1)(C); *see also*

9  *In re LeapFrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1046 (N.D. Cal. 2007) (statement

10 that company expects certain investments "will lead to . . . reduced costs in the long run"

11 considered forward-looking).  Each of these statements was also identified as forward-looking

12 and accompanied by meaningful risk disclosures.

13        For example, in Statement No. 14, Mr. Werner stated that SunPower was confident in its

14 cost-reduction plans because it expected polysilicon costs to "***continue to decline***."  (FAC ¶ 146.)

15 However, SunPower informed investors that it had entered into "long-term" supply agreements

16 for polysilicon at fixed prices, and warned that "[i]f the market price of polysilicon in future

17 periods is less than the price we have committed to pay . . . , our cost of production could be

18 comparatively higher than that of competitors who buy polysilicon on the open market."  (Ex. 4 at

19 48.)  SunPower also warned that because of its long-term supply agreements, a future decline in

20 polysilicon price would "adversely affect our business and results of operations."  (*Id.*)  This risk

21 concerning polysilicon is the exact same risk Plaintiffs allege actually materialized.  (*See, e.g.*,

22 FAC ¶ 5 ("[D]uring the Class Period, SunPower was locked into high-cost supply contracts for

23 polysilicon . . . from fixed, non-cancelable purchase commitments signed earlier, when market

24 demand for polysilicon exceeded available supplies.  SunPower competitors, meanwhile, enjoyed

25 drastically lower market prices for polysilicon beginning in the second half of 2008.").)

26

27 _____

[9] Statement Nos. 3, 4, 6, 8, 9, 11-14, 16, 19, 21, 23, and 29.

28

1    In addition, in Statement No. 3, SunPower predicted that "***higher efficiencies***" and the use

2    of "***thinner wafers***" would contribute to additional cost reductions.  (FAC ¶ 138.)  But SunPower

3    warned investors about its predictions regarding achieving higher manufacturing efficiencies and

4    thinner wafers by disclosing, for example, that:

5    
> Although we have implemented production using thinner wafers and
> anticipate further reductions in wafer thickness, these methods may have
6    
> unforeseen negative consequences on our yields or our solar cell efficiency
> or reliability once they are put into large-scale commercial production, or
7    
> they may not enable us to realize the cost reductions we hope to achieve.

8    (Ex. 1 at 16.)

9    And, in Statement No. 12, SunPower predicted that a "prototype Generation 3 solar cell"

10    was "expected to be in production in approximately two years" and "is ***a key element in our***

11    ***roadmap to reduce total systems costs***[.]"  (FAC ¶ 146.)  SunPower also specified risks that could

12    cause it to miss its prediction about its prototype Generation 3 solar cell, including "construction

13    difficulties or potential delays in the project implementation process," and "the risk of

14    continuation of supply of products and components from suppliers."  (Ex. 5 at 9.)  SunPower also

15    disclosed additional risks related to "new or enhanced products," including "technical challenges"

16    and "disruption in customers' ordering patterns," and cautioned that failure to manage such risks

17    could "adversely affect our business."  (Ex. 4 at 61.)

18    Statements Nos. 3, 12, and 14, therefore, along with SunPower's other projections

19    regarding its cost-reduction plans, are protected by the safe harbor.  *See LeapFrog*, 527 F. Supp.

20    2d at 1046-47 (ruling safe harbor protects statement that "investments in a supply-chain

21    management system and warehousing and logistics functions 'will lead to improved margins and

22    reduced costs in the long run,'" when accompanied with cautionary language "specifically

23    address[ing]" the risks).

24    **3.    The remaining forward-looking statements are protected by the safe
       harbor.**

25    

26    Last, the safe harbor protects Statements 1, 2, 5, 17, 18, 24, 25, 27, 28, and 32, which are

27    other forward-looking statements concerning "future economic performance," as well as

28    statements about "the plans and objectives of management for future operations."  15 U.S.C.

1   §§ 78u-5(i)(1)(B)-(C). The Company identified each of these statements as forward-looking, and

2   accompanied them with meaningful cautionary statements. In Statement 2, for example,

3   SunPower predicted it would expand solar cell production "by more than 150% in 2008 compared

4   to 2007." (FAC ¶ 138.) SunPower accompanied this statement with meaningful cautionary

5   language by, among other things, warning investors that "[e]xpanding our manufacturing

6   facilities or developing facilities may be delayed by difficulties such as unavailability of

7   equipment or supplies or equipment malfunction." (Ex. 1 at 18.) Accordingly, these statements,

8   like all of the forward-looking statements challenged in the FAC, are protected by the safe harbor

9   and cannot form the basis for liability in this action. Judgment should be granted with respect to

10  claims that are based on these statements.

11          **B.      Plaintiffs Fail to Plead that the Forward-Looking Statements Were False.**

12          An independent basis for granting judgment on claims that are based on the forward-

13  looking statements is that Plaintiffs have not alleged that any of the forward-looking statements

14  were false. A forward-looking statement can give rise to liability as a false statement only where

15  a plaintiff pleads facts showing that the statement lacked a reasonable basis when it was made. *In*

16  *re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 388 (9th Cir. 2010); *In re Rackable Sys., Inc. Sec.*

17  *Litig.*, No. C 09-0222 CW, 2010 WL 3447857, at *5 (N.D. Cal. Aug. 27, 2010) (dismissing

18  claims based on forward-looking projections when "Plaintiffs fail[ed] to allege contemporaneous

19  facts that show that Defendants did not have a reasonable basis for these projections when they

20  were made"). Plaintiffs plead no such facts with respect to any of the forward-looking statements

21  at issue here. Indeed, with respect to many of these statements, Plaintiffs do not even plead facts

22  showing that the predictions did not come true.

23          For each of the seven quarters at issue in the Class Period, the FAC quotes large blocks of

24  public statements made by Defendants, including the forward-looking statements listed in

25  Attachment A. (FAC ¶¶ 136-201.) The FAC then alleges in conclusory fashion that "each"

26  statement in the large blocks of quotes was false and misleading when made, and repeats a

27  boilerplate list of reasons. (*See id.* ¶¶ 144, 154, 164, 173, 183, 192, 201.) While the boilerplate

28  attempts to describe why statements concerning *existing* facts were false—by contrasting the

1   original statement with the restated financial statements—it contains no such description for the

2   forward-looking statements.

3        Statement No. 13 in Attachment A illustrates this pattern.  There, Plaintiffs excerpt a

4   quote from an earnings press release in which Mr. Werner stated:

5            ***[I]n order to meet expected future demand and scale economies to reach
          our cost reduction goals***, SunPower announced plans to build its third solar
6         cell manufacturing facility in Malaysia which, when completed, will have a
          nameplate capacity in excess of 1 gigawatt."

7

8   (*Id.* ¶ 146.)

9        The boilerplate falsity allegations that follow do not allege facts showing that SunPower

10  misled investors about its reasons for wanting to build the new Malaysian facility, or that

11  SunPower never built the facility, or that the facility failed to have a nameplate capacity in excess

12  of 1 gigawatt.  Indeed, Plaintiffs say nothing about these topics.  Since Plaintiffs do not allege

13  facts showing that this statement lacked a reasonable basis when made, or even failed to come

14  true, the statement is not actionable.  *See Ronconi v. Larkin*, 253 F.3d 423, 430 (9th Cir. 2001)

15  (affirming dismissal of claims based on optimistic projections about a merger when "no facts are

16  alleged in the complaint that would support an inference that the company's more optimistic

17  predictions were known to be false or misleading at that time by the people who made them"); *In*

18  *re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 514 (9th Cir. 1991) (no liability for projection

19  that "pretty much" came true).

20       Statement No. 23 fits the same pattern.  Plaintiffs allege that Mr. Werner stated during an

21  earnings conference call that "we have tested our model and ***can sustain module ASP [average***

22  ***selling price] reductions in excess of 20% by accelerating our cost reduction programs*** and

23  limiting our operating expense growth," and that "[t]he combination of 50% lower module costs,

24  50% lower balance of system costs and improved energy delivery allow us to compete favorably

25  on a levelized cost of energy basis in all markets."  (FAC ¶ 166.)  Plaintiffs do not allege facts

26  showing that this statement lacked a reasonable basis, or even failed to come true.  The statement,

27  therefore, is not actionable.

28

1    This same pattern applies to all statements listed in Attachment A (except Statement No.

2    26, which Defendants do not argue is forward-looking).  On this independent basis, the Court

3    should grant judgment in favor of Defendants as to each of these statements.

4    **III.    THE VAGUE STATEMENTS OF CORPORATE OPTIMISM ARE NOT
          ACTIONABLE AS A MATTER OF LAW.**

5

6    Judgment should also be granted with respect to the six vague statements of corporate

7    optimism listed in Attachment A (Statement Nos. 1, 11, 17, 18, 26, and 29).  "When valuing

8    corporations, . . . investors do not rely on vague statements of optimism like 'good,' 'well-

9    regarded,' or other feel good monikers."  *Cutera*, 610 F.3d at 1111.  Therefore, "'[v]ague,

10   generalized, and unspecific assertions' of corporate optimism or statements of 'mere puffing'

11   cannot state actionable material misstatements of fact under federal securities laws."  *In re*

12   *Cornerstone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069, 1087 (N.D. Cal. 2005).

13   The six statements listed above are all vague statements of corporate optimism.  (*E.g.*,

14   Statement No. 11 (FAC ¶ 146) ("***We are well-positioned for success entering the second half of***

15   ***the year.***"); Statement No. 18 (*Id*. ¶ 156) ("***These developments make us even more confident in***

16   ***our planned performance as we look into next year***").)  These statements are not actionable as a

17   matter of law.  *See Cornerstone*, 355 F. Supp. 2d at 1087 ("industry leading" growth, "growth

18   that positions us beautifully," "measurable progress," "continuing improvements," and

19   "outstanding results" all not actionable); *In re Rackable Sys., Inc., Sec. Litig.*, No. C 09-0222 CW,

20   2010 U.S. Dist. LEXIS 2663, at *18-19 (N.D. Cal. Jan. 13, 2010).  Judgment should, therefore, be

21   granted on all claims that are based on these statements.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1

**CONCLUSION**

2          The forward-looking statements and vague statements of corporate optimism challenged

3    in the FAC are not actionable.  Their continued presence in this case would serve only to add to

4    the time and expense of discovery and to provide distraction at trial.  Defendants respectfully

5    request, therefore, that the Court grant judgment for Defendants on all Section 10(b) and

6    Section 20(a) claims based on those statements.

7    Dated:  September 14, 2012               MORRISON & FOERSTER LLP

8

9                                            By:    _/s/ Judson E. Lobdell_____
                                                    Judson E. Lobdell

10
                                             Attorneys for Defendants
11                                           SUNPOWER CORPORATION, THOMAS H. WERNER,
                                             DENNIS V. ARRIOLA, and EMMANUEL T.
12                                           HERNANDEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ECF ATTESTATION**

I, Andrew S. Bernick, am the ECF User whose ID and Password are being used to file the foregoing document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Judson E. Lobdell has concurred in this filing.

Dated: September 14, 2012                    MORRISON & FOERSTER LLP


By:   /s/ Andrew S. Bernick