JORDAN ETH (CA SBN 121617)
JEth@mofo.com
JUDSON E. LOBDELL (CA SBN 146041)
JLobdell@mofo.com
CRAIG D. MARTIN (CA SBN 168195)
CMartin@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendants
SUNPOWER CORPORATION, THOMAS H. WERNER,
DENNIS V. ARRIOLA, and EMMANUEL T. HERNANDEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS (JSC) (Consolidated) <br><br> **CLASS ACTION** <br><br> **REQUEST FOR JUDICIAL NOTICE FILED IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING FORWARD-LOOKING STATEMENTS AND VAGUE STATEMENTS OF CORPORATE OPTIMISM** <br><br> Judge: Hon. Richard Seeborg <br> Courtroom: 3, 17th Floor <br> Hearing Date: October 25, 2012 <br> Hearing Time: 1:30 p.m. |

# REQUEST FOR JUDICIAL NOTICE

Defendants SunPower Corporation ("SunPower"), Thomas H. Werner, Dennis V. Arriola, and Emmanuel T. Hernandez (collectively, "Defendants") have filed a Motion for Partial Judgment on the Pleadings Regarding Forward-looking Statements and Vague Statements of Corporate Optimism ("Motion"). In support of their Motion, Defendants request that the Court take judicial notice, under Federal Rule of Evidence 201, of the documents attached as exhibits to the Declaration of Andrew S. Bernick in Support of the Motion ("Bernick Declaration"). The documents attached to the Bernick Declaration include: (1) documents filed with the United States Securities and Exchange Commission (the "SEC"); (2) transcripts of SunPower's recorded conference calls with investors; and (3) court documents filed in this action.

# ARGUMENT

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" and "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The contents of each of the exhibits attached to the Bernick Declaration meet these standards.

## I. THE COURT SHOULD TAKE JUDICIAL NOTICE OF SUNPOWER'S FILINGS WITH THE SEC.

The Court should take judicial notice of the contents of **Exhibits 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 16, 17, 19, 20, and 22** to the Bernick Declaration. These exhibits consist of documents that SunPower filed with the SEC. Documents filed with the SEC are matters of public record, and their contents may be judicially noticed. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Silicon Graphics Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (courts may "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination"); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) ("SEC filings may be judicially noticed"); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953-54 (N.D. Cal. 2007) (taking judicial notice of contents of public filings).

REQ. FOR JUDICIAL NOT. IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO. CV 09-5473-RS (JSC)
sf-3192864

1

The Court should consider **Exhibits 1, 2, 4, 5, 7, 8, 10, 11, 13, 14, 17, 20, and 22** to the Bernick Declaration for the additional reason that those documents contain cautionary language accompanying forward-looking statements. *See* 15 U.S.C. § 78u-5(e) ("[T]he court shall consider any statement cited in the complaint and any cautionary statement accompanying . . . forward-looking statement[s], which are not subject to material dispute, cited by the defendant."); *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1133 (9th Cir. 2004).

Further, the Court may consider **Exhibits 2, 4, 5, 7, 8, 10, 11, 13, 14, 16, 17, 19, 20, and 22** to the Bernick Declaration regardless of whether it takes judicial notice of the contents of those documents because they are incorporated by reference into Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC") (Dkt. No. 153), or the FAC necessarily relies on them. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *In re Versant Object Tech. Corp. Sec. Litig.*, No. C-98-00299-CW, 2000 U.S. Dist. LEXIS 22333, at *8-9 (N.D. Cal. May 18, 2000). Individual paragraphs of the Bernick Declaration indicate which FAC paragraphs rely on each exhibit.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF SUNPOWER'S INVESTOR COMMUNICATIONS.

The Court should also take judicial notice of the contents of the documents attached as **Exhibits 3, 6, 9, 12, 15, 18, and 21** to the Bernick Declaration. These exhibits consist of transcripts of SunPower's recorded conference calls with investors. The contents of the investor conference calls are "not subject to reasonable dispute" because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Brodsky*, 630 F. Supp. 2d at 1111 (taking judicial notice of the contents of conference calls with investors); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010) (same).

**Exhibit 12** to the Bernick Declaration should also be considered by the Court because it contains cautionary language accompanying forward-looking statements. *See* 15 U.S.C. § 78u-5(e); *Clorox*, 353 F.3d at 1133. In addition, **Exhibits 3, 6, 9, 12, 15, 18, and 21** to the Bernick

REQ. FOR JUDICIAL NOT. IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO. CV 09-5473-RS (JSC)
sf-3192864

2

1  Declaration are cited in the FAC, and the Court may consider them regardless of whether it takes
2  judicial notice of their contents. *See Tellabs*, 551 U.S. at 322; *Versant*, 2000 U.S. Dist. LEXIS
3  22333, at *8-9.

### III. THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS FILED IN THIS ACTION.

The Court should also take judicial notice of the contents of the document attached as **Exhibit 23** to the Bernick Declaration. This exhibit is a copy of a document entitled "Lead Plaintiffs' First Request for Production of Documents to Defendants," filed in this action on August 30, 2012 as Exhibit 7 to the Declaration of Erik D. Peterson in Support of Plaintiffs' Motion to Compel Production of Documents Responsive to First Set of Document Requests. (Dkt. No. 208-7.) It is well established that this Court may take judicial notice of such court documents. *See, e.g.*, *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of court proceedings); *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1124 n.29 (9th Cir. 2002) *abrogated on other grounds* 630 F.3d 1173 (9th Cir. 2011) (taking judicial notice of a complaint filed in another action).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the contents of the documents attached as **Exhibits 1 through 23** to the Bernick Declaration.

Dated: September 14, 2012         MORRISON & FOERSTER LLP

                                  By:   */s/ Judson E. Lobdell*
                                        Judson E. Lobdell

                                  Attorneys for Defendants
                                  SUNPOWER CORPORATION, THOMAS H. WERNER,
                                  DENNIS V. ARRIOLA, and EMMANUEL T.
                                  HERNANDEZ

REQ. FOR JUDICIAL NOT. IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
CASE NO. CV 09-5473-RS (JSC)
sf-3192864

3

**ECF ATTESTATION**

I, Andrew S. Bernick, am the ECF User whose ID and Password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Judson E. Lobdell has concurred in this filing.

Dated: September 14, 2012　　　　　　　MORRISON & FOERSTER LLP

　　　　　　　　　　　　　　　　　　　By:　/s/ Andrew S. Bernick