1    KAPLAN FOX & KILSHEIMER LLP          BERNSTEIN LITOWITZ BERGER
     LAURENCE D. KING (Bar No. 206423)       & GROSSMANN LLP
2    MARIO M. CHOI (Bar No. 243409)       DAVID R. STICKNEY (Bar No. 188574)
     350 Sansome Street, Suite 400        BENJAMIN GALDSTON (Bar No. 211114)
3    San Francisco, CA 94104              DAVID R. KAPLAN (Bar No. 230144)
     Tel:    (415) 772-4700               12481 High Bluff Drive, Suite 300
4    Fax:    (415) 772-4707               San Diego, CA 92130
5    lking@kaplanfox.com                  Tel:    (858) 793-0070
     mchoi@kaplanfox.com                  Fax:    (858) 793-0323
6                                         davids@blbglaw.com
     KESSLER TOPAZ MELTZER                beng@blbglaw.com
7         & CHECK, LLP                    davidk@blbglaw.com
8    RAMZI ABADOU (Bar No. 222567)
     ELI R. GREENSTEIN (Bar No. 217945)
9    STACEY KAPLAN (Bar No.241989)
     ERIK D. PETERSON (Bar No. 257098)
10   One Sansome Street, Suite 1750
     San Francisco, CA 94104
11   Tel:    (415) 400-3000
     Fax:    (415) 400-3001
12   rabadou@ktmc.com
     egreenstein@ktmc.com
13   skaplan@ktmc.com
     epeterson@ktmc.com
14
15   *Attorneys for Lead Plaintiffs Arkansas Teacher*
     *Retirement System, Första-AP Fonden and*
16   *Danske Invest Management A/S*
17
18                        UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF CALIFORNIA
19
20   IN RE SUNPOWER SECURITIES        )   Case No. CV 09-5473-RS (JSC)
     LITIGATION                       )   (Consolidated)
21                                    )
                                      )   **DECLARATION OF LAURENCE D. KING**
22                                    )   **IN SUPPORT OF LEAD PLAINTIFFS'**
                                      )   **MOTION FOR CLASS CERTIFICATION**
23                                    )
                                      )   Judge:  Hon. Richard Seeborg
24                                    )   Courtroom: 3
                                      )   Date: March 14, 2013
25                                    )   Time: 1:30 p.m.
                                      )
26                                    )
                                      )
27   _____)
28

1    I, Laurence D. King, declare and say:

2    1.    I am a partner with the law firm Kaplan Fox & Kilsheimer LLP, one of Court-

3    appointed Lead Counsel for Lead Plaintiffs Arkansas Teacher Retirement System, Första-AP

4    Fonden, and Danske Invest Management A/S ("Lead Plaintiffs"). I make this Declaration based

5    on personal knowledge of the facts detailed herein. If called as a witness, I would testify to the

6    facts set forth below.

7    2.    This Declaration is respectfully submitted pursuant to Local Rule 7-5 in support

8    of Lead Plaintiffs' Motion for Class Certification.

9    3.    Attached hereto as Exhibit A is a true and correct copy of excerpts from

10   Defendants' Response to Lead Plaintiffs' First Set of Admissions to Defendants, dated

11   September 4, 2012. These excerpts were originally designated "confidential."

12   4.    Based on conversations between Lead Counsel for Lead Plaintiffs and counsel for

13   Defendants, the excerpts attached hereto as Exhibit A have been de-designated "confidential."

14   Attached hereto as Exhibit B is a true and correct copy of the September 28, 2012 letter from

15   Lead Plaintiffs' counsel to Defendants' counsel confirming that all objections and responses

16   found in Exhibit A have been de-designated "confidential." Accordingly, these excerpts do not

17   require a sealing order pursuant to the Stipulated Protective Order Governing Confidentiality

18   (*see* ECF No. 197).

19   I declare under penalty of perjury under the laws of the United States of America that the

20   foregoing is true and correct.

21   Executed this 28th day of September, 2012, in San Francisco, California.

22

23    _/s/ Laurence D. King_
          LAURENCE D. KING

24

25

26

27

28

KING DECLARATION ISO MOTION FOR CLASS CERTIFICATION        Case No. CV 09-5473-RS (JSC)

EXHIBIT A

1   JORDAN ETH (CA SBN 121617)
    JEth@mofo.com
2   JUDSON E. LOBDELL (CA SBN 146041)
    JLobdell@mofo.com
3   CRAIG D. MARTIN (CA SBN 168195)
    CMartin@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California 94105-2482
    Telephone: (415) 268-7000
6   Facsimile: (415) 268-7522

7   Attorneys for Defendants
    SUNPOWER CORPORATION, THOMAS H.
8   WERNER, DENNIS V. ARRIOLA, and
    EMMANUEL T. HERNANDEZ

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14   IN RE SUNPOWER SECURITIES          Case No. CV 09-5473-RS
     LITIGATION                         (Consolidated)
15
                                        **CLASS ACTION**
16
                                        **DEFENDANTS' RESPONSE TO
17                                      LEAD PLAINTIFFS' FIRST SET
                                        OF REQUESTS FOR
18                                      ADMISSIONS**

19

20

21   PROPOUNDING PARTIES:     Lead Plaintiffs Arkansas Teacher Retirement System,
                              Första-AP Fonden, and Danske Invest Management A/S
22

23   RESPONDING PARTIES:      Defendants SunPower Corporation, Thomas H. Werner,
                              Dennis V. Arriola, and Emmanuel T. Hernandez
24

25   SET NUMBER:              One

26

27

28

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS

CONFIDENTIAL

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants SunPower Corporation ("SunPower"), Thomas H. Werner, Dennis V. Arriola, and Emmanuel T. Hernandez (collectively, "Defendants") respond to Lead Plaintiffs' First Set of Requests for Admissions to Defendants, as follows:

## GENERAL OBJECTIONS

1.    Each of these general objections is incorporated into and made a part of Defendants' response to each and every request.

2.    Defendants object to Lead Plaintiffs' failure to properly serve, and to allow Defendants sufficient time to respond to, the requests for admissions pursuant to the Federal Rules of Civil Procedure.  Lead Plaintiffs purported to serve the requests for admissions by electronic mail without Defendants' written consent as required by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

3.    Defendants object to each request, including each definition and instruction contained therein, to the extent that it conflicts with, or purports to expand Defendants' discovery obligations beyond, any stipulations, agreements between the parties, or orders governing discovery in this action.

4.    Defendants object to each request, including each definition and instruction contained therein, to the extent that it conflicts with, or purports to expand Defendants' discovery obligations beyond those imposed by, the Federal Rules of Civil Procedure and the Local Rules of this Court.

5.    Defendants object to each request, including each definition and instruction contained therein, to the extent that it seeks information that is not in SunPower's or Messrs. Werner's, Arriola's, or Hernandez's possession, custody, or control.

6.    Defendants object to each request, including each definition and instruction contained therein, as premature to the extent that it calls for expert opinion or investigation.  Defendants' experts have not completed investigation, reached opinions, prepared reports, and/or provided testimony.

CONFIDENTIAL

7.   Defendants object to each request, including each definition and instruction contained therein, to the extent it is being used to gather evidence, which is an impermissible use of a request for admission. *See Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS). 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) ("Requests for Admissions are not intended to be used as means of gathering evidence."); *Suever v. Connell*, No. C 03-00156 RS, 2008 WL 906423, at *13 (N.D. Cal. Apr. 1, 2008) (Seeborg, M.J.) (Rule 36 "is not intended as a discovery tool but instead presupposes that the party propounding the requests knows the facts set forth").

8.   Defendants object to Definition No. 1 ("Class") as vague, ambiguous, and overbroad, particularly with respect to the phrase "damaged by the conduct asserted in the Complaint." Defendants interpret "Class" to mean persons who purchased or otherwise acquired shares of SunPower common stock during the Class Period.

9.   Defendants object to Definition No. 14 ("you" and "your") as overbroad and unduly burdensome to the extent that it purports to impose on Defendants an obligation to provide information outside Defendants' possession, custody, or control.

10.   Defendants have not completed their investigation of the facts of this case or their preparation for trial. Defendants respond to this set of requests based on information currently known to them and reserve the right to supplement, modify, and amend their responses and assert additional objections should Defendants discover additional facts, documents, or other evidence at a later time. Defendants further reserve the right to make use of any subsequently discovered facts, documents, or other evidence at any hearing or at trial.

11.   Defendants state these objections without waiving or intending to waive, but on the contrary preserving and intending to preserve:

a.   all objections to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose of the responses to the requests, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

b.   the right to object on any ground to the use of any of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; and

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS

2

CONFIDENTIAL

1          c.    the right to object on any ground to any other or future discovery requests.

2          **RESPONSES TO REQUESTS FOR ADMISSION**

3          Subject to and without waiving Defendants' General Objections set forth above, and

4  subject to the specific objections stated with respect to particular requests below, Defendants

5  respond to the requests as follows:

6  **REQUEST NO. 1:**

7          Admit that the Class contains more than one hundred (100) members.

8  **RESPONSE TO REQUEST NO. 1:**

9          Defendants incorporate by reference each General Objection.

10         Subject to and without waiving the General Objections, Defendants admit that more than

11  one hundred (100) persons purchased or otherwise acquired shares of SunPower common stock

12  during the Class Period.  Unless expressly admitted, Defendants deny the remaining admissions

13  sought in this Request.

14  **REQUEST NO. 2:**

15         Admit that the Class is so numerous that joinder of all members of the Class would be

16  impracticable.

17  **RESPONSE TO REQUEST NO. 2:**

18         Defendants incorporate by reference each General Objection.

19         Subject to and without waiving the General Objections, Defendants admit that joinder of

20  all persons who purchased shares of SunPower common stock during the Class Period would be

21  impracticable.  Unless expressly admitted, Defendants deny the remaining admissions sought in

22  this Request.

23  **REQUEST NO. 3:**

24         Admit that there are questions of law that are common to all Class members.

25  **RESPONSE TO REQUEST NO. 3:**

26         Defendants incorporate by reference each General Objection.

27         Subject to and without waiving the General Objections, Defendants admit that there are

28  questions of law that are common to persons who purchased shares of SunPower common stock

CONFIDENTIAL

1  during the Class Period. Unless expressly admitted, Defendants deny the remaining admissions

2  sought in this Request.

3  **REQUEST NO. 4:**

4      Admit that there are questions of fact that are common to all Class members.

5  **RESPONSE TO REQUEST NO. 4:**

6      Defendants incorporate by reference each General Objection.

7      Subject to and without waiving the General Objections, Defendants admit that there are

8  questions of fact that are common to persons who purchased or otherwise acquired shares of

9  SunPower common stock during the Class Period. Unless expressly admitted, Defendants deny

10 the remaining admissions sought in this Request.

11 **REQUEST NO. 5:**

12     Admit that whether the federal securities laws were violated by the Defendants is a

13 question of law and/or fact common to all Class members.

14 **RESPONSE TO REQUEST NO. 5:**

15     Defendants incorporate by reference each General Objection. Defendants further object

16 on the ground that the Request is compound.

17     Subject to and without waiving the above objections and the General Objections,

18 Defendants respond as follows: Deny.

19 **REQUEST NO. 6:**

20     Admit that the nature and existence of the material misrepresentations and omissions

21 alleged in the Complaint is a question of law and/or fact common to all Class members.

22 **RESPONSE TO REQUEST NO. 6:**

23     Defendants incorporate by reference each General Objection. Defendants further object to

24 this Request on the grounds that the term "material misrepresentations and omissions" is vague

25 and ambiguous. Defendants further object to this Request as compound. Defendants do not

26 admit that alleged misrepresentations and omissions were "material."

27     Subject to and without waiving the above objections and the General Objections,

28 Defendants respond as follows: Deny.

CONFIDENTIAL

1   **REQUEST NO. 15:**

2          Admit that the claims of Class members involve the same legal theories and set of

3   operative facts as the claims alleged by Lead Plaintiffs.

4   **RESPONSE TO REQUEST NO. 15:**

5          Defendants incorporate by reference each General Objection.  Defendants further object to

6   this Request on the grounds that the term "claims of Class members" is vague, ambiguous, and

7   overbroad.

8          Subject to and without waiving the above objections and the General Objections,

9   Defendants respond as follows:  The information that is known or readily obtainable by

10  Defendants is insufficient to enable Defendants to admit or deny the Request, because Defendants

11  have not completed discovery concerning Lead Plaintiffs' claims or the claims of other persons

12  who purchased or otherwise acquired SunPower securities during the Class Period.  Unless

13  expressly admitted, Defendants deny the admissions sought in this Request.

14  **REQUEST NO. 16:**

15         Admit that Lead Plaintiffs' claims are typical of claims of the Class.

16  **RESPONSE TO REQUEST NO. 16:**

17         Defendants incorporate by reference each General Objection.  Defendants further object to

18  this Request on the grounds that the term "claims of Class" is vague, ambiguous, and overbroad.

19  Defendants are not aware of any claims by the Class.

20         Subject to and without waiving the above objections and the General Objections,

21  Defendants respond as follows:  The information that is known or readily obtainable by

22  Defendants is insufficient to enable Defendants to admit or deny the Request, because Defendants

23  have not completed discovery concerning Lead Plaintiffs' claims or the claims of other persons

24  who purchased or otherwise acquired SunPower securities during the Class Period.  Unless

25  expressly admitted, Defendants deny the remaining admissions sought in this Request.

26  **REQUEST NO. 17:**

27         Admit that a class action is superior to other available methods for adjudicating the claims

28  held by members of the Class both efficiently and fairly.

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS

8

CONFIDENTIAL

1 **RESPONSE TO REQUEST NO. 17:**

2     Defendants incorporate by reference each General Objection.  Defendants further object to

3 this Request on the grounds that the term "claims held by members of the Class" is vague,

4 ambiguous, and overbroad.  Defendants are not aware of any claims held by members of the

5 Class.

6     Subject to and without waiving the above objections and the General Objections,

7 Defendants respond as follows:  Admit that a class action is a superior method for resolving

8 certain issues, such as whether false or misleading statements were made with scienter.  Deny that

9 a class action is superior for all issues, including whether individual persons who purchased or

10 otherwise acquired SunPower securities during the Class Period relied on alleged

11 misrepresentations, and whether individual persons who purchased or otherwise acquired

12 SunPower securities are entitled to obtain damages and, if so, the amount of any such damages.

13 Unless expressly admitted, Defendants deny the remaining admissions sought in this Request.

14 **REQUEST NO. 18:**

15     Admit that SunPower's common stock traded in an efficient market throughout the Class

16 Period.

17 **RESPONSE TO REQUEST NO. 18:**

18     Defendants incorporate by reference each General Objection.  Defendants further object to

19 this Request on the ground that it calls for an expert opinion.

20     Subject to and without waiving the above objections and the General Objections,

21 Defendants respond as follows:  Defendants are unable to admit or deny this Request based on

22 information that is known or readily obtainable by Defendants at this time.  Unless expressly

23 admitted, Defendants deny the remaining admissions sought in this Request.

24 **REQUEST NO. 19:**

25     Admit that SunPower's common stock traded on the NASDAQ throughout the Class

26 Period.

27 **RESPONSE TO REQUEST NO. 19:**

28     Defendants incorporate by reference each General Objection.

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS

9

CONFIDENTIAL

1    Subject to and without waiving the General Objections, Defendants respond as follows:

2    Admit that SunPower Class A common stock traded on the NASDAQ throughout the Class

3    Period. Deny that SunPower Class B common stock traded on the NASDAQ throughout the

4    Class Period. Unless expressly admitted, Defendants deny the remaining admissions sought in

5    this Request.

6    **REQUEST NO. 20:**

7    Admit that the NASDAQ is an efficient market exchange.

8    **RESPONSE TO REQUEST NO. 20:**

9    Defendants incorporate by reference each General Objection. Defendants further object to

10    this Request on the grounds that the term "efficient market exchange" is vague, ambiguous,

11    overbroad, and unintelligible. Defendants further object to this Request on the ground that it

12    calls for an expert opinion.

13    Subject to and without waiving the above objections and the General Objections,

14    Defendants respond as follows: Deny.

15    **REQUEST NO. 21:**

16    Admit that the fact that SunPower's common stock traded on the NASDAQ during the

17    Class Period supports a finding that the market for SunPower's common stock was efficient

18    during the Class Period.

19    **RESPONSE TO REQUEST NO. 21:**

20    Defendants incorporate by reference each General Objection. Defendants further object to

21    this Request on the ground that it calls for an expert opinion.

22    Subject to and without waiving the above objections and the General Objections,

23    Defendants respond as follows: Defendants are unable to admit or deny this Request based on

24    information that is known or readily obtainable by Defendants at this time. Unless expressly

25    admitted, Defendants deny the remaining admissions sought in this Request.

26    **REQUEST NO. 22:**

27    Admit that there were thousands of purchasers of SunPower common stock during the

28    Class Period.

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS

10

CONFIDENTIAL

1    **RESPONSE TO REQUEST NO. 22:**

2           Defendants incorporate by reference each General Objection.

3           Subject to and without waiving the General Objections, Defendants admit that there were

4    over one thousand purchases of SunPower common (including SunPower Class A and SunPower

5    Class B) stock during the Class Period.  Unless expressly admitted, Defendants deny the

6    remaining admissions sought in this Request.

7    **REQUEST NO. 23:**

8           Admit that no fewer than 15 securities analysts covered SunPower during the Class

9    Period.

10   **RESPONSE TO REQUEST NO. 23:**

11          Defendants incorporate by reference each General Objection.  Defendants further object to

12   this Request on the grounds that the terms "no fewer than," "covered," and "securities analysts"

13   are vague and ambiguous, including with respect to time.  Defendants further object that this

14   Request is argumentative.

15          Subject to and without waiving the above objections and the General Objections,

16   Defendants admit that 15 or more persons disseminated written information purporting to provide

17   an analysis of SunPower at various times during the Class Period.  Unless expressly admitted,

18   Defendants deny the remaining admissions sought in this Request.

19   **REQUEST NO. 24:**

20          Admit that the number of securities analysts that followed SunPower during the Class

21   Period supports a finding that the market for SunPower's common stock was efficient during the

22   Class Period.

23   **RESPONSE TO REQUEST NO. 24:**

24          Defendants incorporate by reference each General Objection.  Defendants further object to

25   this Request on the ground that it calls for expert opinion.  Defendants further object to this

26   Request on the grounds that the term "securities analysts" is vague and ambiguous.

27          Subject to and without waiving the above objections and the General Objections,

28   Defendants respond as follows:  Defendants are unable to admit or deny this Request based on

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS    11
CASE NO. CV 09-5473-RS

CONFIDENTIAL

1   Request on the grounds that the term "average market capitalization" is vague, ambiguous, and

2   overbroad.

3         Subject to and without waiving the above objections and the General Objections,

4   Defendants respond as follows:  Deny.

5   **REQUEST NO. 28:**

6         Admit that the average market capitalization for SunPower Class B common stock was in

7   excess of $1.8 billion during the Class Period.

8   **RESPONSE TO REQUEST NO. 28:**

9         Defendants incorporate by reference each General Objection.  Defendants further object to

10  this Request on the grounds that the term "average market capitalization" is vague, ambiguous,

11  and overbroad.  Defendants further object to this Request on the ground that it calls for expert

12  opinion.

13        Subject to and without waiving the above objections and the General Objections,

14  Defendants respond as follows:  Deny.

15  **REQUEST NO. 29:**

16        Admit that there were between 39 million and 54 million shares of SunPower Class A

17  common stock outstanding during the Class Period.

18  **RESPONSE TO REQUEST NO. 29:**

19        Defendants incorporate by reference each General Objection.  Defendants further object to

20  this Request on the ground that it calls for expert opinion.

21        Subject to and without waiving the General Objections, Defendants admit that the number

22  of shares of SunPower Class A common stock outstanding ranged from 34.847 million to 52.971

23  million during the Class Period.  Unless expressly admitted, Defendants deny the remaining

24  admissions sought in this Request.

25  **REQUEST NO. 30:**

26        Admit that there were between 42 million and 44 million shares of SunPower Class B

27  common stock outstanding during the Class Period.

28

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS                                                    13

CONFIDENTIAL

1 **RESPONSE TO REQUEST NO. 30:**

2       Defendants incorporate by reference each General Objection. Defendants further object to

3 this Request on the ground that it calls for expert opinion.

4       Subject to and without waiving the General Objections, Defendants admit that the number

5 of shares of SunPower Class B common stock outstanding ranged from 42.033 million to 44.533

6 million during the period from September 22, 2008 to the end of the Class Period. Unless

7 expressly admitted, Defendants deny the remaining admissions sought in this Request.

8 **REQUEST NO. 31:**

9       Admit that the average daily trading volume for SunPower Class A common stock during

10 the Class Period was no less than 2.5 million shares.

11 **RESPONSE TO REQUEST NO. 31:**

12       Defendants incorporate by reference each General Objection. Defendants further object to

13 this Request on the ground that it calls for expert opinion.

14       Subject to and without waiving the above objections and the General Objections,

15 Defendants admit that, according to data provided by Bloomberg, the simple average of the daily

16 total shares traded of SunPower Class A common stock during the Class Period was 2.579 million

17 shares. Unless expressly admitted, Defendants deny the remaining admissions sought in this

18 Request.

19 **REQUEST NO. 32:**

20       Admit that the average daily trading volume for SunPower Class B common stock during

21 the Class Period was approximately 900,000 shares.

22 **RESPONSE TO REQUEST NO. 32:**

23       Defendants incorporate by reference each General Objection. Defendants further object to

24 this Request on the ground that it calls for expert opinion.

25       Subject to and without waiving the above objections and the General Objections,

26 Defendants admit that, according to data provided by Bloomberg, the simple average of the daily

27 total shares traded of SunPower Class B common stock between September 22, 2008 (the first

28 day on which daily total shares traded of SunPower Class B common stock was reported on

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS

14

CONFIDENTIAL

1   Bloomberg) and the end of the Class Period was 899,388 shares.  Unless expressly admitted,

2   Defendants deny the remaining admissions sought in this Request.

3   **REQUEST NO. 33:**

4       Admit that the average weekly trading volume for SunPower Class A common stock

5   during the Class Period was approximately 27% of shares outstanding.

6   **RESPONSE TO REQUEST NO. 33:**

7       Defendants incorporate by reference each General Objection.  Defendants further object to

8   this Request on the ground that it calls for expert opinion.

9       Subject to and without waiving the above objections and the General Objections,

10  Defendants admit that, according to data provided by Bloomberg, the simple average of the

11  weekly trading volume of SunPower Class A common stock (calculated as the sum of the daily

12  total shares traded during a week) divided by the number of SunPower Class A common shares

13  outstanding at the end of that week for the Class Period was approximately 27%.  Unless

14  expressly admitted, Defendants deny the remaining admissions sought in this Request.

15  **REQUEST NO. 34:**

16      Admit that the average weekly trading volume for SunPower Class B common stock

17  during the Class Period was greater than 10% of shares outstanding.

18  **RESPONSE TO REQUEST NO. 34:**

19      Defendants incorporate by reference each General Objection.  Defendants further object to

20  this Request on the ground that it calls for expert opinion.

21      Subject to and without waiving the above objections and the General Objections,

22  Defendants admit that, according to data provided by Bloomberg, the simple average of the

23  weekly trading volume of SunPower Class B common stock (calculated as the sum of the daily

24  total shares traded during a week) divided by the number of SunPower Class B common shares

25  outstanding at the end of that week for the period from September 22, 2008 (the first day on

26  which daily total shares traded of SunPower Class B common stock was reported on Bloomberg)

27  to the end of the Class Period was approximately 10%.  Unless expressly admitted, Defendants

28  deny the remaining admissions sought in this Request.

CONFIDENTIAL

1  **REQUEST NO. 35**:

2      Admit that the volume of trading in SunPower's common stock during the Class Period

3  supports a finding that the market for SunPower's common stock was efficient during the Class

4  Period.

5  **RESPONSE TO REQUEST NO. 35**:

6      Defendants incorporate by reference each General Objection.  Defendants further object to

7  this Request on the ground that it calls for an expert opinion.

8      Subject to and without waiving the above objections and the General Objections,

9  Defendants respond as follows:  Defendants are unable to admit or deny this Request based on

10  information that is known or readily obtainable by Defendants at this time.  Unless expressly

11  admitted, Defendants deny the remaining admissions sought in this Request.

12  **REQUEST NO. 36**:

13      Admit that, as a registered issuer, SunPower filed periodic reports with the SEC

14  throughout the Class Period.

15  **RESPONSE TO REQUEST NO. 36**:

16      Defendants incorporate by reference each General Objection.

17      Subject to and without waiving the General Objections, Defendants admit that SunPower

18  filed periodic reports with the SEC throughout the Class Period.  Unless expressly admitted,

19  Defendants deny the remaining admissions sought in this Request.

20  **REQUEST NO. 37**:

21      Admit that, as a registered issuer, SunPower was eligible to file a Form S-3 Registration

22  Statement with the SEC throughout the Class Period.

23  **RESPONSE TO REQUEST NO. 37**:

24      Defendants incorporate by reference each General Objection.

25      Subject to and without waiving the General Objections, Defendants admit that SunPower

26  was eligible to file a Form S-3 Registration Statement with the SEC throughout the Class Period.

27  Unless expressly admitted, Defendants deny the remaining admissions sought in this Request.

28

CONFIDENTIAL

1  **REQUEST NO. 38:**

2      Admit that SunPower filed a Form S-3 Registration Statement on September 10, 2008.

3  **RESPONSE TO REQUEST NO. 38:**

4      Defendants incorporate by reference each General Objection.

5      Subject to and without waiving the General Objections, Defendants respond as follows:

6  Admit.

7  **REQUEST NO. 39:**

8      Admit that the ability of SunPower to file a Form S-3 Registration Statement during the

9  Class Period supports a finding that the market for SunPower's common stock was efficient

10 during the Class Period.

11 **RESPONSE TO REQUEST NO. 39:**

12      Defendants incorporate by reference each General Objection.  Defendants further object to

13 this Request on the ground that it calls for an expert opinion.

14      Subject to and without waiving the above objections and the General Objections,

15 Defendants respond as follows:  Defendants are unable to admit or deny this Request based on

16 information that is known or readily obtainable by Defendants at this time.  Unless expressly

17 admitted, Defendants deny the remaining admissions sought in this Request.

18 **REQUEST NO. 40:**

19      Admit that throughout the Class Period, SunPower regularly disseminated information to

20 investors through press releases, periodic filings with the SEC, conference calls and other public

21 disclosures.

22 **RESPONSE TO REQUEST NO. 40:**

23      Defendants incorporate by reference each General Objection.  Defendants further object to

24 this Request on the grounds that the terms "regularly," "investors," and "other public disclosures"

25 are vague and ambiguous.

26      Subject to and without waiving the above objections and the General Objections,

27 Defendants admit that SunPower disseminated information throughout the Class Period through

28

RESPONSE TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS
CASE NO. CV 09-5473-RS                                                                                          17

CONFIDENTIAL

1  press releases, periodic filings with the SEC, and conference calls.  Unless expressly admitted,

2  Defendants deny the remaining admissions sought in this Request.

3  **REQUEST NO. 41:**

4  Admit that during the Class Period, SunPower's stock price reflected and/or incorporated

5  all public information about the Company, including SunPower's financial results.

6  **RESPONSE TO REQUEST NO. 41:**

7  Defendants incorporate by reference each General Objection.  Defendants further object to

8  this Request on the ground that it calls for an expert opinion.  Defendants further object to this

9  Request as vague, ambiguous, overbroad, and incapable of determination.

10  Subject to and without waiving the above objections and the General Objections,

11  Defendants respond as follows:  Defendants are unable to admit or deny this Request based on

12  information that is known or readily obtainable by Defendants at this time.  Unless expressly

13  admitted, Defendants deny the remaining admissions sought in this Request.

14  **REQUEST NO. 42:**

15  Admit that the accuracy of SunPower's quarterly and yearly financial results was material

16  information to investors.

17  **RESPONSE TO REQUEST NO. 42:**

18  Defendants incorporate by reference each General Objection.  Defendants further object to

19  this Request on the grounds that the term "accuracy of" is vague and ambiguous.  Defendants

20  further object to this Request as compound.  Defendants further object that the term "investors" is

21  vague, ambiguous, and overbroad.

22  Subject to and without waiving the above objections and the General Objections,

23  Defendants respond as follows:  Admit that SunPower's quarterly and yearly financial results

24  contained material information.  Deny that all information in SunPower's quarterly and yearly

25  financial results was material to all investors.   Unless expressly admitted, Defendants deny the

26  remaining admissions sought in this Request.

27  **REQUEST NO. 43:**

28  Admit that the accuracy of SunPower's quarterly and yearly financial results was

CONFIDENTIAL

**RESPONSE TO REQUEST NO. 199:**

Defendants incorporate by reference each General Objection.

Subject to and without waiving the General Objections, Defendants admit that, during the Class Period, SunPower did not state that it had made false statements in its financial results. Unless expressly admitted, Defendants deny the remaining admissions sought in this Request.

Dated: September 4, 2012

MORRISON & FOERSTER LLP

By: _____
Craig D. Martin

Attorneys for Defendants
SUNPOWER CORPORATION,
THOMAS H. WERNER, DENNIS V.
ARRIOLA, and EMMANUEL T.
HERNANDEZ

CONFIDENTIAL

EXHIBIT B

 **KAPLAN FOX**

Kaplan Fox & Kilsheimer LLP
Attorneys at Law
350 Sansome Street
San Francisco, CA 94104
phone 415.772.4700
fax 415.772.4707
email mail@kaplanfox.com
www.kaplanfox.com

September 28, 2012

**BY ELECTRONIC MAIL**

Samuel Song
Morrison & Foerster LLP
425 Market St.
San Francisco, CA 94105

Re: *In re SunPower Corp. Sec. Litig.*, Case No. CV 09-5473-RS(JSC)
Defendants' Response to Lead Plaintiffs' First Set of Requests to Admit

Dear Sam:

I write to confirm our understanding from our various conversations on September 26, 27, and today, that Defendants' Response to Lead Plaintiffs' First Set of Admissions to Defendants, dated September 4, 2012, formerly designated "confidential" as to all of Defendants' objections and responses, has now been de-designated "confidential" as to any and all objections and responses found on pages 1- 4, 8-11, 13-18, and 89 of Defendants' Response.

If this is incorrect, or your position has changed in any respect, please advise me immediately. Thank you.

Sincerely,

Mario M. Choi

cc:    Laurence King, Esq.
Joel Strauss, Esq.
Christine Fox, Esq.
Eli Greenstein, Esq.
Benjamin Galdston, Esq.