1    JORDAN ETH (CA SBN 121617)
     JEth@mofo.com
2    JUDSON E. LOBDELL (CA SBN 146041)
     JLobdell@mofo.com
3    CRAIG D. MARTIN (CA SBN 168195)
     CMartin@mofo.com
4    MORRISON & FOERSTER LLP
     425 Market Street
5    San Francisco, California 94105-2482
     Telephone:  (415) 268-7000
6    Facsimile:  (415) 268-7522

7    Attorneys for Defendants
     SUNPOWER CORPORATION, THOMAS H. WERNER,
8    DENNIS V. ARRIOLA, and EMMANUEL T. HERNANDEZ

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   IN RE SUNPOWER SECURITIES            Case No. CV 09-5473-RS (JSC)
     LITIGATION                           (Consolidated)
14

15                                        **CLASS ACTION**

16                                        **DEFENDANTS' REPLY IN**
                                          **SUPPORT OF MOTION FOR**
17                                        **PARTIAL JUDGMENT ON THE**
                                          **PLEADINGS REGARDING**
18                                        **FORWARD-LOOKING**
                                          **STATEMENTS AND VAGUE**
19                                        **STATEMENTS OF CORPORATE**
                                          **OPTIMISM**
20
                                          Judge:  Hon. Richard Seeborg
21                                        Courtroom: 3, 17th Floor
                                          Hearing Date:  November 29, 2012
22                                        Hearing Time:  1:30 p.m.

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 1

I.      JUDGMENT SHOULD BE ENTERED WITH RESPECT TO CLAIMS BASED ON THE ABANDONED STATEMENTS. .......................................................... 1

II.     JUDGMENT ON THE PLEADINGS WITH RESPECT TO THE REMAINING STATEMENTS WILL AVOID WASTEFUL LITIGATION. .......................................... 1

III.    DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS WITH RESPECT TO THE REMAINING STATEMENTS. ............................................. 2

      A.     The Forward-Looking Statements are Protected by the Reform Act's Safe Harbor. ........................................................................................................... 2

             1.     The challenged statements are forward-looking. ......................................... 2

             2.     Meaningful cautionary language accompanied each forward-looking statement. ......................................................................................... 6

      B.     Plaintiffs Fail to Plead that the Forward-Looking Statements Were False. .......... 10

IV.    THE VAGUE STATEMENTS OF CORPORATE OPTIMISM ARE NOT ACTIONABLE AS A MATTER OF LAW. .................................................... 13

CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*,
No. CV-08-2051-PHX-FJM, 2009 WL 2714017 (D. Ariz. Aug. 27, 2009) ........................... 1

*Aristocrat Techs. v. Int'l Game Tech.*,
No. C 06-03717 RMW(RS), 2009 U.S. Dist. LEXIS 105294 (N.D. Cal. Oct. 30, 2009) ........ 2

*City of Marysville Gen. Emps. Ret. Sys. v. NightHawk Radiology Holdings, Inc.*,
No. 2:09-cv-00659-EJL-CWD, 2011 WL 4584778 (D. Idaho Sept. 12, 2011) ...................... 9

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
--- F. Supp. 2d ----, No. 5:11-CV-04003-LHK, 2012 WL 3010992 (N.D. Cal. July 23,
2012) .................................................................................................................................... 6, 8

*Constr. Laborers Pension Trust of Greater St. Louis v. Neurocrine Biosciences, Inc.*,
No. 07CV1111-IEG-RBB, 2008 WL 2053733 (S.D. Cal. May 13, 2008) .............................. 4

*Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*,
353 F.3d 1125 (9th Cir. 2004) ............................................................................................ 1, 6

*Freidus v. ING Groep N.V.*,
736 F. Supp. 2d 816 (S.D.N.Y. 2010) ..................................................................................... 9

*Gonzalez v. Merck & Co., Inc.*,
No. CV-07-3034-LRS, 2007 WL 2220286 (E.D. Wash. Aug. 2, 2007) .................................. 2

*Harris v. Ivax Corp.*,
182 F.3d 799 (11th Cir. 1999) ................................................................................................. 6

*Howard Gunty Profit Sharing v. Quantum Corp.*,
No. 96 20711 SW, 1997 WL 514993 (N.D. Cal. Aug. 14, 1997) .......................................... 11

*In re Amgen, Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008) ................................................................................ 11

*In re Amylin Pharms., Inc. Sec. Litig.*,
No. 01cv1455 BTM(NLS), 2003 U.S. Dist. LEXIS 7667 (S.D. Cal. May 1, 2003) ............... 5

*In re Apple Computer Sec. Litig.*,
886 F.2d 1109 (9th Cir. 1989) .............................................................................................. 10

*In re Bare Escentuals, Inc. Sec. Litig.*,
745 F. Supp. 2d 1052 (N.D. Cal. 2010) ................................................................................. 8

ii

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   763 F. Supp. 2d 423 (S.D.N.Y. 2011) ....................................................................... 10

*In re BP Prudhoe Bay Royalty Trust Sec. Litig.*,
   No. C06-1505 MJP, 2007 U.S. Dist. LEXIS 83007 (W.D. Wash. Oct, 26, 2007) ................ 11

*In re Clorox Co. Sec. Litig.*,
   238 F. Supp. 2d 1139 (N.D. Cal. 2002) ........................................................................ 1

*In re Connetics Corp. Sec. Litig.*,
   542 F. Supp. 2d 996 (N.D. Cal. 2008) ........................................................................ 8

*In re Convergent Techs. Sec. Litig.*,
   948 F.2d 507 (9th Cir. 1991) .................................................................................... 10

*In re Copper Mountain Sec. Litig.*,
   311 F. Supp. 2d 857 (N.D. Cal. 2004) ........................................................................ 4

*In re Countrywide Fin. Corp. Sec. Litig.*,
   588 F. Supp. 2d 1132 (C.D. Cal. 2008) ...................................................................... 9

*In re Cutera Sec. Litig.*,
   610 F.3d 1103 (9th Cir. 2010) ........................................................................... *passim*

*In re CV Therapeutics, Inc. Sec. Litig.*,
   No. C 03-03709 SI, 2004 U.S. Dist. LEXIS 17419 (N.D. Cal. Aug. 5, 2004) ................. 6, 10

*In re Downey Sec. Litig.*,
   No. CV 08-3261-JFW, 2009 WL 2767670 (C.D. Cal. Aug. 21, 2009) ................................ 11

*In re Dura Pharm. Sec. Litig.*,
   548 F. Supp. 2d 1126 (S.D. 2008) ............................................................................. 8

*In re Foundry Networks, Inc. Sec. Litig.*,
   No. C 00-4823 MMC, 2003 U.S. Dist. LEXIS 18200 (S.D. Cal. Aug. 29, 2003) .................. 4

*In re FoxHollow Technologies, Inc., Sec. Litig.*,
   No. C 06-4595 PJH, 2008 WL 2220600 (N.D. Cal. May 27, 2008) ................................... 13

*In re Immune Response Sec. Litig.*,
   375 F. Supp. 2d 983 (S.D. Cal. 2005) ...................................................................... 7, 8

*In re JDS Uniphase Corp. Sec. Litig.*,
   No. C 02-1486 CW, 2007 U.S. Dist. LEXIS 66085 (N.D. Cal. 2007) ................................ 10

*In re LeapFrog Enters., Inc.*,
   527 F. Supp. 2d 1033 (N.D. Cal. 2007) .................................................................... 6, 8

*In re Ligand Pharm., Inc. Sec. Litig.*,
   No. 04CV1620DMS (LSP), 2005 WL 2461151 (S.D. Cal. Sept. 27, 2005) ........................ 13

*In re MannKind Sec. Actions,*
    835 F. Supp. 2d 797 (C.D. Cal. 2011) .................................................................. 10

*In re Merck & Co., Inc. Sec. Litig.,*
    432 F.3d 261 (3d Cir. 2005) ................................................................................ 8

*In re Musicmaker.com Sec. Litig.,*
    No. CV 00-2018 CAS, 2001 U.S. Dist. LEXIS 25118 (C.D. Cal. June 4, 2001) .................... 5

*In re New Century,*
    588 F. Supp. 2d 1206 (C.D. Cal. 2008) ............................................................... 6

*In re Nuvelo, Inc. Sec. Litig.,*
    668 F. Supp. 2d 1217 (N.D. Cal. 2009) .......................................................... 6, 10

*In re Oxford Health Plans, Inc., Sec. Litig.,*
    187 F.R.D. 133 (S.D.N.Y. 1999) ....................................................................... 6

*In re REMEC Inc. Sec. Litig.,*
    702 F. Supp. 2d 1202 (S.D. Cal. 2010) ............................................................. 4

*In re Secure Computing Corp. Sec. Litig.,*
    120 F. Supp. 2d 810 (N.D. Cal. 2000) ............................................................... 4

*In re Silicon Graphics, Inc. Sec. Litig.,*
    183 F.3d 970 (9th Cir. 1999) ........................................................................... 12

*In re St. Jude Med., Inc. Sec. Litig.,*
    836 F. Supp. 2d 878 (D. Minn. 2011) ............................................................... 11

*In re Tibco Software, Inc.,*
    No. C 05-2146 SBA, 2006 WL 1469654 (N.D. Cal. May 25, 2006) ...................... 8

*In re UTStarcom, Inc. Sec. Litig.,*
    617 F. Supp. 2d 964 (N.D. Cal. 2009) ............................................................. 11

*In re WorldCom, Inc. Sec. Litig.,*
    294 F. Supp. 2d 392 (S.D.N.Y. 2003) ............................................................... 9

*Institutional Investors Grp. v. Avaya, Inc.,*
    564 F.3d 242 (3d Cir. 2009) .............................................................................. 4

*Kane v. Madge Networks N.V.,*
    No. C-96-20652-RMW, 2000 WL 33208116 (N.D. Cal. May 26, 2000) .............................. 12

*Kensington Capital Mgmt. v. Oakley, Inc.,*
    No. SA CV97-808-GLT(EEx), 1999 U.S. Dist. LEXIS 385 (C.D. Cal. Jan. 14, 1999) ......... 10

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,*
    416 F.3d 940 (9th Cir. 2005) ............................................................................. 6

*Makor Issues & Rights, Ltd. v. Tellabs Inc.*,
  513 F.3d 702 (7th Cir. 2008) .................................................................................. 4

*Mallen v. Alphatec Holdings, Inc.*,
  No. 10-cv-1673 - BEN (MDD), 2012 U.S. Dist. LEXIS 39416 (S.D. Cal. Mar. 21,
  2012 ......................................................................................................................... 4

*Marsden v. Select Med. Corp.*,
  No. 04-40202006, 2006 U.S. Dist. LEXIS 16795 (E.D. Pa. April 6, 2006) ........... 6

*Metzler Inv. GmbH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ............................................................................... 12

*No. 84 Emp'r-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*,
  320 F.3d 920 (9th Cir. 2003) ................................................................................... 5

*Plumbers Union Local No. 12 Pension Fund v. Ambassador's Grp.*,
  717 F. Supp. 2d 1170 (E.D. Wash. 2010) ............................................................. 11

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
  No. 10–CV–03451–LHK, 2012 WL 1868874 (N.D. Cal. May 22, 2012) .......... 3, 4

*Rosenbaum Capital, LLC v. McNulty*,
  549 F. Supp. 2d 1185 (N.D. Cal. 2008) ............................................................. 8, 10

*S. Ferry LP #2 v. Killinger*,
  399 F. Supp. 2d 1121 (W.D. Wash. 2005) ............................................................ 10

*Virginia Bankshares, Inc. v. Sandberg*,
  501 U.S. 1083 (1991) ............................................................................................... 7

*Warshaw v. XomaCorp.*,
  74 F.3d 955 (9th Cir. 1996) ..................................................................................... 9

*Westley v. Oclaro, Inc.*,
  No. C-11-2448 EMC, 2012 U.S. Dist. LEXIS 135574 (N.D. Cal. Sept. 21, 2012) ........... 9

*Wozniak v. Align Tech., Inc.*,
  No. C-09-3671 MMC, 2011 WL 2269418 (N.D. Cal. June 8, 2011) .............. 4, 8, 13

**STATUTES**

15 U.S.C. § 78u-(i)(1)(D) ............................................................................................ 3

15 U.S.C. § 78u-5(c)(1) ............................................................................................ 6, 9

**INTRODUCTION**

Defendants' opening memorandum demonstrated that 32 of the statements challenged in the FAC are protected by the safe harbor and/or are non-actionable puffery. Plaintiffs now concede that Defendants are correct with respect to nine statements. While Plaintiffs resist entry of judgment with respect to the remaining 23, their arguments misrepresent the contents of the FAC and are incompatible with Ninth Circuit law, including *In re Cutera Sec. Litig.*, 610 F.3d 1103 (9th Cir. 2010), and *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125 (9th Cir. 2004), decisions they all but ignore.

**ARGUMENT**

**I.      JUDGMENT SHOULD BE ENTERED WITH RESPECT TO CLAIMS BASED ON THE ABANDONED STATEMENTS.**

Plaintiffs concede that Statement Nos. 1, 2, 4, 5, 12, 13, 17, 18, and 32 are not actionable. (Opp'n at 4 n.2.) Accordingly, judgment should be entered in Defendants' favor on all claims based on those statements. *See, e.g.*, *Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc.*, No. CV-08-2051-PHX-FJM, 2009 WL 2714017, at *4 (D. Ariz. Aug. 27, 2009) (granting judgment on the pleadings as to claim based on one of several specific statements).

**II.     JUDGMENT ON THE PLEADINGS WITH RESPECT TO THE REMAINING STATEMENTS WILL AVOID WASTEFUL LITIGATION.**

Plaintiffs' request that the Court defer ruling on Defendants' Motion with respect to the remaining 23 statements is inconsistent with an important objective of the safe harbor—to save defendants from the onerous process of defending securities fraud claims based on non-actionable projections. (Mot. at 5:10-20.) As the "proper subjects of discovery" in securities fraud cases are limited to actionable statements, *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002), trimming away non-actionable statements will, necessarily, reduce the quantity, time, and expense of discovery. It will also narrow and focus the issues at trial.

Plaintiffs' observation that discovery concerning accounting-based claims overlaps with discovery directed at the forward-looking statements misses the point. The overlap is far from complete. Plaintiffs' demand for production of "All documents concerning forecasts" (Ex. 23 at

16:21)[1] for example, is hardly co-extensive with discovery directed at accounting-based claims. The forward-looking statements address issues unrelated to SunPower's accounting for its Philippines-based manufacturing subsidiary.  For example, Statement No. 8 concerns SunPower's "mission of reducing installed systems cost by 50% by 2012."  The unsubstantiated accounting entries in SunPower's Philippines operations have nothing to do with SunPower's California-based installed-systems business.  Similarly, Statement No. 29 alleges that SunPower misled investors by stating customers choose SunPower due to its "superior roof top and power plant experience"—an issue far removed from the Philippines accounting issues in this case.  Many other examples could be presented to illustrate the common-sense notion that entry of judgment on the pleadings will "save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial."  *Gonzalez v. Merck & Co., Inc.*, No. CV-07-3034-LRS, 2007 WL 2220286, at *2 (E.D. Wash. Aug. 2, 2007) (granting judgment on the pleadings).[2]

## III.   DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS WITH RESPECT TO THE REMAINING STATEMENTS.

### A.   The Forward-Looking Statements are Protected by the Reform Act's Safe Harbor.

#### 1.   The challenged statements are forward-looking.

As shown in Attachment B to Defendants' Motion, each of the challenged statements used forward-looking language such as "expect," "will," and "looking forward."  Furthermore, SunPower explicitly provided investors with a "safe harbor" notice that statements using such language were forward-looking.  (*See, e.g*,. Ex. 2 at 9 ("The company uses words and phrases such as 'will,' 'to serve,' 'to meet,' 'intend,' 'expected,' 'believe,' 'plan,' 'expect,' 'to achieve,'

---

[1]All references to "Ex. __" are to the numbered exhibits attached to the Declaration of Andrew S. Bernick supporting Defendants' Motion (Dkt. No. 219.)  All references to "FAC ¶ __" are to the paragraphs in the FAC.  All references to "Dkt. No. __" are to the docket numbers assigned by PACER to the documents filed in this action.

[2] This Court's opinion in *Aristocrat*, which Plaintiffs cite, is inapposite.  *Aristocrat* was a patent infringement case, and the portion Plaintiffs cite only discusses Rule 26's general standard for discovery.  *See Aristocrat Techs. v. Int'l Game Tech.*, No. C 06-03717 RMW(RS), 2009 U.S. Dist. LEXIS 105294, at *1 (N.D. Cal. Oct. 30, 2009).

1   'to realize,' 'to increase,' and similar expressions to identify forward-looking statements.").)

2   Explicitly forward-looking statements identified as such are protected by the safe harbor,

3   provided that they are accompanied by meaningful cautionary language. *Cutera*, 610 F.3d at

4   1112-13.

5       Plaintiffs argue that Statement Nos. 3, 10, 11, 14-16, 19, 21, 23-25, 27-29, and 31 are not

6   forward-looking because they supposedly mention contemporaneous or historical facts.  (Opp'n

7   6:18-7:5; Pls.' Appx. A.)  This argument is meritless.  Two of these statements—Nos. 16 and

8   23—do not even include references to historical facts.  What Plaintiffs call historical facts are

9   "the assumptions underlying or relating to" the projections, which are explicitly protected by the

10  safe harbor.[3]  15 U.S.C. § 78u-(i)(1)(D).

11      Statement Nos. 27 and 28 are also forward-looking in their entirety because they were

12  made directly in response to questions about SunPower's future.[4]  Responses to questions about

13  the future are entitled to the protections of the safe harbor regardless of the mention of historical

14  facts.  *See, e.g.*, *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc*., No. 10-CV-03451-LHK,

15  2012 WL 1868874, at *11 (N.D. Cal. May 22, 2012) (statement that Defendants "lacked

16  indicators of longer sales lead times '[a]t the present time,'" was forward-looking because

17  statement was made in response to analyst's question about "longer lead times . . . *going*

18  *forward*.").

19      Plaintiffs argue that statements with the words "continue,"  "on-going," "on track," and

20  "ahead of plan"—Nos. 3, 6, 8, 11, 14, 15, 19, 21, 29, and 31—are not forward-looking because

21  they imply contemporaneous information.  (Opp'n at 8:19-20.)  The inclusion of such phrases in a

22  statement that is explicitly forward-looking, however, does not strip that statement of safe harbor

---

23  [3] Statement No. 16 predicts future cost reduction based on the assumption that SunPower

24  will, in the future, "more fully utilize" its second solar fabrication plant.  In Statement No. 23, Mr.

25  Werner predicted that SunPower could "sustain module ASP reduction in excess of 20%" based on "accelerating our cost reduction programs and limiting our operating expense growth."

26  [4] Statement No. 27 was made in response to a question about the risk of having to write

27  down inventory "over the next two quarters."  Statement No. 28 responded to questions about future inventory levels and whether SunPower could increase future production from the previous quarter.  (*See* Defs.' Attachment A at 6-7.)

28

1   protections.  *Institutional Investors Grp. v. Avaya, Inc.*, 564 F.3d 242, 255 (3d Cir. 2009)

2   (statements that "first quarter results position us to meet our goals for the year" and "we are on

3   track to meet our goals for the year" were forward-looking); *Intuitive Surgical*, 2012 WL

4   1868874, at *10 (statement that company is "on track to grow 55% this year" was forward-

5   looking); *Wozniak v. Align Tech., Inc.*, No. C-09-3671 MMC, 2011 WL 2269418, at *6-7 (N.D.

6   Cal. June 8, 2011) (statements that company will "continue to drive the expansion of our

7   customer base" and "continue to execute our plan for even greater impact in the future" are

8   forward-looking); *Constr. Laborers Pension Trust of Greater St. Louis v. Neurocrine*

9   *Biosciences, Inc.*, No. 07CV1111–IEG–RBB, 2008 WL 2053733, at *9 (S.D. Cal. May 13, 2008)

10  (statement that a New Drug Application "was on track for approval" was "clearly forward-

11  looking").  At most, the phrases Plaintiffs identify could be read to convey a vague impression

12  about existing conditions, which is not actionable.[5]  *See In re Copper Mountain Sec. Litig.*, 311 F.

13  Supp. 2d 857, 880 (N.D. Cal. 2004) ("[S]everal of the handful of statements that were not

14  forward-looking (characterizations of business as 'solid' and 'on track') are best characterized as

15  inactionable puffery[.]").

16      In any event, the FAC does not allege facts showing that any representations about

17  contemporaneous conditions implied by phrases such as "continuing" and "on track" were false.

18

19      [5] The cases Plaintiffs cite regarding "continued" or "on track" type statements support
    Defendants' position.  In *Secure Computing*, the court "accept[ed] Plaintiffs' representation that
20  they are alleging that Defendants misrepresented current business conditions" but went on to hold
    that "even if [on track] statements are considered as representations about current business
21  conditions . . . Plaintiffs have not alleged facts explaining why these statements were false or
    misleading when made."  *In re Secure Computing Corp. Sec. Litig.*, 120 F. Supp. 2d 810, 818-19
22  (N.D. Cal. 2000).  The court in *Alphatec Holdings* also held that the Plaintiffs failed to allege the
    falsity of the challenged statement.  *See Mallen v. Alphatec Holdings, Inc.*, No. 10-cv-1673 - BEN
23  (MDD), 2012 U.S. Dist. LEXIS 39416, at *45 (S.D. Cal. Mar. 21, 2012) (statement that revenues
    "will continue to grow" not alleged to be misleading) .  In *Foundry*, the statement at issue had no
24  forward-looking aspect.  *In re Foundry Networks, Inc. Sec. Litig.*, No. C 00-4823 MMC, 2003
    U.S. Dist. LEXIS 18200, at *13 (S.D. Cal. Aug. 29, 2003) (statement that biggest challenge
25  "was" to continue to meet demand concerned "then existing conditions").  *REMEC* was a
    summary judgment case that did not involve the Reform Act's pleading standards.  *In re REMEC*
26  *Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1211, 1234-35 (S.D. Cal. 2010).  *Tellabs* states a "mixed
    present/future statement is not entitled to the safe harbor with respect to the part of the statement
27  that refers to the present."  *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 705 (7th
    Cir. 2008).  As previously discussed, the "present" facts in Statement Nos. 3, 6, 8, 11, 14, 15, 19,
28  21, 29, and 31 are too vague to be actionable, and are not alleged to be misleading.

1  For instance, Statement Nos. 8, 15 and 19 each state SunPower was "on track" or making

2  "continued progress" to reduce installed-systems costs by 50% in 2012.  The FAC does not allege

3  facts regarding installed-systems costs, much less facts showing that SunPower was not in a

4  position to meet this goal at the time the statements were made, or even that SunPower did, in

5  fact, not meet this goal.  Statement Nos. 11, 19, and 21 reference "continued execution" of "long-

6  term" and "vertical integration" strategies; again, the FAC does not allege inconsistent

7  contemporaneous facts.

8         Indeed, with one possible exception,[6] the FAC does not allege with particularity the falsity

9  of any fact embedded in the forward-looking statements.  For example, Statement No. 10 refers to

10  SunPower's reported systems gross margin for the first quarter of 2008, a number Plaintiffs do

11  not contend was inaccurate.  (*See* FAC ¶ 144(a).)  Similarly, in Statement No. 27, Mr. Werner

12  stated that SunPower "implemented a demand-driven supply chain"; the FAC does not allege

13  otherwise.  References to facts in forward-looking statements are irrelevant where, as here, the

14  accuracy of these facts is unchallenged.[7]

15        Plaintiffs contend that some of the challenged statements—which they do not identify—

16  are not protected by the safe harbor because they are based on omissions.  (Opp'n at 9:10-11.)

17  The safe harbor, however, expressly applies to "any forward-looking statement," including

18  statements based on an "omission of a material fact."  15 U.S.C. § 78u-5(c)(1).  "[T]here is no

19  question under the statute that a material and misleading omission can fall within the forward-

20

21        [6] Statement No. 25 states that SunPower was able to deliver strong gross margins in its
components business for the first quarter of 2009.  The FAC alleges that reported gross margin
22  for the components business was inflated for this quarter.

23        [7] Contrary to Plaintiffs' argument, the Ninth Circuit's decision in *Am. W. Holding* did not
involve a "mixed" statement of historical fact and a projection; the statements at issue conveyed
24  the "present effect" of a fine imposed by a federal agency.  *No. 84 Emp'r-Teamster Joint Council
Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 937 (9th Cir. 2003).  The case is also
25  inapposite to this case since the court found that the plaintiffs adequately alleged the falsity of
the statements at issue.  *Id.*  The courts in *Amylin* and *Musicmaker.com* similarly found that the
26  plaintiffs adequately alleged the falsity of the challenged statements.  *See In re Amylin Pharms.,
Inc. Sec. Litig.*, NO. 01cv1455 BTM(NLS), 2003 U.S. Dist. LEXIS 7667, at *24-26 (S.D. Cal.
27  May 1, 2003); *In re Musicmaker.com Sec. Litig.*, No. CV 00-2018 CAS (MANx), 2001 U.S. Dist.
LEXIS 25118, at *70 (C.D. Cal. June 4, 2001).

28

1    looking safe harbor." *Harris v. Ivax Corp.*, 182 F.3d 799, 806 (11th Cir. 1999). None of the

2    cases Plaintiffs cite from within the Ninth Circuit stand for the proposition that statements based

3    on omissions are not protected by the safe harbor.[8] Plaintiffs' contention that *LeapFrog* does not

4    address omissions is incorrect; in fact, *LeapFrog* dismisses omissions claims pursuant to the safe

5    harbor. *See In re LeapFrog Enters., Inc.*, 527 F. Supp. 2d 1033, 1045-48 (N.D. Cal. 2007).

6                    **2.       Meaningful cautionary language accompanied each forward-looking**
                           **statement.**
7

8          Defendants demonstrated that each of the forward-looking statements was accompanied

9    by meaningful cautionary language. (*See, e.g.*, Mot. at 7:20-9:3.) Plaintiffs respond with a litany

10   of arguments, none of which is supported by Ninth Circuit law.

11         Plaintiffs insist that Defendants must make a "stringent showing" that there is no factual

12   dispute concerning whether cautionary language is sufficient. (Opp'n at 3:1-3, 11:7, 11:15-16.)

13   The Ninth Circuit imposes no such requirement. *See Cutera*, 610 F.3d at 1113; *City of Royal Oak*

14   *Ret. Sys. v. Juniper Networks, Inc.*, --- F. Supp. 2d ----, No. 5:11-CV-04003-LHK, 2012 WL

15   3010992, at *14 (N.D. Cal. July 23, 2012). The case upon which Plaintiffs rely, *Livid Holdings*

16   *Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 947 (9th Cir. 2005), did not even address the

17   safe harbor.

18         Plaintiffs argue that the cautionary language accompanying a forward-looking statement is

19   meaningful only where it renders that statement not misleading. (Opp'n at 11:10-13.) That is not

20   the standard. Cautionary language need only mention "important factors that could cause actual

21   results to differ materially" from predicted results, *Clorox*, 353 F.3d at 1133; it need not list all

22   factors and it need not list the factor that causes the forward-looking statement not to come true.

23   (*See* Mot. at 6:9-14). The standard for which Plaintiffs argue—that the cautionary language must

24
     _____

25         [8] *See In re Nuvelo, Inc. Sec. Litig.*, 668 F. Supp. 2d 1217, 1230-31 (N.D. Cal. 2009); *In re
     New Century*, 588 F. Supp. 2d 1206, 1225-27 (C.D. Cal. 2008); *In re CV Therapeutics, Inc. Sec.*

26   *Litig.*, No. C 03-03709 SI, 2004 U.S. Dist. LEXIS 17419, at *33 (N.D. Cal. Aug. 5, 2004). The
     other two cases Plaintiffs cite are from outside of the Ninth Circuit and disregard the plain

27   language of the safe harbor. *See Marsden v. Select Med. Corp.*, No. 04-40202006, 2006 U.S.
     Dist. LEXIS 16795, at *24-*25 (E.D. Pa. April 6, 2006); *In re Oxford Health Plans, Inc., Sec.*

28   *Litig.*, 187 F.R.D. 133, 141 (S.D.N.Y. 1999).

1    cure the material misrepresentation—would render the protection of the safe harbor meaningless,

2    because that protection is only necessary where the forward-looking statement is materially

3    misleading in the first place.[9]

4          In any event, SunPower's risk disclosures included warnings of the risks that Plaintiffs

5    claim materialized (*see* Mot. at 8:10-9:3, 9:13-25), including risks concerning SunPower's

6    Philippines operations.  For example:

7                We may not be able to continue to expand our business or manage
             future growth. We plan to significantly increase our production
8            capacity between 2009 and 2010, which will require successful
             execution of . . . implementing and improving additional and
9            existing administrative, financial and operations systems,
             procedures and controls, including the need to update and integrate
10           our financial internal control systems in SP Systems and in our
             Philippines facility with those of our San Jose, California
11           headquarters[.]

12   (Ex. 13 at 17.)  SunPower provided additional warnings about its internal controls, including the

13   warning that:

14                Because of its inherent limitations, internal control over financial
             reporting may not prevent or detect misstatements and can only
15           provide reasonable assurance with respect to financial statement
             preparation.  Also, projections of any evaluation of effectiveness to
16           future periods are subject to the risk that controls may become
             inadequate because of changes in conditions, or that the degree of
17           compliance with the policies or procedures may deteriorate.

18   (*Id.* at 102.)

19         Plaintiffs contend that, with respect to statements contained in SunPower's press

20   releases—Statements 3, 6-8, 11, 14, 15, 19, 25, and 29—the Court may not consider cautionary

21   language incorporated by reference into those press releases from SunPower's SEC filings.

22   (Opp'n at 12:2-6.)  Plaintiffs are incorrect; courts routinely consider risk factors from SEC filings

23

24

25         [9] Plaintiffs cite *Immune Response* to support their argument on this point.  *Immune
     Reponse* predates *Cutera* and incorrectly cites the Supreme Court's decision in *Virginia
26   Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1097 (1991).  *In re Immune Response Sec. Litig.*,
     375 F. Supp. 2d 983, at 1033 (S.D. Cal. 2005).  *Virginia Bankshares* did not discuss the safe
27   harbor (which was not enacted until four years later); it discussed whether a statement was
     misleading in the first place.

28

1   incorporated by reference into press releases.[10]  Plaintiffs make no attempt to distinguish

2   Defendants' authority.  The single case from this district that they cite, *Connetics*, addressed this

3   issue in a footnote without analysis or citation to authority.  *See In re Connetics Corp. Sec. Litig.*,

4   542 F. Supp. 2d 996, 1008 n.4 (N.D. Cal. 2008).[11]

5          In *Cutera,* the Ninth Circuit found far less detailed risk disclosures (equivalent to those set

6   out in SunPower's press releases themselves, independent of the risk factors in the SEC filings) to

7   be meaningful.[12]  Plaintiffs' Opposition ignores this controlling decision.

8          Plaintiffs contrast the cautionary language in SunPower's press releases with language

9   they concede was meaningful in *Juniper Networks*.  (Opp'n at 14 n.12.)  As shown in Attachment

10  1 to this Reply, however, the risk disclosures in SunPower's press releases (again, independent of

11  the risk factors in the SEC filings) are substantially equivalent to those from *Juniper Networks*.

12  In conceding the adequacy of Juniper Networks' risk disclosures, Plaintiffs effectively concede

13

14          [10] *See* Mot. at 8 n.8.  *See also, e.g.*, *Align Tech*, 2011 WL 2269418, at *6-7; *In re Bare
      *Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1080 (N.D. Cal. 2010); *Rosenbaum Capital,
15    LLC v. McNulty*, 549 F. Supp. 2d 1185, 1190 (N.D. Cal. 2008); *LeapFrog*, 527 F. Supp. 2d at
      1047; *In re Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1469654, at *27 (N.D. Cal. May
16    25, 2006); *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 273 n.11 (3d Cir. 2005).

17          [11] Plaintiffs also cite two cases from the Southern District of California to support their
      incorporation argument, one of which stated that the defendant failed to provide authority
18    showing that a press release can incorporate cautionary language from other documents.  *Immune
      Response*, 375 F. Supp. 2d at 1035.  Here, Defendants provide such authority.  The other case,
19    *Dura*, simply relied on *Immune Response* without further analysis.  *In re Dura Pharm., Inc. Sec.
      Litig.*, 548 F. Supp. 2d 1126, 1143-44 (S.D. Cal. 2008).
20

21          [12] Specifically, the *Cutera* court found meaningful risk disclosures stating that the
      company's "ability to compete and perform in the industry depended on the ability of its sales
22    force to sell products to new customers and upgraded products to current customers," and that
      "failure to attract and retain sales and marketing personnel would materially harm [the
23    company's] ability to compete effectively and grow its business."  *Cutera*, 610 F.3d at 1112.
      SunPower similarly disclosed risks regarding "the company's ability to compete with other
24    companies and competing technologies," "the success of the company's ongoing research and
      development efforts," and "the company's ability to ramp new production lines and realize
25    expected manufacturing efficiencies."  (*See, e.g.*, Ex. 2 at 9, Ex. 5 at 9.)  SunPower also made
      solar-industry specific warnings in its press releases, including warnings regarding "the
26    company's ability to obtain a[n] adequate supply of polysilicon, ingots and wafers to manufacture
      its products and the price it pays for such materials," as well as "the company's ability to utilize
27    thinner wafers, reduce kerf loss and otherwise achieve anticipated improvements in polysilicon
      usage efficiency."  (*See, e.g.*, Ex. 2 at 9-10, Ex, 5 at 9.)  Plaintiffs are, therefore, incorrect in
28    arguing that these risks "literally could affect any business in any industry."  (Opp'n at 14:1.)

1    the adequacy of SunPower's risk disclosures.

2           Plaintiffs' authority does not support their argument that SunPower's risk disclosures were

3    inadequate because they were "overshadowed" by other statements.  Two of the cases did not

4    address the safe harbor at all.  *See Warshaw v. XomaCorp.*, 74 F.3d 955, 959 (9th Cir. 1996)

5    (addressing bespeaks caution doctrine); *Freidus v. ING Groep N.V.*, 736 F. Supp. 2d 816, 841

6    (S.D.N.Y. 2010) (discussing whether omitted information was material).  Plaintiffs misrepresent

7    *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2012 U.S. Dist. LEXIS 135574, at *33-37 (N.D.

8    Cal. Sept. 21, 2012) as holding that the risk disclosures at issue "were not sufficient" (Opp'n at

9    15:1); in fact, the court declined to rule on the issue.

10          Plaintiffs' final argument is that SunPower's cautionary language was not meaningful

11   because it warned of risks that were already occurring.  (Opp'n at 15:22-23.)  This is tantamount

12   to arguing that the safe harbor is inapplicable when a defendant has actual knowledge that a

13   disclosed risk materialized.  In *Cutera*, however, the Ninth Circuit ruled that "the state of mind of

14   the individual making the statement is irrelevant" under section (c)(1)(A) of the safe harbor.[13]

15   *Cutera*, 610 F.3d at 1112.  "[B]y arguing that the cautionary statements were not meaningful

16   because the warned of risks had already come to pass, Plaintiff necessarily implies that

17   Defendants knew of the falsity of the assumptions upon which the earnings statements were

18   based. . . . *Cutera* rejected the same argument[.]"  *City of Marysville Gen. Emps. Ret. Sys. v.

19   NightHawk Radiology Holdings, Inc.*, No. 2:09-cv-00659-EJL-CWD, 2011 WL 4584778, at *19

20   (D. Idaho Sept. 12, 2011).

21          Plaintiffs ignore *Cutera*, citing instead to 11 other cases that they claim support their

22   argument.  None of those cases is on point.  Three of the cases address the bespeaks caution

23   doctrine but not the safe harbor in the portions Plaintiffs cite.[14]  Four cases apply the reasoning

24          [13] The safe harbor also protects a forward-looking statement "if the plaintiff fails to prove
25   that the forward-looking statement . . . was made with actual knowledge."  15 U.S.C. § 78u-
     5(c)(1)(B).  Defendants are not moving under this portion of the safe harbor.

26          [14] *See In re WorldCom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 427 (S.D.N.Y. 2003); *In re
     Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1178 n.62 (C.D. Cal. 2008);
27   *Kensington Capital Mgmt. v. Oakley, Inc.*, No. SA CV97-808-GLT(EEx), 1999 U.S. Dist. LEXIS
     385, at *7 (C.D. Cal. Jan. 14, 1999).
28

that *Cutera* rejected (*i.e.*, held that a defendant's state of mind is relevant).[15]  Three of the cases addressed other unrelated issues.[16]  The last opinion, *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1115 (9th Cir. 1989), was issued six years before Congress enacted the safe harbor statute.

## B.   Plaintiffs Fail to Plead that the Forward-Looking Statements Were False.

As demonstrated in Defendants' Motion, the FAC does not allege facts showing that the forward-looking statements failed to come true or lacked a reasonable basis when made.  (Mot. at 11:11-13:3.)  Plaintiffs respond by ignoring Defendants' arguments and by misrepresenting the accounting allegations in their own FAC.

Plaintiffs do not dispute that the FAC fails to plead facts showing that any forward-looking statement did not come true.  On this basis alone, the Court should grant judgment on claims based on the forward-looking statements.  *See In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 514 (9th Cir. 1991) (no liability for projection that "pretty much" came true).

As an independent basis for judgment, Defendants showed that the FAC pleads no facts showing that the forward-looking statements were made without a reasonable basis.  (Mot. at 11-13.)  With respect to Statements 24, 27, and 28, Plaintiffs offer no argument in response.

Plaintiffs argue that Defendants lacked a reasonable basis for forward-looking statements addressing "cost reduction plans" and "expectations for future costs and margin results," because Defendants were allegedly aware of improper accounting in SunPower's Philippines operations.  (Opp'n at 17:1-20:5.)  This argument fails for at least two separate reasons.

First, the FAC pleads no facts describing the process whereby projections were made; absent are any facts showing how Defendants' alleged knowledge of improper accounting

---

[15]*See Rosenbaum Capital,* 549 F. Supp. At 1191; *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 494-95 (S.D.N.Y. 2011); *In re JDS Uniphase Corp. Sec. Litig.*, No. C 02-1486 CW, 2007 U.S. Dist. LEXIS 66085, at *45 (N.D. Cal. 2007); *In re CV Therapeutics, Inc. Sec. Litig.*, No. C 03-03709 SI, 2004 U.S. Dist. LEXIS 17419, at *33-*34 (N.D. Cal. Aug. 5, 2004).

[16]*See In re MannKind Sec. Actions*, 835 F. Supp. 2d 797, 817 (C.D. Cal. 2011) (finding "boilerplate" risk disclosures inadequate); *In re Nuvelo, Inc. Sec. Litig.*, 668 F. Supp. 2d 1217, 1230-31 (N.D. Cal. 2009) (ruling statements at issue were not forward-looking); *S. Ferry LP #2 v. Killinger*, 399 F. Supp. 2d 1121, 1137 (W.D. Wash. 2005) (finding risk disclosures not specific enough to be meaningful).

affected the process for projecting future performance.  The Reform Act requires that, for each statement alleged to be false, the complaint must "connect the particularized facts demonstrating that . . . [each] statement was false or misleading when made."  *In re Downey Sec. Litig.*, No. CV 08-3261-JFW (RZx), 2009 WL 2767670, at *3 (C.D. Cal. Aug. 21, 2009).  For forward-looking statements, this means that Plaintiffs must plead particularized facts showing why each statement lacked a reasonable basis when made.  Vague and generalized allegations of an accounting-fraud scheme do not suffice.  *See Kane v. Madge Networks N.V.*, No. C-96-20652-RMW, 2000 WL 33208116, at *8 (N.D. Cal. May 26, 2000) (dismissing statements concerning revenue and earnings projections when plaintiffs did not "present the facts that would go into making such projections"); *Howard Gunty Profit Sharing v. Quantum Corp.*, No. 96 20711 SW, 1997 WL 514993, at *5-6 (N.D. Cal. Aug. 14, 1997).[17]

Second, Plaintiffs' Opposition grossly misrepresents and embellishes upon the facts presented in the FAC.  Plaintiffs argue that Defendants were aware that SunPower's costs and margins were "significantly off-budget" during each quarter of the Class Period, but SunPower "inexplicably [met] its budget" by making "massive" adjustments "at the end of seven consecutive quarters."  (Opp'n at 18:4-23.)  The FAC pleads no facts to support this fictional account.

Plaintiffs cite "Confidential Witnesses" ("CWs") 4 and 6, but neither CW supports Plaintiffs' end-of-quarter-adjustment story.  CW6 offers only the unremarkable observation that unidentified "executives" received "spreadsheets" tracking costs for unspecified "projects" that would indicate if the project "was not on target to plan."  (FAC ¶ 91.)  CW6 did not say that any

---

[17] Plaintiffs rely on inapposite cases in which individual statements were linked to specific alleged facts known by defendants.  *See In re St. Jude Med., Inc. Sec. Litig.*, 836 F. Supp. 2d 878, 898 (D. Minn. 2011) (internal projections that contradicted public statements); *Plumbers Union Local No. 12 Pension Fund v. Ambassador's Grp.*, 717 F. Supp. 2d 1170, 1178-79 (E.D. Wash. 2010) (loss of access to a customer mailing list); *In re BP Prudhoe Bay Royalty Trust Sec. Litig.*, No. C06-1505 MJP, 2007 U.S. Dist. LEXIS 83007, at *19-*20 (W.D. Wash. Oct, 26, 2007) (deterioration of oil pipelines); *In re Amgen, Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1027-29 (C.D. Cal. 2008) (failure to conduct clinical trials recommended by the FDA); *In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 972-73 (N.D. Cal. 2009) (sharply falling demand in China).  Here, Plaintiffs do not make the necessary connection between the allegedly fraudulent accounting and the forward-looking statements at issue.

of these reports alerted any specific Defendant that "the Company's costs far exceeded budget," as Plaintiffs now contend in their Opposition. (Opp'n at 18:10.) Similarly, Plaintiffs claim that CW4 said that he raised concerns about "questionable cost adjustments" with John Rodman (who is not a Defendant), but "the issues were never resolved." (*Id.* at 19:5-8.) In fact, CW4 said only that he did not "receive[] an answer" about these concerns (FAC ¶ 83), not that they were never resolved. Moreover, the FAC does not specify what the adjustments were, whether they related to the unsubstantiated accounting entries, when they were made, how large or small they were, or what Mr. Rodman did about them.

The only other source Plaintiffs cite in support of their theory is SunPower's March 19, 2010 announcement of its restatement. (*Id.* ¶¶ 14, 125, 208, 223.) But the accusation that there were "massive" quarter-end adjustments for "seven consecutive quarters" is flatly contradicted by the restatement, which states that for four of the seven Class Period quarters, SunPower's gross margins were either *understated* or overstated by no more than 3%. (*Id.* ¶¶ 144(a) (1Q08), 164(a) (3Q 08), 173(a) (4Q 08); Decl. of Andrew S. Bernick Filed in Supp. of Reply in Supp. of Mot. for Partial Judgment on the Pleadings, Ex. 1 at 144 (3Q09).)

Without facts to support their massive quarter-end-adjustment theory, Plaintiffs are left with allegations that Defendants were focused on margins and costs (Opp'n at 17:8-19), as all corporate executives are, and a clump of allegations unsupported by the sources of information listed in the FAC (¶¶ 6, 93-94, 213, 217, 222, 224), which fail to comply with the Reform Act's requirement that a complaint plead "adequate corroborating details" about the sources for these allegations. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 985 (9th Cir. 1999); *accord Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). The accounting-fraud allegations do not, therefore, show that any of the forward-looking statements lacked a reasonable basis when made.

## IV.   THE VAGUE STATEMENTS OF CORPORATE OPTIMISM ARE NOT ACTIONABLE AS A MATTER OF LAW.

Defendants also showed that six statements are not actionable as a matter of law because they are vague statements of corporate optimism. (Mot. at 13:6-21.)  Plaintiffs concede that three of these statements—Nos. 1, 17, and 18—are not actionable. (Opp'n at 4 n.2.)

Plaintiffs argue it is premature to analyze whether the other three statements—Nos. 11, 26, and 29—are too vague to be actionable. (Opp'n at 20:11-12.)  But the court in *Cutera* decided this same issue on a motion to dismiss. *See Cutera*, 610 F.3d at 1111; *see also, e.g.*, *Align Tech.*, 2011 WL 2269418, at *3-4; *In re FoxHollow Techs., Inc., Sec. Litig.*, No. C 06-4695 PJH, 2008 WL 2220600, at *17-18 (N.D. Cal. May 27, 2008).

Plaintiffs' other arguments evade the legal standard in this Circuit for determining if a statement is too vague to be actionable.  A statement is vague if it "tend[s] to use terms that are not measurable and not tethered to facts that 'a reasonable person would deem important to a securities investment decision.'" *In re Ligand Pharm., Inc. Sec. Litig.*, No. 04CV1620DMS (LSP), 2005 WL 2461151, at *19 (S.D. Cal. Sept. 27, 2005) (citing *In re Cornerstone Propane Partners, L.P. Sec. Litig.*, 355 F. Supp. 2d 1069, 1087 (N.D. Cal. 2005)).  Statements that use "feel good monikers," such as "good" or "well regarded" are not measurable and not connected to specific facts, and thus not actionable. *Cutera*, 610 F.3d at 1111.

Ninth Circuit and district court cases applying this standard have dismissed statements similar to the three at issue here.  In *Cutera*, for example, the Ninth Circuit held the statement "we believe our employee relations are good" was too vague to be actionable. *Cutera*, 310 F.3d at 1111.  And in *Align Tech.*, the court ruled that the statements, "'we are pleased with the progress . . .' [and] 'are positioned to generate significant top line growth in 2007'"; and "'[w]e continue to see expansion in our customer base . . . as well as solid demand at the consumer level'" were too vague to be actionable. *Align Tech.*, 2011 WL 2269418, at *3-4.  Those statements are nearly identical to Statement No. 11, which states: "The overall global business environment remains very favorable as we continue to execute on our long-term strategy focused

on brand, technology, cost and people. We are well-positioned for success entering the second half of the year."

Moreover, Plaintiffs' argument that the three statements are "immediately" preceded or followed by specific statements of fact has no merit.  (Opp'n at 22:6-7.)  Plaintiffs use Statement No. 11 as an example, but that statement stands alone in the FAC.  (*See* FAC ¶ 146.)  Statement No. 11 appeared in a SunPower press release, but no other statement in the same paragraph as Statement No. 11 is alleged to be misleading.  (Compare Ex. 5 at 7 with FAC ¶ 146.)  Plaintiffs' Appendix E purports to show statements that surround Statement No. 11, but two of those statements are ones Plaintiffs conceded are not actionable (Statement No. 12, which concerns a "prototype Generation 3 solar cell," and Statement No. 13, which concerns a new Malaysian manufacturing facility).  The next allegedly misleading statement in the press release—"Our cost reduction plans are on target for silicon procurement as well"—appears *four paragraphs later*. (Statement No. 14, Ex. 5 at 8.)  This does not "immediately" follow Statement No. 11, as Plaintiffs claim.  Accordingly, Statement No. 11, as well as Statement Nos. 26 and 29, are too vague to be actionable.

## CONCLUSION

For all of the foregoing reasons and those discussed in Defendants' Motion, Defendants respectfully request that the Court grant judgment on all claims based on the 32 challenged statements.

Dated:  November 9, 2012                    MORRISON & FOERSTER LLP


                                            By:    */s/ Judson E. Lobdell*
                                                   Judson E. Lobdell

                                            Attorneys for Defendants
                                            SUNPOWER CORPORATION, THOMAS H. WERNER,
                                            DENNIS V. ARRIOLA, and EMMANUEL T.
                                            HERNANDEZ

**ECF ATTESTATION**

I, Andrew S. Bernick, am the ECF User whose ID and Password are being used to file the foregoing document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Judson E. Lobdell has concurred in this filing.

Dated: November 9, 2012                    MORRISON & FOERSTER LLP


                                           By:    /s/ Andrew S. Bernick
                                                  Andrew S. Bernick

*In re SunPower Securities Litigation*
No. CV 09-5473-RS (JSC)

**REPLY ATTACHMENT 1: COMPARISON OF RISK DISCLOSURES**

| RISK DISCLOSURES | |
|---|---|
| **Risk Disclosures Cited in**<br>***City of Royal Oak Retirement Sys. v. Juniper Networks, Inc.,***<br>--- F. Supp. 2d ----, No. 5:11-CV-04003- LHK, 2012 WL 3010992, at *13 (N.D. Cal. July 23, 2012). | **Sunpower's Risk Disclosures**<br>4/17/2008 Form 8-K<br>(Ex. 2 to Bernick Declaration in Support of Defendants' Motion for Partial Judgment on the Pleading (Dkt. 219-2)) |
| • "[f]luctuating economic conditions [that] make it difficult to predict revenues for a particular period"; | • (i) the company's ability to obtain a[n] adequate supply of polysilicon, ingots and wafers to manufacture its products and the price it pays for such materials; |
| • "intense competition that could reduce [Juniper's] revenues and adversely affect [its] financial results"; | • (ii) business and economic conditions and growth trends in the solar power industry; |
| • the possibility that "recent level of product gross margin may not be sustainable"; | • (iii) the continuation of governmental and related economic incentives promoting the use of solar power; |
| • the risk that Juniper's "ability to develop, market, and sell products could be harmed if [it is] unable to retain or hire key personnel"; | • (iv) increases in the available supply of third party solar panels, |
| • "undetected errors" in Juniper's technical products; | • (v) the continued availability of third-party financing arrangements for the company's customers; |
| • interoperability issues between Juniper's products and its customers' hardware and software. | • (vi) the company's ability to ramp new production lines and realize expected manufacturing efficiencies; |
| | • (vii) unforeseen manufacturing equipment delays at the company's fabrication facilities and panel factories; |
| | • (viii) the company's ability to utilize thinner wafers, reduce kerf loss and otherwise achieve anticipated improvements in polysilicon usage efficiency; |
| | • (ix) production difficulties that could arise; |
| | • (x) the success of the company's ongoing research and development efforts; |

***In re SunPower Securities Litigation***
No. CV 09-5473-RS (JSC)

**REPLY ATTACHMENT 1: COMPARISON OF RISK DISCLOSURES**

| | |
|---|---|
| | • (xi) the company's ability to compete with other companies and competing technologies; |
| | • (xii) the potential renegotiation of or non-performance by parties to the company's supply and customer contracts; |
| | • (xiii) the price and availability of third-party cells and solar panels; |
| | • (xiv) liquidated damages or customer refunds for late installations arising on large scale solar projects |
| | • (xv) unanticipated changes in the mix of balance of systems sales; |
| | • (xvi) other risks described in the company's Annual Report on Form 10-K for the year ended December 30, 2007, and other filings with the Securities and Exchange Commission. |

2