1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS **(Consolidated)** |
| | **CLASS ACTION** |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE, AND SCHEDULING SETTLEMENT HEARING** |

WHEREAS, a consolidated action is pending before this Court entitled *In re SunPower Securities Litigation*, Case No. CV 09-5473-CRB (the "Action");

WHEREAS, Lead Plaintiffs Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S (collectively, "Lead Plaintiffs"), and additional named plaintiff Bobby J. Reynolds (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as hereinafter defined); and SunPower Corporation ("SunPower"), Thomas H. Werner, Dennis V. Arriola and Emmanuel T. Hernandez (collectively, "Defendants") have entered into a proposed settlement of the Action (the "Settlement"), the terms and conditions of which are set forth in the Stipulation of Settlement dated February 1, 2013 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"); and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following Order:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3. Pending further order of the Court, all litigation activity in the Action is hereby stayed, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), in the Judgment or in this Preliminary Approval Order, and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

**CLASS CERTIFICATION**

4.     The Court hereby preliminarily certifies, solely for purposes of effectuating the Settlement, pursuant to Rules 23(a) and 23(b)(3), a Settlement Class defined as follows:

> All Persons who purchased or otherwise acquired SunPower publicly traded Securities (as defined in ¶1.31 of the Stipulation) between April 17, 2008 and November 16, 2009, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants, the officers and directors of SunPower, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

5.     Pursuant to Rule 23, and for the purposes of the Settlement only, the Court preliminarily certifies Lead Plaintiffs as the class representatives for the Settlement Class and appoints Bernstein Litowitz Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP and Kaplan Fox & Kilsheimer LLP ("Lead Counsel") as counsel to the Settlement Class. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or that may be undertaken pursuant to, the Stipulation or such other acts as are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6.     With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied.

7.     The Court appoints Epiq Systems, Inc. as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

        i.     No later than ten (10) business days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to all members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of SunPower and/or its agents as set forth below (the "Notice Date");

ii.     A summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-3, shall be published once in the national edition of *The Investor's Business Daily* and over the *PR Newswire* no later than ten (10) business days after the Notice Date; and

iii.     The Notice, the Summary Notice and the Claim Form shall also be placed on the website created for this Settlement, on or before the Notice Date.

8.     The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶7 of this Preliminary Approval Order meet the requirements of Rule 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

9.     For the purpose of identifying and providing notice to the Settlement Class, within five (5) business days of entry of this Preliminary Approval Order, SunPower shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs, Lead Counsel or the Claims Administrator) its security holder lists (consisting of security holder names and addresses during the Settlement Class Period), in electronic form.

10.     No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Preliminary Approval Order.  Such proof shall also include proof of any notice to beneficial owners under ¶11 herein.

11.     The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased SunPower Securities for the benefit of another Person during the Settlement Class Period.  Those brokers and other nominees are directed to either:  (i) send the Notice and Claim Form to all such beneficial owners, postmarked within fourteen (14)

calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within seven (7) calendar days after receipt thereof.  If a nominee elects to send the Notice to beneficial owners, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.   Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

### **HEARING: RIGHT TO BE HEARD**

12.   The Court will hold a settlement hearing (the "Final Approval Hearing") on _____, 2013, at _:__ _.m., in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Court 3, 17th Floor, San Francisco, California, for the following purposes:   (i) to determine whether to grant final certification of the Action as a class action solely for purposes of the Settlement, pursuant to Rule 23; (ii) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be finally approved by the Court; (iii) to determine whether the Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with

prejudice; (iv) to rule upon the Plan of Allocation; (v) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

13. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than thirty-five (35) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

14. Any Member of the Settlement Class may appear at the Final Approval Hearing at his, her or its own expense, individually or through counsel of his, her or its own choice, to show cause, if he, she or it has any reason why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Settlement Class Member or any other Person shall be heard or entitled to contest those matters unless that Settlement Class Member or Person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing:

**Representative of Lead Counsel for the Settlement Class**

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
David R. Stickney
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582

**Counsel for Defendants**

MORRISON & FOERSTER LLP
Jordan Eth
Judson E. Lobdell
425 Market Street
San Francisco, CA 94105-2482

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, San Francisco Division by the same deadline.  Any objection must include:  (a) the full name, address and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving SunPower Securities during the Settlement Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or acquisition or sale or disposition and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five (5) years; and (h) the objector's signature, even if represented by counsel.  If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing.  Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice.  By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of

attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement, including, without limitation, enforcement of the terms of the Settlement (including, without limitation, the release of the Released Claims provided for in the Stipulation and the Judgment).

15.    All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.  If the Settlement is approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, including, without limitation, the releases provided for in the Stipulation and the Judgment, regardless of whether or not a Settlement Class Member seeks or obtains any distribution from the Settlement Fund or Net Settlement Fund by any means, including, without limitation, by submitting a Claim Form to the Claims Administrator.

16.    Any Member of the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Defendants' Counsel of record a notice of such appearance.  If a Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Plaintiffs and Lead Counsel.

17.    The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without further notice to Settlement Class Members; and (b) approve the Settlement with modifications as may be agreed to by the Settling Parties, where appropriate, without further notice to Settlement Class Members.  The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

**CLAIMS PROCESS**

18.     In order to be potentially eligible to participate in the Settlement, a Settlement Class Member must complete and submit a Claim Form in accordance with the instructions contained therein.  To be potentially valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.

19.     Any Settlement Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be bound by any judgment or determination of the Court affecting the Settlement Class Members and will in all other respects be subject to and bound by the terms and provisions of the Stipulation, the releases contained therein, and the Judgment, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning any Released Claim (including any Unknown Claim) as set forth in ¶3.3 of the Stipulation.

**REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS**

20.     Any requests for exclusion must be submitted to the Claims Administrator in the form and manner described in the Notice, by mail or other delivery method for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing.  Any Settlement Class Member who wishes to be excluded from the Settlement Class must provide the following information in his, her, or its request for exclusion:  (i) name, (ii) address, (iii) telephone number, (iv) number and type(s) of SunPower Security purchased or otherwise acquired during the Settlement Class Period, (v) the date of each such purchase or acquisition of a SunPower Security and the price or other consideration paid for each such Security, (vi) the date of each sale or other disposal of any SunPower Security during the Settlement Class Period and the price or other consideration received for each such Security, (vii) the number and type of each SunPower Security held at the close of trading on April 16, 2008 (*i.e*, immediately before the commencement of the Settlement Class Period), and (viii) a statement that the Person wishes to be excluded from the Settlement Class.  Any request for exclusion must also be signed by the

Person requesting exclusion. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court.

21. Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, without limitation, the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

22. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all requests for exclusion within five (5) business days of receipt by Lead Counsel but, with respect to timely requests for exclusion, in no event later than fourteen (14) calendar days before the Final Approval Hearing.

23. The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Plaintiffs' proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action set forth therein. No Released Person shall have any responsibility for, or liability whatsoever with respect to, the Plan of Allocation or any application for attorneys' fees or Litigation Expenses.

24.     Only Settlement Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     Immediately after payment of the Settlement Fund to the Escrow Account but before the Effective Date, Lead Counsel may use up to $400,000.00 of the Settlement Fund to pay Notice and Administration Costs reasonably, necessarily and actually incurred, without further approval of Defendants or order of the Court.  As set forth in the Stipulation, such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice and Claim Form, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing notice and processing the submitted Claims, and the reasonable fees, if any, of the Escrow Agent.  In the event that Lead Counsel seek more than $400,000.00 before the Effective Date to pay such costs, Lead Counsel shall seek approval from Defendants' Counsel as set forth in the Stipulation.  In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or their insurance carriers.  Following the Effective Date, Lead Counsel may pay from the Settlement Fund all reasonably, necessarily and actually incurred Notice and Administration Costs without further approval of Defendants or order of the Court.

27.     As further set forth in ¶¶13.1 and 13.2 of the Stipulation, the fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other

tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of Defendants to Plaintiffs, the Settlement Class or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Plaintiffs, the Settlement Class or anyone else, or (v) that the amount paid pursuant to the Settlement (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time.  The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment.

28.   Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

\\

\\

\\

\\

\\

\\

\\

29.    In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶26, 27, 28 and 29) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A-1

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA
8         SAN FRANCISCO DIVISION

9  IN RE SUNPOWER SECURITIES          Case No. CV 09-5473-RS
   LITIGATION                         **(Consolidated)**
10

11                                    <u>**CLASS ACTION**</u>

12                                    **NOTICE OF PENDENCY OF CLASS
                                      ACTION AND PROPOSED
13                                    SETTLEMENT, FINAL APPROVAL
                                      HEARING, AND MOTION FOR
14                                    ATTORNEYS' FEES AND
                                      REIMBURSEMENT OF
15                                    LITIGATION EXPENSES**

16                                    **EXHIBIT A-1**

17

18

19

20

21

22

23

24

25

26

27

28

_____
NOTICE OF SETTLEMENT
Case No. CV 09-5473-RS

*A Federal Court authorized this Notice.*

*This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired SunPower Securities (as defined in ¶2 below) from April 17, 2008 to November 16, 2009, inclusive (the "Settlement Class Period").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiffs, Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S (collectively, "Lead Plaintiffs"), and additional named plaintiff Bobby J. Reynolds (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), have reached a proposed settlement of the Action with Defendants SunPower Corporation ("SunPower"), Thomas H. Werner, Dennis V. Arriola and Emmanuel T. Hernandez, for a total of nineteen million seven hundred thousand United States dollars ($19,700,000) in cash, that will resolve claims in the Action (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully and in its entirety!**

1.      **Description of the Litigation and Settling Parties**:  This Notice relates to the pendency and proposed settlement of a class action lawsuit pending against Defendant SunPower and Defendants Thomas H. Werner, Dennis V. Arriola and Emmanuel T. Hernandez (the "Individual Defendants").  SunPower and the Individual Defendants are collectively referred to as the "Settling Defendants" or "Defendants."  "Plaintiffs" means the Lead Plaintiffs Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S, and the additional named plaintiff Bobby J. Reynolds.  The "Settling Parties" means (i) Defendants and (ii) Plaintiffs on behalf of themselves and the Settlement Class Members.  The proposed Settlement, if approved by the Court, will settle certain claims of the Settlement Class.

2.      **Description of the Settlement Class**:  The Court has preliminarily certified a Settlement Class of all Persons[1] who purchased or otherwise acquired SunPower publicly traded Class A and/or Class B common stock and/or 4.75% Senior Convertible Debentures ("SunPower Securities" or "Securities") during the Settlement Class Period of April 17, 2008 to November 16, 2009, inclusive.

3.      **Statement of the Settlement Class' Recovery**:  Subject to Court approval and, as described more fully below, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle all Released Claims (as defined in ¶32 below) against the Released Persons (as defined in  ¶33 below) in exchange for a settlement payment of $19,700,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing Escrow Account (the Settlement Amount, plus the interest that will be accrued, is referred to in this Notice as the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and certain Litigation Expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the Members of the Settlement Class.  The proposed Plan of Allocation is included in this Notice and may be modified by the Court without further notice.

4.      **Statement of Average Amount of Recovery Per Security**:  The Settlement Fund consists of $19,700,000 in cash, plus interest earned.  Your recovery will depend on the number and type of Securities you purchased or otherwise acquired, when and if you sold, and the timing and amount of those transactions.  It will also depend on the number of valid Claim Forms that Members of the Settlement Class submit and the amount of such claims.  Assuming that all of the investors who purchased or otherwise acquired the Securities during the Settlement

---

[1] "Person" means an individual, corporation, limited liability company, professional corporation, partnership, domestic partnership, limited partnership, limited liability partnership, marital community, association, joint stock company, joint venture, joint venturer, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

Class Period participate in the Settlement, Lead Counsel estimate that the estimated average distribution will be approximately $0.20 per damaged Class A common stock share, $0.20 per damaged Class B common stock share and $7.05 per $1,000 par value of damaged 4.75% Senior Convertible Debenture, before the deduction of Court-approved fees and Litigation Expenses, as described below, and the Notice and Administration Costs.  Historically, less than all eligible investors submit claims, resulting in higher average distributions per damaged Security.

5.      **Statement of the Parties' Position on Damages:**  Defendants deny all claims of wrongdoing, that they are liable to Plaintiffs and/or the Settlement Class or that Plaintiffs or other Members of the Settlement Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per Security that would be recoverable if Plaintiffs were to prevail on each of their claims.  Other issues on which the two sides disagree include, but are not limited to:  (i) whether the statements made or facts allegedly omitted were material, false or misleading; and (ii) whether any of the Defendants are liable under the securities laws with respect to any statements or omissions.

6.      **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Amount, net of Court-approved Litigation Expenses of Lead Counsel, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of certain Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $900,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 78u-4(a)(4).  Assuming that all of the investors who purchased or otherwise acquired the Securities during the Settlement Class Period and were damaged as a result of the alleged conduct participate in the Settlement, and if the Court approves Lead Counsel's fee and Litigation Expense application, Lead Counsel estimate that the average cost will be approximately $0.06 per damaged Class A common stock share, $0.06 per damaged

Class B common stock share and $2.08 per $1,000 par value of damaged 4.75% Senior Convertible Debenture.

7.   **Identification of Attorney Representatives:**  Plaintiffs and the Settlement Class are being represented by Court-appointed Lead Counsel David R. Stickney, Esq. of Bernstein Litowitz Berger & Grossmann LLP, Ramzi Abadou of Kessler Topaz Meltzer & Check, LLP and Laurence D. King of Kaplan Fox & Kilsheimer LLP.  Any questions regarding the Settlement should be directed to Mr. Stickney at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130-3582, (866) 648-2524, blbg@blbglaw.com; or Mr. King of Kaplan Fox & Kilsheimer LLP, 350 Sansome Street, Suite 400, San Francisco, CA 94104, (415) 772-4700, info@kaplanfox.com; or Mr. Abadou of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, (415) 400-3000, rabadou@ktmc.com.

----END OF COVER PAGE----

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE SETTLEMENT CLASS** | This is the only way to receive a payment.  If you wish to obtain a payment as a Member of the Settlement Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than [120 days after Notice Date]. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [21 days before Final Approval Hearing].** | Receive no payment pursuant to this Settlement.  This is the only option that allows you to pursue other litigation against any Released Person relating to the claims being released in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [21 days before Final Approval Hearing].** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a Member of the |

|  | Settlement Class and do not validly exclude yourself. |
|---|---|
| **IF YOU PLAN TO GO TO THE HEARING ON _____, AT _:__ _.M., YOU MUST FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [21 days before Final Approval Hearing].** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses. |
| **DO NOTHING.** | Receive no payment, remain a Settlement Class Member, give up your rights and be bound by the Final Judgment and Order of Dismissal with Prejudice entered by the Court if it approves the Settlement, including without limitation the release of the Released Claims. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                    Page __

What Is This Case About?  What Has Happened So Far?                           Page __

How Do I Know If I Am Affected By The Settlement?                             Page __

What Are The Settling Parties' Reasons For The Settlement?                    Page __

What Might Happen If There Were No Settlement?                                Page __

How Much Will My Payment Be?                                                  Page __

What Rights Am I Giving Up By Agreeing To The Settlement?                     Page __

What Payment Are The Attorneys For The Settlement Class Seeking?
How Will The Lawyers Be Paid?                                                 Page __

How Do I Participate In The Settlement?                                       Page __

What Do I Need To Do?                                                         Page __

What If I Do Not Want To Be A Part Of The Settlement?                         Page __

How Do I Exclude Myself?                                                      Page __

When And Where Will The Court Decide Whether To Approve
The Settlement?  Do I Have To Come To The Hearing?                    Page __

May I Speak At The Hearing If I Don't Like The Settlement?           Page __

What If I Bought Securities On Someone Else's Behalf?                Page __

Can I See The Court File?                                            Page __

Whom Should I Contact If I Have Questions?                          Page __

| WHY DID I GET THIS NOTICE? |
|---|

7.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Northern District of California (the "Court") because you or someone in your family may have purchased or otherwise acquired SunPower Securities during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the Settlement Class or the Settlement Class Members.  In this Action, the Court has appointed the Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S as Lead Plaintiffs under a federal law governing lawsuits such as this one, and approved Lead Plaintiffs' selection of the law firms of Bernstein Litowitz Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP and Kaplan Fox & Kilsheimer LLP ("Lead Counsel") to serve as Lead Counsel in the Action.  The Settlement class representatives are the three Lead Plaintiffs. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the Settlement Class Members with both consistency and efficiency.

Once the Settlement Class is certified, the Court must resolve all issues on behalf of the Settlement Class Members, except for any Persons who choose to exclude themselves from the Settlement Class. (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.)

9.      The Court in charge of this case is the United States District Court for the Northern District of California, San Francisco Division, and the case is known as *In re SunPower Securities Litigation.* The Judge presiding over this case is the Honorable Richard Seeborg, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the three main plaintiffs are referred to as the Lead Plaintiffs, on behalf of themselves and the Settlement Class, and the Defendants are SunPower and the Individual Defendants.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them and how to receive them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected and how to exclude yourself from the Settlement Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses (the "Final Approval Hearing").

11.     The Final Approval Hearing will be held on _____, at __:__ _.m., before the Honorable Richard Seeborg, at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 3, 17th Floor, San Francisco, California to determine:

- whether the Court should grant final certification of the Settlement Class solely for purposes of the Settlement;

- whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court;

- whether the Released Claims against Defendants and their related parties should be dismissed with prejudice and fully and finally released by Plaintiffs and the Settlement Class and their related parties as set forth in the Stipulation of Settlement entered into by the Settling Parties (the "Stipulation");

- whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

- whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

| WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR? |
| --- |

13.    Beginning on November 18, 2009, three putative class actions were filed against the Defendants and certain other Persons in the United States District Court for the Northern District of California, asserting violations of the federal securities laws:  *Plichta v. SunPower Corp., et al.*, Case No. CV 09-5473-CRB; *Cao v. SunPower Corp., et al.*, Case No. CV 09-5488-CRB; and *Parrish v. SunPower Corp., et al.*, Case No. CV 09-5520-RS.    On November 18, 2009, pursuant to the Private Securities Litigation Reform Act of 1995, a notice of action was published, providing a deadline of January 19, 2010 to seek lead plaintiff appointment.

14.    By Order dated March 5, 2010, the Court (i) consolidated civil actions CV 09-5473-CRB, 09-5488-CRB and 09-5520-CRB under the caption *In re SunPower Securities Litigation*, Case No. CV 09-5473-CRB (the "Action"); (ii) appointed Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S as lead plaintiffs for a putative class of all purchasers of SunPower securities between April 17, 2008 and November 16, 2009, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934

1  ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B); and (iii) appointed Bernstein Litowitz Berger &
2  Grossmann LLP, Barroway Topaz Kessler Meltzer & Check, LLP (n/k/a Kessler Topaz Meltzer
3  & Check, LLP) and Kaplan Fox & Kilsheimer LLP as lead counsel ("Lead Counsel").

4       15.   On May 28, 2010, Plaintiffs filed the Consolidated Complaint for Violation of
5  Federal Securities Laws (the "Consolidated Complaint").  The Consolidated Complaint asserted
6  claims against Defendants under §10(b) of the Exchange Act and Rule 10b-5 promulgated
7  thereunder on behalf of a class of all persons or entities who purchased or otherwise acquired
8  SunPower securities between April 17, 2008 and November 16, 2009.  The Consolidated
9  Complaint also asserted claims under §20(a) of the Exchange Act and §15 of the Securities Act
10 of 1933 (the "Securities Act") against the Individual Defendants, and it asserted claims under
11 §11 of the Securities Act against SunPower, Thomas H. Werner, Emmanuel T. Hernandez, T.J.
12 Rodgers, W. Steve Albrecht, Betsy S. Atkins, Patrick Wood, III, Uwe-Ernst Bufe, Deutsche
13 Bank Securities Inc., Credit Suisse Securities (USA) LLC, Lazard Capital Markets LLC,
14 Barclays Capital Inc., Piper Jaffray & Co., Wachovia Capital Markets, LLC (n/k/a Wells Fargo
15 Securities, LLC) and SL Hare Capital, Inc.

16      16.   On August 5, 2010, all named defendants moved to dismiss the Consolidated
17 Complaint on the ground that it failed to state a claim upon which relief could be granted.  On
18 September 22, 2010, Plaintiffs filed their opposition.  On March 1, 2011, the Court dismissed
19 the Consolidated Complaint with leave to amend.

20      17.   On April 18, 2011, Plaintiffs filed the operative complaint, the First Amended
21 Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the
22 "Complaint").  The Complaint asserted the same claims against the same defendants as the
23 Consolidated Complaint.  It also added new defendants John B. Rodman and Mariano M.
24 Trinidad, asserting the Exchange Act claims against them.

25      18.   On May 23, 2011, motions to dismiss the Complaint were filed on behalf of all
26 named defendants.  On December 19, 2011, the Court issued an Order granting the motions in
27 part and denying the motions in part.  The Court's Order dismissed all claims asserted against
28 John B. Rodman, Mariano M. Trinidad, T.J. Rodgers, W. Steve Albrecht, Betsy S. Atkins,

Patrick Wood III, Uwe-Ernst Bufe, Deutsche Bank Securities Inc., Credit Suisse Securities (USA) LLC, Lazard Capital Markets LLC, Barclays Capital Inc., Piper Jaffray & Co., Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) and SL Hare Capital, Inc., with prejudice.  The Court declined to dismiss the remaining claims.

19.     On January 27, 2012, Defendants filed their Answer to the Complaint.

20.     On September 14, 2012, Defendants filed a Motion for Partial Judgment on the Pleadings Regarding Forward-Looking Statements and Vague Statements of Corporate Optimism ("MJP").  Lead Plaintiffs filed an opposition to the MJP on October 19, 2012, and Defendants filed a reply on November 9, 2012.

21.     On September 28, 2012, Lead Plaintiffs filed a Motion for Class Certification seeking class representative status for all three Lead Plaintiffs.

22.     On May 30, 2012, the Settling Parties participated in mediation before Jed Melnick, Esq. of JAMS.  The Settling Parties did not, however, reach a settlement agreement at that time.  On or about December 7, 2012, after further mediated discussions, the Settling Parties reached an agreement-in-principle to settle the Action for $19,700,000 in cash.

23.     Lead Counsel have conducted extensive discovery relating to the claims and the underlying events and transactions alleged in the Action.  Lead Counsel have analyzed evidence adduced in discovery, including analyzing a substantial volume of documents from Defendants and third parties and examining witnesses, and have researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants, as well as the potential defenses thereto.

24.     On _____, the Court preliminarily approved the Settlement, preliminarily certified the Settlement Class for settlement purposes, authorized this Notice to be sent to potential Members of the Settlement Class, and scheduled the Final Approval Hearing to consider whether to grant final approval of the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

25.     If you are a Member of the Settlement Class, you are subject to the Settlement

unless you timely request to be excluded.  The Settlement Class consists of all Persons who purchased or otherwise acquired SunPower publicly traded Securities (as defined above) during the Settlement Class Period of April 17, 2008 to November 16, 2009, inclusive.  Excluded from the Settlement Class are Defendants, the officers and directors of SunPower, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in this Notice (*see* "What If I Do Not Want To Participate In The Settlement Class And The Settlement?  How Do I Exclude Myself?" below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [120 days after Notice Date].**

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |
|---|

26.     Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability.  Plaintiffs and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

27.     In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $19,700,000 (less the various deductions described in this Notice), as compared to the risk that the claims

would produce a similar or smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future.

28.    Defendants regard the claims made against them as entirely without merit and deny all allegations of wrongdoing made against them.  Defendants, however, have agreed to the Settlement to avoid the expense and risks inherent in complex litigation such as this.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

29.    If there were no Settlement, and if Plaintiffs failed to establish any essential legal or factual element of their claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

30.    Appendix A to this Notice explains the plan for allocation of the Net Settlement Fund among Authorized Claimants ("Plan of Allocation"), as proposed by Plaintiffs.  The Court may modify the Plan of Allocation, or enter a different plan of allocation, without further notice to the Settlement Class.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

31.    If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims asserted against Defendants in the Action and will provide that Plaintiffs and each of the other Settlement Class Members, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other Person claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Claims Administrator) any distribution from the Net Settlement Fund, shall be

deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Released Claim except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.  The foregoing provision shall not apply to any Person who independently would be a member of the Settlement Class and timely excludes himself, herself or itself.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law and of the Judgment to have acknowledged, that the foregoing waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California Civil Code was separately bargained for and is a material element of the Settlement of which the release in this paragraph is a part.

32.    The Judgment will also provide that, upon the Effective Date, Plaintiffs, each of the other Settlement Class Members, and any other Person (including, without limitation, spouses, heirs, executors, beneficiaries, administrators, successors and assigns) claiming now or in the future through or on behalf of any Plaintiff or Settlement Class Member directly or indirectly, shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

33.    "Released Claims" means collectively, any and all claims (including, without limitation, Unknown Claims, as defined below), demands, rights, liabilities, suits, debts, obligations and causes of action, of every nature and description whatsoever, whether known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of legal or equitable theory, including, without limitation, claims for negligence, gross negligence,

recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of the common law, violation of administrative rule or regulation, tort, breach of contract, violation of international law or violation of the law of any foreign jurisdiction, that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Action and/or Complaint; or (ii) could have or might have asserted in the Action and/or Complaint and/or in any other litigation, action or forum that arise out of or are based upon, or are related in any way, directly or indirectly, in whole or in part, to (a) the allegations, transactions, facts, matters, occurrences, representations or omissions involved, set forth or referred to in the Complaint and that relate to the purchase or other acquisition of SunPower Securities (as defined herein) during the Settlement Class Period, and/or (b) Defendants' defense or settlement of the Action and/or Defendants' defense or settlement of the Released Claims.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or claims asserted on behalf of SunPower in any derivative action based on similar allegations.

34.    "Released Persons" means, collectively, (i) each and all of the Defendants, the members of each Individual Defendant's immediate family, any entity in which any member of any Individual Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or members of his family, John B. Rodman, Mariano M. Trinidad, T.J. Rodgers, W. Steve Albrecht, Betsy S. Atkins, Patrick Wood III, Uwe-Ernst Bufe, Deutsche Bank Securities Inc., Credit Suisse Securities (USA) LLC, Lazard Capital Markets LLC, Barclays Capital Inc., Piper Jaffray & Co., Wachovia Capital Markets, LLC (n/k/a Wells Fargo Securities, LLC) and SL Hare Capital, Inc.; and (ii) each and all of their respective past, present and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships,

insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters and retained professionals, in their respective capacities as such.

35.     "Unknown Claims" means, collectively, any and all Released Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Persons' Claims that any Settling Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement with and release of the Released Persons (or Plaintiffs, their counsel or other Settlement Class Members, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed or hidden. With respect to any and all Released Claims and Released Persons' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Defendants shall further expressly waive and relinquish, and each Settlement Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or of international or foreign law, that is similar, comparable or equivalent in

effect to California Civil Code § 1542.  It is understood that Plaintiffs and the other Settlement Class Members, or any of them, may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims (including Unknown Claims), but each Plaintiff shall expressly fully, finally and forever discharge, settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the Judgment shall have, expressly fully, finally and forever discharged, settled and released any and all Released Claims against the Released Persons, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, without limitation, conduct that is negligent, grossly negligent, reckless, deliberately reckless or intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and the Settlement Class Members by operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims and Released Persons' Claims) was separately bargained for and is a material element of the Settlement.

36.    The Judgment also will provide that Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other Person claiming (now or in the future) through or on behalf of any of them directly or indirectly, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and all of the Released Persons' Claims against (i) each and all Plaintiffs in the Action, and their respective attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any

Settlement Class Member and/or members of his or her family, and (ii) each and all of their respective past, present and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters and retained professionals, in their respective capacities as such.

37.     "Released Persons' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution or settlement of the Released Claims against the Settling Defendants, except for claims relating to the enforcement of the Settlement.

<div style="border:1px solid">

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
### HOW WILL THE LAWYERS BE PAID?

</div>

38.     Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intend to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Amount, net of Court-approved Litigation Expenses of Lead Counsel, plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intend to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $900,000 plus interest at the same rate and for the same time period as earned by the Settlement Fund.  Litigation Expenses may include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. §78u-4(a)(4).  The

sums approved by the Court will be paid from the Settlement Fund.  Members of the Settlement Class are not personally liable for the payment of these sums.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? |
| :---: |
| WHAT DO I NEED TO DO? |

39.    If you purchased SunPower Securities during the Settlement Class Period, and you are not excluded by the definition of the Settlement Class and you do not timely and validly elect to exclude yourself from the Settlement Class, then you are a Member of the Settlement Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.  If you are a Member of the Settlement Class and wish to establish your potential eligibility to share in the Net Settlement Fund, you must submit a Claim Form and supporting documentation to the Claims Administrator.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.sunpowersecuritieslitigation.com.  You may also request a Claim Form by calling toll-free (877) 483-2990 or e-mailing info@sunpowersecuritieslitigation.com.  Copies of the Claim Form can also be downloaded at www.sunpowersecuritieslitigation.com or from Lead Counsel's websites at www.blbglaw.com, www.kaplanfox.com or www.ktmc.com.  Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.  If you are a Member of the Settlement Class and do not exclude yourself from the Settlement Class, regardless of whether you submit a Claim Form to the Claims Administrator, or seek any distribution from the Net Settlement Funds by any other means, and regardless of whether you obtain any distribution from the Net Settlement Fund, you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning any Released Claim (including any

Unknown Claim).  Please retain all records of your ownership of, or transactions in the Securities during the Settlement Class Period, as they may be needed to document your Claim.

40.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

41.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Settlement Class And The Settlement?  How Do I Exclude Myself?"

42.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

> **WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?**
> **HOW DO I EXCLUDE MYSELF?**

43.     Each Settlement Class Member, regardless of whether he, she or it submits a Claim to the Claims Administrator or obtains any distribution from the Net Settlement Fund, will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such Person mails or otherwise delivers a written Request for Exclusion from the Settlement Class, addressed to: SunPower Securities Litigation, P.O. Box 6659, Portland, OR 97228-6659. The exclusion request must be *received* no later than [21 days before Final Approval Hearing].  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must provide the following information: (i) name, (ii) address, (iii) telephone number, (iv) number and type(s) of

SunPower Security purchased or otherwise acquired during the Settlement Class Period, (v) the date of each such purchase or acquisition of a SunPower Security and the price or other consideration paid for each such Security, (vi) the date of each sale or other disposal of any SunPower Security during the Settlement Class Period and the price or other consideration received for each such Security, (vii) the number and type of each SunPower Security held at the close of trading on April 16, 2008 (*i.e.*, immediately before the commencement of the Settlement Class Period), and (viii) a statement that the Person wishes to be excluded from the Settlement Class in *In re SunPower Securities Litigation*.  Any request for exclusion must also be signed by the Person requesting exclusion.  Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the Court..  Requests for exclusion will not be valid if they are not received within the time stated above, unless the Court orders otherwise.  Keep a copy of everything you mail, in case something is lost during shipping or processing.

44.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding concerning any of the Released Claims.

45.    If a Person requests to be excluded from the Settlement Class, that Person will not receive any benefit provided for in the Settlement.

46.    If, as specified in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), the number of shares of SunPower Securities purchased or otherwise acquired during the Settlement Class Period by Persons who would otherwise be Members of the Settlement Class but who request exclusion from the Settlement Class, exceeds the threshold(s) specified in the Supplemental Agreement, SunPower shall have, in its sole and absolute discretion, the option to terminate this Settlement in accordance with the procedures set forth in the Supplemental Agreement.

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO
APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

47.     If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.

48.     The Final Approval Hearing will be held on _____, at __:__ _.m. before the Honorable Richard Seeborg, at the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 3, 17th Floor, San Francisco, California.  The Court has the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses at or after the Final Approval Hearing without further notice to the Members of the Settlement Class.

49.     Any Member of the Settlement Class who does not request exclusion from the Settlement Class in the manner set forth herein may object to or oppose the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with copies of all other papers (including proof of purchase and, if applicable, the Securities) and briefs, with the Clerk's Office at the United States District Court for the Northern District of California, San Francisco Division, at the address set forth below for receipt on or before [21 days before Final Approval Hearing].  You must also serve the papers, by hand or first-class mail, on Lead Counsel for the Settlement Class and counsel for Defendants at the addresses set forth below so that the papers are *received* on or before [21 days before Final Approval Hearing].

**Clerk's Office**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA, SAN FRANCISCO DIVISION
Office of the Clerk of Court
450 Golden Gate Avenue
San Francisco, CA 94102-3439

**Counsel for SunPower and the
Individual Defendants**

MORRISON & FOERSTER LLP
Jordan Eth
Judson E. Lobdell
425 Market Street
San Francisco, CA 94105-2482

**Representative of Lead Counsel for the
Settlement Class**

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
David R. Stickney
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582

50.     You may not object to the Settlement or any aspect of it if you are not a Member of the Settlement Class or if you excluded yourself from the Settlement Class.

51.     You may file a written objection without having to appear at the Final Approval Hearing.  Any objection must include:  (a) the full name, address and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving SunPower Securities during the Settlement Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or acquisition or sale or disposition and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether you intend to appear at the Final Approval Hearing; (g) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.  If you intend to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on your behalf at the Final Approval Hearing.  Any Member of the Settlement Class who does not make his, her

or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

52.     If you wish to be heard orally at the Final Approval Hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before [21 days before Final Approval Hearing], concerning your intention to appear.  Persons who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

53.     If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, without limitation, the release of the Released Claims contained in the Final Judgment and Order of Dismissal with Prejudice.  If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you will potentially share in the Settlement Fund only if you file a Claim Form in the manner stated herein and the Claims Administrator approves your Claim.

54.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing.  If you decide to hire an attorney, however, it will be at your own expense, and he or she must file a notice of appearance with the

Court and serve it on Lead Counsel so that the notice is received on or before [21 days before Final Approval Hearing].

55. The Final Approval Hearing may be postponed or adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION OR LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES. SETTLEMENT CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL.**

| WHAT IF I BOUGHT SECURITIES ON SOMEONE ELSE'S BEHALF? |
| --- |

56. If you purchased or otherwise acquired the Securities described above for the beneficial interest of a person or organization other than yourself, you must either: (a) send the Notice and Claim Form to all such beneficial owners, postmarked within fourteen (14) calendar days of receipt of this Notice; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of this Notice, in which event the Claims Administrator will mail the Notice and Claim Form to such beneficial owners within seven (7) calendar days after receipt thereof. If you elect to send the Notice to beneficial owners as set forth in option (a) above, you are directed to send a statement to the Claims Administrator confirming that the mailing was made as directed, and you must retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Notice, including the timely mailing of the Notice to beneficial owners, you may seek reimbursement of your reasonable expenses actually

incurred in complying with this Notice by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if you elected or elect to do so.  Copies of this Notice may also be obtained by calling toll-free (877) 483-2990, and may be downloaded from the settlement website, www.sunpowersecuritieslitigation.com or from Lead Counsel's websites, www.blbglaw.com, www.kaplanfox.com or www.ktmc.com.

| CAN I SEE THE COURT FILE? |
| WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |

57.     This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.sunpowersecuritieslitigation.com, including, among other documents, copies of the Stipulation, the Claim Form and the Complaint.

58.     All inquiries concerning this Notice or the Claim Form should be directed to:

**Claims Administrator**

SunPower Securities Litigation
P.O. Box 6659
Portland, OR 97228-6659
Toll-free (877) 483-2990
www.sunpowersecuritieslitigation.com
info@sunpowersecuritieslitigation.com

**Lead Counsel**

David R. Stickney Esq.
Niki L. Mendoza, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582
Toll-free (866) 648-2524
blbg@blbglaw.com

Ramzi Abadou, Esq.
KESSLER TOPAZ MELTZER &
CHECK, LLP
One Sansome Street, Suite 1850
San Francisco, California 94104
(415) 400-3000
rabadou@ktmc.com

Laurence D. King, Esq.
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104
(415) 772-4700
info@kaplanfox.com

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____          By Order of the Clerk of Court
                                    United States District Court
                                    for the Northern District of California

APPENDIX A

PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

## I.   SUNPOWER SECURITIES

Securities for which a Claimant may be entitled to receive a distribution from the Net Settlement Fund are: (i) SunPower Class A common stock; (ii) SunPower Class B common stock,[2] and (iii) SunPower 4.75% convertible debentures due 2014 (the "Debentures"[3]) that were purchased or otherwise acquired during the Settlement Class Period.

SunPower Securities include SunPower Class B shares distributed in the form of a pro rata dividend to the holders of record of Cypress Semiconductor Corporation ("Cypress") common stock as of September 17, 2008 as part of the spin-off by Cypress.  The actual distribution of the Settlement Class B shares was made after the close of trading on September 29, 2008.  Such shares will be considered as having been acquired at the closing price of the Settlement Class B stock on September 29, 2008, which was $59.86.

## II.   GENERAL PROVISIONS

The term "Recognized Loss," as used herein, is a calculation to arrive at a loss figure for purposes of calculating a Claimant's *pro rata* participation in the Net Settlement Fund as described below.  Recognized Loss does not reflect a Claimant's actual market loss or gain, or what a Settlement Class Member might have been able to recover at trial, and it is not an estimate of the actual amount a Claimant can expect to recover from the Net Settlement Fund.

The Recognized Loss for each acquisition/purchase of SunPower Class A and Class B stock and Debentures made during the Settlement Class Period by a Claimant will be calculated by the Claims Administrator in accordance with the provisions of this Plan of Allocation.

## III.   INFORMATION REQUIRED ON AND WITH THE CLAIM FORM

A Recognized Loss will be calculated for each Claimant's acquisition/purchases of the Securities listed in the Claim Form, and for which adequate documentation is provided.  Each Claim Form must state, and attach sufficient documentation for, each Claimant's position (if any) in SunPower Class A common stock as of the close of trading on April 16, 2008, the day before the first day of the Settlement Class Period, and the closing position in each Security as of the close of trading on February 12, 2010, the last day of the 90-day period following the Settlement Class Period.  Each Claim Form also must list, and attach

---

[2]     After Cypress distributed its SunPower Class B shares to Cypress shareholders (the "Cypress distribution") on September 29, 2008, the Company's Class B common stock was listed on the NASDAQ Global Select Market under the ticker SWPRB.  Prior to the Cypress distribution, SunPower Class A common stock was listed on the NASDAQ Global Select Market under the ticker SPWR.  Thereafter, the Class A stock was listed under the ticker SPWRA.
[3]     The Debentures were issued during the Class Period on May 4, 2009.  The total principal amount of the Debentures was $230,000,000.  (CUSIP 867652AC3)

---

sufficient documentation for, all transactions in each Security during the period April 17, 2008 through February 12, 2010, inclusive, as set forth in the Proof of Claim.

## IV. FACTORS CONSIDERED IN THE CALCULATION OF RECOGNIZED LOSSES

The calculation of the Recognized Loss will depend upon several factors considered in developing the Plan of Allocation, including:

1. When each Security was purchased or otherwise acquired;

2. Whether the Security was held until after the end of the Settlement Class Period;

3. Whether and when the Security was sold, redeemed or otherwise disposed of;

4. The amount paid (or value of the consideration given) for each Security purchased or otherwise acquired;

5. The amount received (or value of the consideration received) for each Security sold or otherwise disposed of; and

6. The alleged artificial inflation in the price of each Security at different times during the Settlement Class Period attributable to Defendants' false statements as alleged in this case ("artificial inflation") as calculated by Plaintiffs' damages consultant.

## V. BASIS FOR RECOGNIZED LOSS FOR CLAIMS

### A. Per-Security Artificial Inflation

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The computation of the alleged artificial inflation in the price of each SunPower Security throughout the Settlement Class Period is based on certain alleged misrepresentations alleged by Plaintiffs in the Complaint, and also reflects the price change of each Security, net of market- and industry-wide factors in reaction to the public announcement that allegedly corrected the alleged misrepresentations alleged by Plaintiffs in the Complaint. The estimate of alleged artificial inflation in the price of each Security during the Settlement Class Period is reflected in Table 1 below:

APPENDIX A

Table 1
Artificial Inflation in SunPower Securities

| From | To | Class A & Class B Stock | Debentures[4] |
|------|-----|------------------------|--------------|
| 4/17/08 | 7/16/08 | $0.18 | N/A |
| 7/17/08 | 10/15/08 | $1.09 | N/A |
| 10/16/08 | 1/29/09 | $1.42 | N/A |
| 1/30/09 | 4/23/09 | $2.03 | N/A |
| 4/24/09 | 7/23/09 | $3.06 | $106.03 |
| 7/24/09 | 11/16/09 | $5.08 | $175.96 |
| 11/17/09 | and thereafter | $0 | $0 |

The single alleged corrective disclosure occurred after the market close on November 16, 2009.  If you sold a Security purchased in the Settlement Class Period before market close on November 16, 2009, the Recognized Loss for that Security is $0, regardless of when the Security was purchased, and any loss suffered is not compensable under the federal securities laws under Plaintiffs' theory of the case.

**B.   90-Day Look Back Provision**

The 90-day look back provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of Recognized Loss.  The limitations on calculation of Recognized Loss imposed by the PSLRA are applied such that losses on Securities purchased during the Settlement Class Period and held as of the close of the 90-day look back period cannot exceed the difference between the purchase price paid for the Security and the average price of the Security during the 90-day look back period.  Losses on Securities purchased during the Settlement Class Period and sold during the 90-day look back period cannot exceed the difference between the purchase price paid for the Security and the rolling average of the Security's price during 90-day look back period as of the date of sale.

**C. Market Gains and Losses**

To the extent a Claimant had an overall market gain from his, her or its purchases of Securities during the Settlement Class Period, the value of the Net Recognized Loss (defined below) will be $0.  Such Claimants will in any event be bound by the Settlement.  To the extent that a Claimant had an overall market loss from his, her or its purchases of Securities during the Settlement Class Period, the value of the Net Recognized Loss will be the lesser of the Claimant's total Recognized Loss or the market loss.  The market loss or gain will be calculated as set forth below.

---

[4] Herein, all amounts and prices for the Debentures are per $1,000 par value.

APPENDIX A

### D. Use of "First in, First Out" ("FIFO") Methodology for Computation of Recognized Losses for Settlement Class Members Who Made Multiple Transactions in SunPower Securities

For Settlement Class Members who made multiple purchases, acquisitions and/or sales of SunPower Class A stock, Class B stock or Debentures during the Settlement Class Period, the earliest sale of the Security shall be matched first against the Securities (if any) of the same class held by the Claimant at the outset of the Settlement Class Period, and then matched chronologically thereafter against each purchase or acquisition made through November 16, 2009.  Class A stock sales will be matched to Class A stock purchases, Class B stock sales will be matched to Class B stock purchases and Debentures sales will be matched to Debentures purchases.

### E.  Acquisition by Gift, Inheritance or Operation of Law

If a Settlement Class Member acquired a Security by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.[5]  To the extent the Security was originally acquired prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be $0.

### F.  Payments Less Than $10

A payment from the Net Settlement Fund to any Settlement Class Member that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those Settlement Class Members will be distributed.

### G.  Short Sales

The Recognized Loss for "short sales" is $0.  In the event that there is a short position in SunPower Class A or Class B stock, the date of covering a "short sale" is deemed to be the date of purchase of the stock.  The date of a "short sale" is deemed to be the date of sale of the stock.  The earliest Settlement Class Period purchases shall be matched against such short position, and not entitled to a recovery, until that short position is fully covered.

### H. Conversion of Debentures

For the purpose of calculating Recognized Loss for Class A Common Stock acquired pursuant to the conversion of Debentures, the purchase price will be based on the conversion terms of the Debentures.  The Debentures were convertible to Class A Common Stock at a ratio of 37.8788 shares of Class A Common Stock per $1,000.00 principal amount of Debentures, a conversion price of approximately $26.40 per share. The "acquisition date" for purposes of calculating your Recognized Loss is the Debenture conversion date (not the initial Debenture purchase date).

---

[5] For purposes of this Plan of Allocation, shares of SunPower Class B common stock acquired through the Cypress distribution have an original purchase date of September 29, 2008, and an original purchase price of $59.86.

APPENDIX A

## VI.  **CALCULATION OF RECOGNIZED LOSS OR GAIN PER SECURITY**

A Claimant's Recognized Loss Per Security for each purchase or acquisition of a Security during the Settlement Class Period will be calculated as follows:

For each Security purchased during the Settlement Class Period (during the period April 17, 2008 through November 16, 2009, inclusive):

(1)  and sold during the Settlement Class Period (*i.e.*, sold on or before the close of trade November 16, 2009), the Recognized Loss is $0.

(2)  and sold during the period November 17, 2009 through February 12, 2010 (the end of the 90-day period following the Settlement Class Period), inclusive, the Recognized Loss is the lesser of:

   i.   the purchase/acquisition price minus the "90-day look back value" on the date of disposition provided in Table 2 to the Plan of Allocation (below); or

   ii.  the amount of artificial inflation per Security on the date of acquisition as appears in Table 1 above.

(3)  and held after February 12, 2010 (held after the 90-days following the Settlement Class Period), the Recognized Loss is the lesser of:

   i.   the purchase/acquisition price minus the average closing price for the Security during the 90 days following the Settlement Class Period, which

      a.  for the Class A stock is $22.52;

      b.  for the Class B stock is $19.91;

      c.  for the Debentures is $1,099.05 per $1,000 par value; or

   ii.  the amount of artificial inflation per Security on the date of acquisition as appears in Table 1 above.

APPENDIX A

**VII.   COMPUTATION OF NET RECOGNIZED LOSS FOR EACH SETTLEMENT CLASS MEMBER**

The Recognized Loss Or Gain with respect to a purchase or acquisition of a Security is calculated by multiplying the number of Securities purchased/acquired (*i.e.*, number of Class A shares, Class B shares or Debentures) for each such transaction times the appropriate Recognized Loss Per Security, as described in Section VI of this Plan of Allocation.   A Recognized Loss is greater than $0 (a positive number), a Recognized Gain is less than $0 (a negative number).

The Net Recognized Loss for each Settlement Class Member is calculated by (1) adding the Recognized Losses for each Security acquired by the Settlement Class Member during the Settlement Class Period; and (2) subtracting the Recognized Gains for each Security acquired by the Settlement Class Member during the Settlement Class Period.

**NOTE:   ALL MARKET PROFITS SHALL BE SUBTRACTED FROM ALL MARKET LOSSES ON ALL TRANSACTIONS IN SUNPOWER SECURITIES DURING THE SETTLEMENT CLASS PERIOD TO DETERMINE THE NET MARKET LOSS OF EACH SETTLEMENT CLASS MEMBER.**

A Claimant's Net Market Loss (Profit) represents his, her or its out-of-pocket losses (profit) on SunPower Securities purchased during the Settlement Class Period, and is based on the difference between the total amount paid for SunPower Securities acquired during the Settlement Class Period and the proceeds received from sales of such Securities (or holding value if held).   The alleged artificial inflation in SunPower Securities is <u>not</u> considered in the calculation of a Claimant's Net Market Loss (Profit).   However, as set forth below, a Claimant's Net Recognized Loss shall not exceed his, her or its Net Market Loss (Profit).

For purposes of determining whether a Claimant had a market profit or suffered a market loss from his, her or its overall transactions in Securities purchased or otherwise acquired during the Settlement Class Period, the Claims Administrator shall:   (i) total the amount paid (excluding commissions and other charges) for all Securities purchased or otherwise acquired during the Settlement Class Period by the Claimant (the "Total Acquisition Amount"); (ii) match any sales or dispositions of Securities during the Settlement Class Period first against the Claimant's holdings of each Security on close of business April 16, 2008 (the proceeds of those sales or dispositions will not be considered for purposes of calculating gains or losses); (iii) total the amount received (net of commissions, etc.) for sales of the remaining Securities sold during the Settlement Class Period (the "Sales Proceeds"); and (iv) assign the holding price equal to the average price of the Security during the 90-days following the Settlement Class Period for the Security acquired during the Settlement Class Period and still held at the end of the Settlement Class Period ("Holding Value").   The Holding Value for each Security is: $22.52 for Class A Stock; $19.91 for Class B Stock; and $1,099.05 per $1,000 par value for Debentures.   The Total Acquisition Amount (i) less the Sales Proceeds (ii) and less the Holding Value (iii) will be deemed a Claimant's market profit or market loss (a profit occurs if a negative number is calculated) on his, her or its overall transactions in Securities during the Settlement Class Period.

**IF, DURING THE SETTLEMENT CLASS PERIOD, A SETTLEMENT CLASS MEMBER MADE A NET MARKET PROFIT IN HIS, HER OR ITS**

APPENDIX A

TRANSACTIONS IN SUNPOWER SECURITIES, THE AMOUNT OF THE SETTLEMENT CLASS MEMBER'S NET RECOGNIZED LOSS SHALL BE $0.

IF, DURING THE SETTLEMENT CLASS PERIOD, A SETTLEMENT CLASS MEMBER HAS A NET MARKET LOSS IN HIS, HER OR ITS TRADING IN SUNPOWER SECURITIES, THE SETTLEMENT CLASS MEMBER'S NET RECOGNIZED LOSS SHALL BE LIMITED TO THE SETTLEMENT CLASS MEMBER'S NET MARKET LOSS.

## VIII.    DISTRIBUTION OF THE NET SETTLEMENT FUND

The "Net Recognized Loss" will be used for calculating the relative amount of participation by Claimants in the Net Settlement Fund and does not reflect what a Settlement Class Member might have been able to recover at trial, and is not an estimate of the actual amount a Claimant can expect to recover from the Net Settlement Fund.   The Net Recognized Losses of all Claimants may be greater than the Net Settlement Fund.  In such event, each Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Net Recognized Loss divided by the total of Net Recognized Losses for all Claimants, multiplied by the total amount in the Net Settlement Fund.

In the unlikely event that the Net Settlement Fund exceeds the sum total amount of the Net Recognized Loss of Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Claimants entitled to receive payment.

## TABLE 2 TO THE PLAN OF ALLOCATION

| Sale / Disposition Date | Rolling Average Price during 90-day Lookback Period as of the Date of Sale/Disposition of an Eligible Security | | |
|---|---|---|---|
| | Class A Stock | Class B Stock | Debentures |
| 11/17/2009 | $22.19 | $19.47 | $1,065.00 |
| 11/18/2009 | $22.14 | $19.28 | $1,065.65 |
| 11/19/2009 | $21.91 | $19.00 | $1,059.20 |
| 11/20/2009 | $21.80 | $18.90 | $1,056.60 |
| 11/23/2009 | $21.65 | $18.82 | $1,051.78 |
| 11/24/2009 | $21.53 | $18.70 | $1,049.40 |
| 11/25/2009 | $21.42 | $18.61 | $1,045.74 |
| 11/27/2009 | $21.25 | $18.48 | $1,040.34 |
| 11/30/2009 | $21.19 | $18.41 | $1,037.94 |
| 12/1/2009 | $21.23 | $18.46 | $1,039.90 |
| 12/2/2009 | $21.26 | $18.50 | $1,041.27 |
| 12/3/2009 | $21.36 | $18.59 | $1,045.13 |
| 12/4/2009 | $21.44 | $18.65 | $1,047.72 |
| 12/7/2009 | $21.65 | $18.85 | $1,055.65 |
| 12/8/2009 | $21.77 | $18.98 | $1,060.11 |

APPENDIX A

| | | | |
|---|---|---|---|
| 12/9/2009 | $21.87 | $19.08 | $1,063.69 |
| 12/10/2009 | $21.92 | $19.15 | $1,065.76 |
| 12/11/2009 | $21.96 | $19.19 | $1,067.59 |
| 12/14/2009 | $22.03 | $19.25 | $1,070.09 |
| 12/15/2009 | $22.13 | $19.36 | $1,073.96 |
| 12/16/2009 | $22.23 | $19.45 | $1,077.82 |
| 12/17/2009 | $22.33 | $19.53 | $1,081.44 |
| 12/18/2009 | $22.42 | $19.60 | $1,084.80 |
| 12/21/2009 | $22.50 | $19.68 | $1,088.15 |
| 12/22/2009 | $22.58 | $19.75 | $1,090.92 |
| 12/23/2009 | $22.64 | $19.81 | $1,093.48 |
| 12/24/2009 | $22.70 | $19.86 | $1,095.81 |
| 12/28/2009 | $22.76 | $19.91 | $1,097.92 |
| 12/29/2009 | $22.80 | $19.96 | $1,099.54 |
| 12/30/2009 | $22.84 | $19.99 | $1,101.02 |
| 12/31/2009 | $22.87 | $20.02 | $1,102.24 |
| 1/4/2010 | $22.90 | $20.06 | $1,103.81 |
| 1/5/2010 | $22.96 | $20.12 | $1,106.16 |
| 1/6/2010 | $23.04 | $20.20 | $1,109.54 |
| 1/7/2010 | $23.12 | $20.27 | $1,112.91 |
| 1/8/2010 | $23.18 | $20.33 | $1,115.58 |
| 1/11/2010 | $23.25 | $20.40 | $1,118.50 |
| 1/12/2010 | $23.31 | $20.46 | $1,120.84 |
| 1/13/2010 | $23.35 | $20.50 | $1,122.68 |
| 1/14/2010 | $23.36 | $20.51 | $1,123.52 |
| 1/15/2010 | $23.37 | $20.52 | $1,123.99 |
| 1/19/2010 | $23.36 | $20.52 | $1,124.01 |
| 1/20/2010 | $23.33 | $20.51 | $1,123.31 |
| 1/21/2010 | $23.30 | $20.49 | $1,122.58 |
| 1/22/2010 | $23.25 | $20.45 | $1,121.16 |
| 1/25/2010 | $23.20 | $20.41 | $1,119.64 |
| 1/26/2010 | $23.17 | $20.40 | $1,118.75 |
| 1/27/2010 | $23.12 | $20.37 | $1,117.37 |
| 1/28/2010 | $23.07 | $20.34 | $1,116.02 |
| 1/29/2010 | $23.02 | $20.30 | $1,114.42 |
| 2/1/2010 | $22.98 | $20.28 | $1,113.24 |
| 2/2/2010 | $22.94 | $20.25 | $1,112.07 |
| 2/3/2010 | $22.91 | $20.23 | $1,111.06 |
| 2/4/2010 | $22.85 | $20.18 | $1,109.21 |
| 2/5/2010 | $22.79 | $20.13 | $1,107.25 |
| 2/8/2010 | $22.72 | $20.08 | $1,105.36 |
| 2/9/2010 | $22.67 | $20.04 | $1,103.60 |

APPENDIX A

| | | | |
|---|---|---|---|
| 2/10/2010 | $22.61 | $19.99 | $1,101.75 |
| 2/11/2010 | $22.57 | $19.96 | $1,100.56 |
| 2/12/2010 | $22.52 | $19.91 | $1,099.05 |

EXHIBIT A-2

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

10
11

IN RE SUNPOWER SECURITIES
LITIGATION

Case No. CV 09-5473-RS
**(Consolidated)**

12

**CLASS ACTION**

13
14

**PROOF OF CLAIM AND RELEASE**

15

**EXHIBIT A-2**

16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   **GENERAL INSTRUCTIONS**

1.      To be potentially eligible to recover as a Member of the Settlement Class based on your claims in the action entitled *In re SunPower Securities Litigation,* Case No. 09-CV-5473-RS (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release Form (the "Claim Form").  If you fail to timely file a properly addressed (as set forth in ¶3 below) Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.      **YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE [120 DAYS AFTER NOTICE DATE] TO:**

SunPower Securities Litigation
P.O. Box 6659
Portland, OR 97228-6659


If you are NOT a Member of the Settlement Class (as defined below and in the Notice Of Pendency Of Class Action And Proposed Settlement, Final Approval Hearing, And Motion For Attorneys' Fees And Reimbursement Of Litigation Expenses ("Notice")), **DO NOT** submit a Claim Form.

4.      If you are a Member of the Settlement Class and you do not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.   **CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired SunPower publicly traded Securities[1] between April 17, 2008 and November 16, 2009, inclusive, and held documents evidencing these transactions in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or acquired the Securities and the transactional document(s) was/were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of the Proof of Claim Form – entitled "Claimant Identification" – to identify each purchaser of record ("nominee"), if different from the purchaser or acquirer of the Securities which form the basis of this claim.  **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGALLY AUTHORIZED REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.**

All joint purchasers must sign this claim.   Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and evidence of their authority to do so must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   **CLAIM FORM**

Use Part II of this Proof of Claim and Release – entitled "Transactions in the Securities" – to supply all required details of your transaction(s) in the Securities.   If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

---

[1] "Securities" or "SunPower Securities" means SunPower's Class A and/or Class B common stock and/or 4.75% Senior Convertible Debentures.

---

On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions of the Securities, and all of your sales or dispositions of the Securities, whether such transactions resulted in a profit or loss.   Failure to report all requested information may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

Copies of brokerage confirmation receipts or other competent documentary evidence of your transactions in the Securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

***In re SunPower Securities Litigation***
## PART I: CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)         / Joint Owner's Name

_____

Street Address

_____         _____

City                                              State                      Zip Code

_____         _____

Foreign Province                              Foreign Country

_____         _____ (Daytime)

Area Code                                     Telephone Number

_____         _____ (Evening)

Area Code                                     Telephone Number

_____         _____

Last 4 digits of Claimant's Social Security Number/Taxpayer Identification Number

_____

Record Owner's Name (if known and different from Beneficial Owner listed above)

Check appropriate box (check only one box):
- ☐      Individual/Sole Proprietor          ☐      Joint Owners          ☐ Pension Plan
- ☐      Corporation                         ☐      Partnership           ☐ Trust
- ☐      IRA                                 ☐      Other (describe: _____)

NOTE:  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, and

an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).

NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Claim Form, whether or not they also submit electronic copies, either listing all their transactions or including a notation to see corresponding electronic file for all transactions. If you wish to file your claim electronically, you must contact the Claims Administrator at info@sunpowersecuritieslitigation.com, or visit its website at www.sunpowersecuritieslitigation.com, to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data. Proceed to Part II of this Claim Form.

## PART II: TRANSACTIONS IN THE SECURITIES

**A.      INITIAL HOLDINGS OF CLASS A COMMON STOCK**

Provide the total number of SunPower Class A common stock shares held as of the close of trading on April 16, 2008: _____.


**B.      PURCHASES AND ACQUISITIONS OF CLASS A COMMON STOCK:**

List all purchases and acquisitions of SunPower Class A common stock from April 17, 2008 to February 12, 2010, inclusive (which includes the 90-day look back period).  Be sure to attach the required documentation.  Do **not** include acquisitions of Class A common stock acquired through the conversion of SunPower 4.75% Senior Convertible Debentures (such acquisitions are included in Section J below).

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price* | Trans Type (P/R)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ____ |
| ___/___/_____ | _____ | $_____ | $_____ | ____ |
| ___/___/_____ | _____ | $_____ | $_____ | ____ |

\* excluding commissions, transfer taxes or other fees
\*\* P=Purchase, R=Received (Transfer In)

**C.      SALES OR DISPOSITIONS OF CLASS A COMMON STOCK:** List all sales or dispositions of SunPower Class A common stock from April 17, 2008 to February 12, 2010, inclusive.  Be sure to attach the required documentation.  In this Section C, **do** include sales of Class A common stock that were acquired through the conversion of SunPower 4.75% Senior Convertible Debentures.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares | Price Per Share* | Total Proceeds* | Trans Type (S/D)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

\* excluding commissions, transfer taxes or other fees

\*\* S=Sale, D=Delivery (Transfer Out)

**D.     UNSOLD HOLDINGS OF CLASS A COMMON STOCK**

Provide the total number of SunPower Class A common stock shares held as of the close of trading on February 12, 2010: _____ .

**E.     PURCHASES AND ACQUISITIONS OF CLASS B COMMON STOCK:**

List all purchases and acquisitions of SunPower Class B common stock from September 29, 2008 (the Cypress spin-off\*) to February 12, 2010, inclusive.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares | Price Per Share* | Total Cost* | Trans Type (P/R)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

\* excluding commissions, transfer taxes or other fees.  SunPower Class B shares acquired in the form of a *pro rata* dividend to the holders of record of Cypress Semiconductor Corporation ("Cypress") common stock as of September 17, 2008 as part of the spin-off by Cypress will be deemed to have an acquisition price of $59.86, which was the closing price of the Class B common stock on September 29, 2008.  Included in the Settlement Class are purchases of Class B common stock traded on a "when-issued" basis during the week prior to the actual distribution date.

\*\* P=Purchase, R=Received (Transfer In)

**F.     SALES OR DISPOSITIONS OF CLASS B COMMON STOCK:** List all sales or dispositions of SunPower Class B common stock from September 29, 2008 to February 12, 2010, inclusive.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares | Price Per Share* | Total Proceeds* | Trans Type (S/D)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

\* excluding commissions, transfer taxes or other fees

\*\* S=Sale, D=Delivery (Transfer Out)

## G.    UNSOLD HOLDINGS OF CLASS B COMMON STOCK

Provide the total number of SunPower Class B common stock shares held as of the close of trading on February 12, 2010: _____.

## H.    PURCHASES AND ACQUISITIONS OF DEBENTURES:

List all purchases and acquisitions of SunPower 4.75% Senior Convertible Debentures from May 4, 2009 (date of issuance of the Debentures) to February 12, 2010, inclusive.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Principle Amount (*i.e.*, Face Value or Par Value) | Price Per Debenture | Total Cost* | Trans Type (P/R)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

* excluding commissions, transfer taxes or other fees

** P=Purchase, R=Received (Transfer In)

## I.    SALES OR DISPOSITION OF DEBENTURES:
List all sales or dispositions of SunPower 4.75% Senior Convertible Debentures from May 4, 2009 to February 12, 2010, inclusive.  Do **not** include any conversions of SunPower 4.75% Senior Convertible Debentures into Class A common stock (such conversions are included in Section J, below).  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Principle Amount (*i.e.*, Face Value or Par Value) | Price Per Debenture | Total Proceeds* | Trans Type (S/D)** |
|---|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |
| ___/___/_____ | _____ | $_____ | $_____ | ___ |

* excluding commissions, transfer taxes or other fees

** S=Sale, D=Delivery (Transfer Out)

**J.     CONVERSION OF DEBENTURES:**  List all conversions of SunPower 4.75% Senior Convertible Debentures into Class A common stock during the Period May 4, 2009 to February 12, 2010, inclusive.  (The Debentures were convertible to Class A common stock at a ratio of 37.8788 shares per $1,000.00 principal amount of Debentures, a conversion price of approximately $26.40 per share).  Be sure to attach the required documentation.

|       Conversion Date(s)<br>(List Chronologically)<br>Month/Day/Year | Principle Amount (*i.e.*,<br>Face Value or Par Value) |
|---|---|
| ___/___/_____ | _____ |
| ___/___/_____ | _____ |
| ___/___/_____ | _____ |

**K.     UNSOLD HOLDINGS OF DEBENTURES**

Provide the principal amount (face value) of SunPower 4.75% Senior Convertible Debentures held as of the close of trading on February 12, 2010: _____.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:**

☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY NOT BE REVIEWED.**

Proceed to Part III.

1  **PART III:  RELEASE OF CLAIMS AND SIGNATURE**

2  **Definitions**

3  "Effective Date" means the first date by which all of the events and conditions specified

4  in ¶11.1 of the Stipulation have been met and have occurred, at which time the Settlement

5  described in the Stipulation shall become effective.

6  "Individual Defendants" means Thomas H. Werner, Dennis V. Arriola and Emmanuel T.

7  Hernandez.

8  "Judgment" means the proposed Final Judgment and Order of Dismissal with Prejudice

9  to be rendered by the Court upon final approval of the Settlement after the Final Approval

10  Hearing.

11  "Defendants" or "Settling Defendants" means SunPower Corporation, Thomas H.

12  Werner, Dennis V. Arriola and Emmanuel T. Hernandez.

13  "Released Persons" means, collectively, (i) each and all of the Defendants, the members

14  of each Individual Defendant's immediate family, any entity in which any member of any

15  Individual Defendant's immediate family has or had a controlling interest (directly or indirectly),

16  any estate or trust of which any Individual Defendant is the settlor or which is for the benefit of

17  any Individual Defendant and/or members of his family, John B. Rodman, Mariano M. Trinidad,

18  T.J. Rodgers, W. Steve Albrecht, Betsy S. Atkins, Patrick Wood III, Uwe-Ernst Bufe, Deutsche

19  Bank Securities Inc., Credit Suisse Securities (USA) LLC, Lazard Capital Markets LLC,

20  Barclays Capital Inc., Piper Jaffray & Co., Wachovia Capital Markets, LLC (n/k/a Wells Fargo

21  Securities, LLC) and SL Hare Capital, Inc.; and (ii) each and all of their respective past, present

22  and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents,

23  affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank

24  lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers,

25  financial advisors, general or limited partners, general or limited partnerships, insurers,

26  investment advisors, investment bankers, investment banks, joint ventures and joint venturers,

27  managers, marital communities, members, officers, parents, personal or legal representatives,

28

---

PROOF OF CLAIM AND RELEASE                                              -9-
Case No. CV 09-5473-RS

1    principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees,

2    underwriters and retained professionals, in their respective capacities as such.

3       "Released Claims" means, collectively, any and all claims (including, without limitation,

4    Unknown Claims, as defined herein), demands, rights, liabilities, suits, debts, obligations and

5    causes of action, of every nature and description whatsoever, whether known or unknown,

6    contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or

7    unliquidated, accrued or unaccrued, including those that are concealed or hidden, regardless of

8    legal or equitable theory, including, without limitation, claims for negligence, gross negligence,

9    recklessness, deliberate recklessness, intentional wrongdoing, fraud, breach of fiduciary duty,

10    breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or

11    regulation, violation of the common law, violation of administrative rule or regulation, tort,

12    breach of contract, violation of international law or violation of the law of any foreign

13    jurisdiction, that Plaintiffs or any other Member of the Settlement Class (i) asserted in the Action

14    and/or Complaint; or (ii) could have or might have asserted in the Action and/or Complaint

15    and/or in any other litigation, action or forum that arise out of or are based upon, or are related in

16    any way, directly or indirectly, in whole or in part, to (a) the allegations, transactions, facts,

17    matters, occurrences, representations or omissions involved, set forth or referred to in the

18    Complaint, and that relate to the purchase or other acquisition of SunPower Securities (as

19    defined herein) during the Settlement Class Period, and/or (b) Defendants' defense or settlement

20    of the Action and/or Defendants' defense or settlement of the Released Claims.  Notwithstanding

21    the foregoing, "Released Claims" does not include claims relating to the enforcement of the

22    Settlement or claims asserted on behalf of SunPower in any derivative action based on similar

23    allegations.

24       "Released Persons' Claims" means all claims and causes of action of every nature and

25    description, whether known or unknown, whether arising under federal, state, common or foreign

26    law, that arise out of or relate in any way to the institution, prosecution or settlement of the

27    Released Claims against the Settling Defendants, except for claims relating to the enforcement of

28    the Settlement.

"Settlement Class" means all Persons who purchased or otherwise acquired SunPower publicly traded Class A and/or Class B common stock and/or 4.75% Senior Convertible Debentures during the Settlement Class Period.  Excluded from the Settlement Class are Defendants, the officers and directors of SunPower, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

"Unknown Claims" means, collectively, any and all Released Claims that any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Persons' Claims that any Settling Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its decision to enter into this Settlement with and release of the Released Persons (or Plaintiffs, their counsel or other Settlement Class Members, as appropriate), or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed or hidden.  With respect to any and all Released Claims and Released Persons' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

1   Plaintiffs and Defendants shall further expressly waive and relinquish, and each

2   Settlement Class Member shall be deemed to have, and by operation of law and of the Judgment

3   shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all

4   provisions, rights and benefits conferred by any law of any state or territory of the United

5   States, or principle of common law or of international or foreign law, that is similar, comparable

6   or equivalent in effect to California Civil Code § 1542.  It is understood that Plaintiffs and the

7   other Settlement Class Members, or any of them, may hereafter discover facts in addition to or

8   different from those that he, she or it now knows or believes to be true with respect to the

9   subject matter of the Released Claims (including Unknown Claims), but each Plaintiff shall

10  expressly fully, finally and forever discharge, settle and release, and each Settlement Class

11  Member, upon the Effective Date, shall be deemed to have, and by operation of law and of the

12  Judgment shall have, expressly fully, finally and forever discharged, settled and released any

13  and all Released Claims against the Released Persons, known or unknown, suspected or

14  unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist

15  or heretofore have existed, upon any theory of law or equity now existing or coming into

16  existence in the future, including, but not limited to, conduct that is negligent, grossly negligent,

17  reckless, deliberately reckless or intentional, with or without malice, or a breach of any duty,

18  law or rule, without regard to the subsequent discovery or existence of such different or

19  additional facts.  Plaintiffs and Defendants acknowledge, and the Settlement Class Members by

20  operation of law and of the Judgment shall be deemed to have acknowledged, that the foregoing

21  waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California

22  Civil Code (and the inclusion of "Unknown Claims" in the definition of Released Claims and

23  Released Persons' Claims) was separately bargained for and is a material element of the

24  Settlement.

   "SunPower" means SunPower Corporation.

25

26

27

28

**The Release**

I (We) understand and acknowledge that without further action by anyone, upon the Effective Date, each of the Settlement Class Members, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other Person claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Claims Administrator) any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Released Claim except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.  The foregoing provision shall not apply to any Person who independently would be a member of the Settlement Class and timely excludes himself, herself or itself.  I (We) understand and acknowledge that without further action by anyone, upon the Effective Date, each of the Settlement Class Members shall be deemed by operation of law and of the Judgment to have acknowledged, that the foregoing waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California Civil Code was separately bargained for and is a material element of the Settlement of which the release in this paragraph is a part.

I (We) understand and acknowledge that without further action by anyone, upon the Effective Date, each of the Settlement Class Members, and any other Person (including, without limitation, spouses, heirs, executors, beneficiaries, administrators, successors and assigns) claiming now or in the future through or on behalf of any Plaintiff or Settlement Class Member directly or indirectly, shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in

any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

By signing and submitting this Claim Form, I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever release, relinquish, waive, discharge and dismiss, each and every Released Claim (including Unknown Claims) against each and all the Released Persons (as defined above) and acknowledge that I (we) are barred from pursuing my (our) Released Claims against any Released Person as set forth herein.

## <u>SIGNATURE AND CERTIFICATIONS</u>

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represents the Claimant(s) acknowledges and certifies as follows:

1. that I (we) submit this Claim Form under the terms of the Stipulation described in the Notice;

2. that I (we) submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein;

3. that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action;

4. that I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so;

5. that I (we) have not submitted any other claim in this Action covering the same purchases or acquisitions of the Securities and know of no other person having done so on my (our) behalf;

6. that I (we) am (are) Settlement Class Member(s), as defined herein and in the Notice;

7. that I (we) have not filed a request for exclusion from the Settlement Class and that I (we) do not know of any request for exclusion from the Settlement Class filed on my (our) behalf with respect to my (our) transactions in the Securities at issue herein;

8.      that I (we) own(ed) the Securities identified in the Proof of Claim Form, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

9.      that I (we) may be eligible to receive a distribution from the Net Settlement Fund;

10.     that I (we) agree to furnish such additional information with respect to this Claim Form as the parties, the Claims Administrator or the Court may require;

11.     that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

12.     that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof;

13.     that I (we) have included information requested above about all of my (our) transactions in the Securities during the Settlement Class Period and as otherwise requested in this Claim Form; and

14.     that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (We) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Claim Form are true and correct and that the documents submitted herewith are true and genuine.

_____

Signature of Claimant

_____          _____

Print Name of Claimant                                                        Date

1

_____

Signature of Joint Claimant, if any

2

3   _____          _____

Print Name of Joint Claimant                    Date

4

***If Claimant is other than an individual, or is not the person
completing this form, the following also must be provided:***

5

6   _____

Signature of Person Completing Form

7

8   _____          _____

Print Name of Person Completing Form            Date

9

10  _____

Capacity of Person Signing (Executor, President, Trustee, etc.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REMINDER CHECKLIST**

* Please sign the Certification Section of the Proof of Claim and Release form.

* If this Claim is being made on behalf of Joint Claimants, then both must sign.

* Please remember to attach copies of supporting documents.

**\* DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**

* Keep a copy of your Proof of Claim and Release form and all documentation you submitted therewith, for your records.

* The Claims Administrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgment postcard.  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (877) 483-2990.

* If you move, please send your new address to:

SunPower Securities Litigation
P.O. Box 6659
Portland, OR 97228-6659


**Do not use highlighter on the Proof of Claim and Release form or supporting documentation.**

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN [120 days after the Notice Date], AND MUST BE MAILED TO:**

SunPower Securities Litigation
P.O. Box 6659
Portland, OR 97228-6659


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

EXHIBIT A-3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS **(Consolidated)** |
| | **<u>CLASS ACTION</u>** |
| | **SUMMARY NOTICE** |
| | **EXHIBIT A-3** |

**TO:   ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SUNPOWER CORPORATION PUBLICLY TRADED CLASS A OR CLASS B COMMON STOCK OR 4.75% SENIOR CONVERTIBLE DEBENTURES ("SECURITIES") BETWEEN APRIL 17, 2008 AND NOVEMBER 16, 2009, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED that a proposed settlement has been reached in this action. A hearing will be held with respect to the settlement on _____, at __:__ _.m. before the Honorable Richard Seeborg in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, Courtroom 3, 17th Floor, San Francisco, California.

The purpose of the hearing is to determine whether the proposed settlement of the securities class action claims asserted in this litigation, pursuant to which Defendant SunPower Corporation ("SunPower") will cause to be deposited the sum of nineteen million seven hundred thousand United States dollars ($19,700,000) into a settlement fund in exchange for the dismissal of the litigation and a release of claims against SunPower, the other defendants and other related persons and entities, should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class, which includes all persons and entities who purchased or otherwise acquired SunPower Securities during the period from April 17, 2008 to November 16, 2009, inclusive ("Settlement Class Period").

If you purchased or otherwise acquired SunPower Securities during the Settlement Class Period, you may be potentially entitled to share in the distribution of the settlement fund if you submit a claim form no later than [120 days after Notice Date], establishing that you are potentially entitled to a recovery. Regardless of whether you submit a claim form or obtain any distribution of the settlement fund, if the settlement is approved by the Court, you will be bound by the settlement and the Court's final order and judgment, including the releases provided for in the final order and judgment, unless you submit a request to be excluded from the Settlement Class as discussed below.

If you are a Settlement Class Member, you have the right to object to the settlement, the plan of allocation and/or the request by plaintiffs' Lead Counsel for an award of attorneys' fees and litigation expenses, or otherwise request to be heard, by submitting no later than [21 days before Final Approval Hearing], a written objection in accordance with the procedures described in a more detailed notice that has been mailed to persons or entities known to be potential Settlement Class Members, and that is available at www.sunpowersecuritieslitigation.com.  You also have the right to exclude yourself from the Settlement Class by submitting, no later than [21 days before Final Approval Hearing], a written request for exclusion from the Settlement Class in accordance with the procedures described in the more detailed notice.

This notice provides only a summary of matters regarding the litigation and the settlement.  A detailed notice describing the litigation, the proposed settlement, and the rights of Members of the Settlement Class to appear in Court at the hearing, to request to be excluded from the Settlement Class and/or to object to the settlement, the plan of allocation and/or the request by plaintiffs' Lead Counsel for an award of attorneys' fees and litigation expenses, has been mailed to persons or entities known to be potential Settlement Class Members.  You may obtain a copy of this notice, a proof of claim form and other information by writing to the following address or calling the following telephone number:

<div align="center">

SunPower Securities Litigation
P.O. Box 6659
Portland, OR 97228-6659
(877) 483-2990

</div>

or by downloading the same from www.sunpowersecuritieslitigation.com.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  Inquiries, other than requests for the detailed notice referenced above and a proof of claim form, may be made to the following firms comprising Lead Counsel for the Settlement Class:

Bernstein Litowitz Berger & Grossmann LLP
12481 High Bluff Drive, Suite 300
San Diego, CA  92130
Tel:     (866) 648-2524
Fax:     (858) 793-0323
Attn:    David R. Stickney, Esq.
             Niki L. Mendoza, Esq.

Kaplan Fox & Kilsheimer LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Tel:  (415) 772-4700
Fax:  (415) 772-4707
Attn:    Laurence D. King, Esq.

Kessler Topaz Meltzer & Check, LLP
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
Attn:    Ramzi Abadou, Esq.

Dated:  _____          BY ORDER OF THE CLERK OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  NORTHERN DISTRICT OF CALIFORNIA