UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS<br>**(Consolidated)**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR NOTICE, AND SCHEDULING SETTLEMENT HEARING** |

1     WHEREAS, a consolidated action is pending before this Court entitled *In re SunPower Securities Litigation*, Case No. CV 09-5473-CRB (the "Action");

    WHEREAS, Lead Plaintiffs Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S (collectively, "Lead Plaintiffs"), and additional named plaintiff Bobby J. Reynolds (collectively, with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class (as hereinafter defined); and SunPower Corporation ("SunPower"), Thomas H. Werner, Dennis V. Arriola and Emmanuel T. Hernandez (collectively, "Defendants") have entered into a proposed settlement of the Action (the "Settlement"), the terms and conditions of which are set forth in the Stipulation of Settlement dated February 1, 2013 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"); and

    WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following Order:

    NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.    This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

    2.    The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

    3.    Pending further order of the Court, all litigation activity in the Action is hereby stayed, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), in the Judgment or in this Preliminary Approval Order, and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

**CLASS CERTIFICATION**

4. The Court hereby preliminarily certifies, solely for purposes of effectuating the Settlement, pursuant to Rules 23(a) and 23(b)(3), a Settlement Class defined as follows:

> All Persons who purchased or otherwise acquired SunPower publicly traded Securities (as defined in ¶1.31 of the Stipulation) between April 17, 2008 and November 16, 2009, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants, the officers and directors of SunPower, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are any Persons who otherwise satisfy the above requirements for membership in the Settlement Class, but who exclude themselves by submitting a valid request for exclusion in accordance with the requirements set forth in the Notice.

5. Pursuant to Rule 23, and for the purposes of the Settlement only, the Court preliminarily certifies Lead Plaintiffs as the class representatives for the Settlement Class and appoints Bernstein Litowitz Berger & Grossmann LLP, Kessler Topaz Meltzer & Check, LLP and Kaplan Fox & Kilsheimer LLP ("Lead Counsel") as counsel to the Settlement Class. Lead Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or that may be undertaken pursuant to, the Stipulation or such other acts as are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied.

7. The Court appoints Epiq Systems, Inc. as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

i. No later than ten (10) business days after entry of this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to all members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of SunPower and/or its agents as set forth below (the "Notice Date");

        ii.     A summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-3, shall be published once in the national edition of *The Investor's Business Daily* and over the *PR Newswire* no later than ten (10) business days after the Notice Date; and

        iii.    The Notice, the Summary Notice and the Claim Form shall also be placed on the website created for this Settlement, on or before the Notice Date.

8. The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶7 of this Preliminary Approval Order meet the requirements of Rule 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

9. For the purpose of identifying and providing notice to the Settlement Class, within five (5) business days of entry of this Preliminary Approval Order, SunPower shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs, Lead Counsel or the Claims Administrator) its security holder lists (consisting of security holder names and addresses during the Settlement Class Period), in electronic form.

10. No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Preliminary Approval Order. Such proof shall also include proof of any notice to beneficial owners under ¶11 herein.

11. The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased SunPower Securities for the benefit of another Person during the Settlement Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within fourteen (14)

1  calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such
2  beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of
3  the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to
4  such beneficial owners within seven (7) calendar days after receipt thereof. If a nominee elects
5  to send the Notice to beneficial owners, the nominee shall send a statement to the Claims
6  Administrator confirming that the mailing was made as directed, and the nominee shall retain the
7  list of names and addresses for use in connection with any possible future notice to the
8  Settlement Class. Upon full compliance with this Preliminary Approval Order, including the
9  timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of
10 their reasonable expenses actually incurred in complying with this Preliminary Approval Order
11 by providing the Claims Administrator with proper documentation supporting the expenses for
12 which reimbursement is sought and reflecting compliance with these instructions, including
13 timely mailing of the Notice, if the nominee elected or elects to do so. Such properly
14 documented expenses incurred by nominees in compliance with the terms of this Preliminary
15 Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the
16 Stipulation, subject to further order of this Court with respect to any dispute concerning such
17 compensation.

**HEARING: RIGHT TO BE HEARD**

19      12.     The Court will hold a settlement hearing (the "Final Approval Hearing") on
20 July 3, 2013, at 3:00 p.m., in the United States District Court for the Northern District of
21 California, San Francisco Division, 450 Golden Gate Avenue, Court 3, 17th Floor, San
22 Francisco, California, for the following purposes: (i) to determine whether to grant final
23 certification of the Action as a class action solely for purposes of the Settlement, pursuant to
24 Rule 23; (ii) to determine whether the proposed Settlement of the Action on the terms and
25 conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of
26 the Settlement Class and should be finally approved by the Court; (iii) to determine whether the
27 Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered
28 dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with

1 prejudice; (iv) to rule upon the Plan of Allocation; (v) to rule upon Lead Counsel's application
2 for an award of attorneys' fees and reimbursement of Litigation Expenses; and (vi) to consider
3 any other matters that may properly be brought before the Court in connection with the
4 Settlement.

5      13.   Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's
6 application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later
7 than thirty-five (35) calendar days prior to the Final Approval Hearing.  Reply papers shall be
8 filed no later than seven (7) calendar days prior to the Final Approval Hearing.

9      14.   Any Member of the Settlement Class may appear at the Final Approval Hearing at
10 his, her or its own expense, individually or through counsel of his, her or its own choice, to show
11 cause, if he, she or it has any reason why the proposed Settlement embodied in the Stipulation
12 should or should not be approved as fair, reasonable, adequate and in the best interests of the
13 Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present
14 opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and
15 reimbursement of Litigation Expenses.  However, no Settlement Class Member or any other
16 Person shall be heard or entitled to contest those matters unless that Settlement Class Member or
17 Person (i) has served written objections, by hand or first-class mail, including the basis therefor,
18 as well as copies of any papers and/or briefs in support of his, her or its position upon the
19 following counsel for receipt no later than twenty-one (21) calendar days prior to the Final
20 Approval Hearing:

**Representative of Lead Counsel for the Settlement Class**

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
David R. Stickney
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582

**Counsel for Defendants**

MORRISON & FOERSTER LLP
Jordan Eth
Judson E. Lobdell
425 Market Street
San Francisco, CA 94105-2482

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, San Francisco Division by the same deadline. Any objection must include: (a) the full name, address and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving SunPower Securities during the Settlement Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or acquisition or sale or disposition and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five (5) years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of

attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement, including, without limitation, enforcement of the terms of the Settlement (including, without limitation, the release of the Released Claims provided for in the Stipulation and the Judgment).

15. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. If the Settlement is approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, including, without limitation, the releases provided for in the Stipulation and the Judgment, regardless of whether or not a Settlement Class Member seeks or obtains any distribution from the Settlement Fund or Net Settlement Fund by any means, including, without limitation, by submitting a Claim Form to the Claims Administrator.

16. Any Member of the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and Defendants' Counsel of record a notice of such appearance. If a Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Plaintiffs and Lead Counsel.

17. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without further notice to Settlement Class Members; and (b) approve the Settlement with modifications as may be agreed to by the Settling Parties, where appropriate, without further notice to Settlement Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

**CLAIMS PROCESS**

18.     In order to be potentially eligible to participate in the Settlement, a Settlement Class Member must complete and submit a Claim Form in accordance with the instructions contained therein. To be potentially valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.

19.     Any Settlement Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be bound by any judgment or determination of the Court affecting the Settlement Class Members and will in all other respects be subject to and bound by the terms and provisions of the Stipulation, the releases contained therein, and the Judgment, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Person concerning any Released Claim (including any Unknown Claim) as set forth in ¶3.3 of the Stipulation.

**REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS**

20.     Any requests for exclusion must be submitted to the Claims Administrator in the form and manner described in the Notice, by mail or other delivery method for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Any Settlement Class Member who wishes to be excluded from the Settlement Class must provide the following information in his, her, or its request for exclusion: (i) name, (ii) address, (iii) telephone number, (iv) number and type(s) of SunPower Security purchased or otherwise acquired during the Settlement Class Period, (v) the date of each such purchase or acquisition of a SunPower Security and the price or other consideration paid for each such Security, (vi) the date of each sale or other disposal of any SunPower Security during the Settlement Class Period and the price or other consideration received for each such Security, (vii) the number and type of each SunPower Security held at the close of trading on April 16, 2008 (*i.e*, immediately before the commencement of the Settlement Class Period), and (viii) a statement that the Person wishes to be excluded from the Settlement Class. Any request for exclusion must also be signed by the

1  Person requesting exclusion. All Persons who submit valid and timely requests for exclusion in
2  the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in
3  the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final
4  judgment. Exclusion requests may not be submitted by e-mail, unless otherwise ordered by the
5  Court.

6  21. Any Settlement Class Member who does not request exclusion from the
7  Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to
8  have waived his, her or its right to be excluded from the Settlement Class, and shall forever be
9  barred from requesting exclusion from the Settlement Class in this or any other proceeding, and
10 shall be bound by the Settlement and the Judgment, including, without limitation, the release of
11 the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the
12 Settlement.

13 22. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all
14 requests for exclusion within five (5) business days of receipt by Lead Counsel but, with respect
15 to timely requests for exclusion, in no event later than fourteen (14) calendar days before the
16 Final Approval Hearing.

17 23. The Plan of Allocation and Lead Counsel's application for an award of attorneys'
18 fees and reimbursement of Litigation Expenses will be considered separately from the fairness,
19 reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the
20 Court will determine whether Plaintiffs' proposed Plan of Allocation should be approved, and the
21 amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal
22 from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application
23 for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof,
24 shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the
25 Judgment approving the Stipulation and the settlement of the Action set forth therein. No
26 Released Person shall have any responsibility for, or liability whatsoever with respect to, the
27 Plan of Allocation or any application for attorneys' fees or Litigation Expenses.
28

24. Only Settlement Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26. Immediately after payment of the Settlement Fund to the Escrow Account but before the Effective Date, Lead Counsel may use up to $400,000.00 of the Settlement Fund to pay Notice and Administration Costs reasonably, necessarily and actually incurred, without further approval of Defendants or order of the Court. As set forth in the Stipulation, such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice and Claim Form, reimbursements to nominee owners for forwarding the Notice and Claim Form to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing notice and processing the submitted Claims, and the reasonable fees, if any, of the Escrow Agent. In the event that Lead Counsel seek more than $400,000.00 before the Effective Date to pay such costs, Lead Counsel shall seek approval from Defendants' Counsel as set forth in the Stipulation. In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or their insurance carriers. Following the Effective Date, Lead Counsel may pay from the Settlement Fund all reasonably, necessarily and actually incurred Notice and Administration Costs without further approval of Defendants or order of the Court.

27. As further set forth in ¶¶13.1 and 13.2 of the Stipulation, the fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other

tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of Defendants to Plaintiffs, the Settlement Class or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Plaintiffs, the Settlement Class or anyone else, or (v) that the amount paid pursuant to the Settlement (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment.

28. Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or *certiorari* or is no longer subject to review by appeal or *certiorari* and the time for any petition for rehearing, appeal, or review, whether by *certiorari* or otherwise, has expired.

\\
\\
\\
\\
\\
\\
\\

29. In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶26, 27, 28 and 29) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 3/25/13

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE