1  Joseph Darrell Palmer (SBN 125147)
   darrell.palmer@palmerlegalteam.com
2  Law Offices of Darrell Palmer PC
   603 North Highway 101, Suite A
3  Solana Beach, California 92075
   Telephone: (858) 792-5600
4  Facsimile: (858) 792-5655

5  Attorney for Objector JEFF BROWN

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  **IN RE SUNPOWER SECURITIES**      ) Case No. 09-CV-5473-RS (JSC)
    **LITIGATION**                     )
                                       ) OBJECTIONS BY JEFF M. BROWN TO
12                                     ) PROPOSED SETTLEMENT AND NOTICE OF
                                       ) INTENT TO APPEAR
13                                     )
                                       )
14                                     )
                                       ) Date: July 3, 2013
15                                     ) Time: 3:00 p.m.
                                       ) Location: Courtroom 3, 17th Floor
16                                     ) Judge: Hon. Richard Seeborg
                                       )
17  _____ )

18       COMES NOW, JEFF M. BROWN ("Objector") Class Member to this action and objects to the

19  Proposed Class Action Settlement, gives notice of his counsel's intent to appear at the final approval

20  hearing.  Objector represents to the court that he is a Class Member qualified to make a claim as set

21  forth in the NOTICE OF CLASS ACTION SETTLEMENT.

22       Stocks Acquired:

23
     | Quantity | Acquired | Price | Cost |
24   |----------|----------|-------|------|
     | 6 | 11/6/07 | 147.25 | 883.52 |

25       Stocks Sold:

26
     | Quantity | Date | Price | Net Amount | Loss |
27   |----------|------|-------|------------|------|
     | 6 | 11/20/08 | 19.81060 | 111.35 | - 449.18 |

28

09-cv-5473-RS (JSC)
OBJECTIONS OF JEFF M. BROWN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

## I. OBJECTION DISCLOSURE REQUIREMENTS ARE IMPERMISSIBLE

The notice states an objection will not be valid unless the class member objector includes: "(g) a list of other cases in which you or your counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel."  These requirements exceed the procedures drawn out by Rule 23, which states, "Any class member may object to the proposal if it requires court approval under this subdivision (e)."  Class Counsel seeks to expand the requirements of Rule 23 and require any objecting class member to submit to this indirect, irrelevant and burdensome discovery process.  This objection requirement must be stricken.

## II. THE ATTORNEY FEE QUICK PAY PROVISION IS IMPROPER

The preliminarily approved stipulation of settlement provides:

> 7.2 Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel from the Escrow Account within five (5) calendar days after the later of (i) the date they are awarded by the Court, or (ii) the date the Court grants final approval of the Settlement, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts pursuant to ¶7.3 herein.

Once the settlement is approved the settlement funds become the property of the class.  This court should not allow payment of any attorney fees to class counsel until all claims have been made and paid and until all appeals have been resolved or the time for appeals has expired.

## III. THE FEE REQUEST MAY BE EXCESSIVE

In the Ninth Circuit when a common fund is created for the class, the court has the discretion whether to use a lodestar method or the percentage of the fund approach. *In re Bluetooth Headset Prods. Liability Litig.,* 654 F.3d 935,942 (9th Cir. 2011).  Whichever option the court chooses, however, discretion must be used to arrive at a reasonable result. *Id.*  Courts have held that when choosing the percentage of the fund approach, a benchmark of 25% is a reasonable starting place. *Id.*  Not all courts agree with this approach. See *In re Infospace Inc.*, 330 F. Supp. 2d 1203, 1210 (W.D. Wash. 2004) ("There is nothing inherently reasonable about a 25 percent recovery, and the courts applying this method have failed to explain the basis for the idea that a benchmark fee of 25 percent is logical or

1  reasonable."); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 129 (9th Cir.1994)

2  ("WPPSSS") ("[T]here is no necessary correlation between any particular percentage and a reasonable

3  fee.").

4        What courts do agree on, is "a fee award should be assessed based on scrutiny of the unique

5  circumstances of each case", and should be viewed with "a jealous regard to the rights of those who are

6  interested in the fund."" *Goldberger v. Integrated Resources, Inc.* 209 F.3d 43, 53 (2d Cir. 2000).  For

7  this reason, the lodestar approach should be adopted in this case.

8        Class Counsel has done nothing more than given their assurance that the results they have

9  achieved are excellent, but provided insufficient factual evidence to support such claim.  A 19.7 million

10  dollar settlement is meaningless without any context.  One approach to evaluating the reasonableness of

11  a fee request has been suggested by Judge Posner:

12        [T]he judge could have insisted that the parties present evidence that would enable four
          possible outcomes to be estimated: call them high, medium, low, and zero. High might be
13        in the billions of dollars, medium in the hundreds of millions, low in the tens of millions.
          Some approximate range of percentages, reflecting the probability of obtaining each of
14        these outcomes in a trial (more likely a series of trials), might be estimated, and so a
15        ballpark valuation derived.

16  *Reynolds v. Beneficial Nat. Bank*, 288 F. 3d 277, 285 (7th Cir. 2002).  From these numbers, Posner

17  suggests, the judge can "translate his intuitions about the strength of the plaintiffs' case, the range of

18  possible damages, and the likely duration of the litigation if it was not settled now into numbers that

19  would permit a responsible evaluation of the reasonableness of the settlement." *Id.*  Class Counsel has

20  the burden to support their request for fees and costs.  *Fischer v. SJB-P.D., Inc.*, 214 F. 3d 1115, 1121

21  (9th Cir. 2000).

22                    **IV.  ADOPTION AND JOINDER OF ALL OTHER OBJECTIONS**

23        This Objector joins in and adopts all well-taken, good-faith objections filed by other Class

24  Members in this case and incorporates them by reference as if they appeared fully herein.

25  ///

26

27

28

09-cv-5473-RS (JSC)
OBJECTIONS OF JEFF M. BROWN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

1

## V. CONCLUSION

For the foregoing reasons and all others presented at oral argument, this Objector respectfully requests that the Court sustain his objections and grants the following relief:

1.      Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

2.      Award an incentive fee to this Objector for his service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to his attorney.


LAW OFFICES OF DARRELL PALMER PC


Dated:  June 12, 2013                    By: /s/ Joseph Darrell Palmer
                                              Joseph Darrell Palmer
                                         Attorney for Objector Jeff M. Brown

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2013, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.


/s/ Joseph Darrell Palmer_____
Joseph Darrell Palmer
Attorney for Objector

09-cv-5473-RS (JSC)
OBJECTIONS OF JEFF M. BROWN TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR