UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS **(Consolidated)** |
| | **CLASS ACTION** |
| | **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

1    This matter came before the Court for hearing on July 3, 2013, pursuant to an Order of

2    this Court dated March 25, 2013 (the "Order"), on the application of the Lead Plaintiffs for

3    approval of the Settlement set forth in the Stipulation of Settlement dated February 1, 2013 (the

4    "Stipulation").  Full and adequate notice having been given to the Settlement Class as required in

5    the Order, and the Court having considered all papers filed and proceedings held herein and

6    otherwise being fully informed in the premises and good cause appearing therefor,

7        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

8    THAT:

9        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

10   capitalized terms used but not defined herein shall have the same meanings as in the Stipulation.

11       2.    This Court has jurisdiction over the subject matter of the Action and over all

12   parties to the Action, including all Members of the Settlement Class.

13       3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), this

14   Court hereby certifies the Action as a class action solely for purposes of the Settlement.  The

15   Settlement Class consists of all Persons who purchased or otherwise acquired SunPower publicly

16   traded Securities[1] during the Settlement Class Period.  Excluded from the Settlement Class are

17   Defendants, the officers and directors of SunPower, members of their immediate families and

18   their legal representatives, heirs, successors or assigns, and any entity in which Defendants have

19   or had a controlling interest.  Also excluded from the Settlement Class are any Persons who

20   otherwise satisfy the above requirements for membership in the Settlement Class, but who

21   excluded themselves by submitting a valid request for exclusion in accordance with the

22   requirements set forth in the Notice (a list of whom is attached hereto as Exhibit 1).

23       4.    With respect to the Settlement Class, this Court finds, solely for the purposes of

24   the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been

25   satisfied in that:

26   ───────────────

27   [1] "Securities" or "SunPower Securities" means SunPower's Class A and/or Class B common
     stock and/or 4.75% Senior Convertible Debentures.

28

───────────────

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims by Lead Plaintiffs, as class representatives, are typical of the claims of the Settlement Class;

(d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class Members;

(e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these Claims in this particular forum.

5.      Pursuant to Rule 23, and solely for purposes of the Settlement, the Court further finally certifies Lead Plaintiffs as class representatives for the Settlement Class and appoints Lead Counsel as counsel for the Settlement Class.

6.      Pursuant to Rule 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court further finds that the Settlement set forth in the Stipulation is the result of good-faith, informed, arm's-length negotiations between competent, experienced counsel representing the interests of the respective Settling Parties and is in the best interest of the Settlement Class. The Court further finds that the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation and of this Judgment.

7.     Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who otherwise satisfy the requirements for membership in the Settlement Class, but who have validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein at any time, including, without limitation, all of the Released Claims (including Unknown Claims) are **DISMISSED** in their entirety **WITH PREJUDICE.**  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8.     Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, for themselves, and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other Person claiming (now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Settlement Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Claims Administrator) any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Released Claim except to enforce the releases and other terms and conditions contained in the Stipulation or this Judgment entered pursuant thereto.  The foregoing provision shall not apply to any Person who independently would be a member of the Settlement Class and timely excludes himself, herself or itself.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law and of this Judgment to have acknowledged, that the foregoing waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California Civil Code was separately bargained for and is a material element of the Settlement of which the release in this paragraph is a part.

9.     Upon the Effective Date, Plaintiffs, each of the other Settlement Class Members, and any other Person (including, without limitation, spouses, heirs, executors, beneficiaries, administrators, successors and assigns) claiming now or in the future through or on behalf of any Plaintiff or Settlement Class Member directly or indirectly, shall be forever permanently barred,

enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person in the Action or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

10.     Upon the Effective Date, Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other Person claiming (now or in the future) through or on behalf of any of them directly or indirectly, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged and dismissed each and all of the Released Persons' Claims against (i) each and all Plaintiffs in the Action, and their respective attorneys, and all other Settlement Class Members, the members of each Settlement Class Member's immediate family, any entity in which any member of any Settlement Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Settlement Class Member is the settlor or which is for the benefit of any Settlement Class Member and/or members of his or her family, and (ii) each and all of their respective past, present and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, associates, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, domestic partners, employers, financial advisors, general or limited partners, general or limited partnerships, insurers, investment advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, spouses, subsidiaries (foreign or domestic), trustees, underwriters and retained professionals, in their respective capacities as such.

11.     The Court hereby finds that notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, and it constituted the best notice

practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. The distribution of the Notice and the publication of the Summary Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23; Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995; due process; and any other applicable law.

12. Pursuant to and in compliance with Rule 23, the Court hereby finds that due and adequate notice of these proceedings was directed to the Settlement Class Members, advising them of, among other things, the Settlement and of their right to object thereto, and a full and fair opportunity was accorded to the Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members (excluding those Persons listed on Exhibit 1) are bound by this Judgment.

13. Any order entered regarding any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and/or Litigation Expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. The Stipulation and/or Settlement:

(i) shall not be offered, received or admitted against any of the Released Persons as evidence of, or construed or used as, or deemed to be evidence of any presumption, concession or admission by any of the Released Persons (a) of the truth of any fact, (b) of the validity of any Released Claim or any claim that was asserted in the Consolidated Complaint or the Complaint, or that could have been or might have been asserted against any of the Released Persons in this Action or in any litigation in this or any other court, administrative agency, arbitration forum or other tribunal, (c) of any liability, negligence, gross negligence, recklessness, deliberate recklessness, fault or other wrongdoing of any kind of any Released Person to any other Person, (d) of any liability, fault, misrepresentation or omission with respect to any statement or written

document approved or made by any of the Released Persons, or (e) of any infirmity in the defenses that have been or could have been asserted in this Action;

(ii)       shall not be offered, received or admitted against any of the Released Persons, or against Plaintiffs or any other Settlement Class Member(s), as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal (including, without limitation, any formal or informal investigation or inquiry by the Securities and Exchange Commission or any other state or federal governmental or regulatory agency), other than such proceedings as may be necessary to enforce the terms of the Settlement or effectuate the provisions of the Stipulation; provided, however, that if this Stipulation is approved by the Court, any Person may (i) refer to the Stipulation and the Settlement as necessary to secure the liability protections granted them hereunder, and/or (ii) file the Stipulation and/or this Judgment in any action for any purpose, including, without limitation, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(iii)      shall not be construed against any of the Released Persons, Plaintiffs or any other Settlement Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(iv)      shall not be construed against Lead Plaintiffs or any other Settlement Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the Settlement Fund.

15.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction for the purpose of, *inter alia,* entering orders providing for the implementation and enforcement of the terms of the Stipulation, including, without limitation,

the releases provided for herein, and awards of attorneys' fees and Litigation Expenses to Lead Counsel.

16.     The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     This Court finds, for purposes of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs the Clerk of the Court to enter this Judgment as set forth herein immediately. This Judgment is a final Judgment in the Action as to all claims asserted therein at any time and as to all of the Settlement Class Members' Released Claims against the Released Persons.

20.     Judgment shall be, and hereby is, entered dismissing the Action in its entirety with prejudice and on the merits.

IT IS SO ORDERED.


DATED: _____        _____
                              THE HONORABLE RICHARD SEEBORG
                              UNITED STATES DISTRICT JUDGE

## **EXHIBIT 1**

### **Requests for Exclusion**

1.     Marlies Eisenfeld

2.     Morval Bank & Trust Cayman Ltd.

3.     Eldon L. Dalton

4.     Samuel Joseph Nugent

5.     Tabitha Zehms

6.     Dieter H. Herdes

7.     Cristiano Neves Martins

8.     Charles Pahl

9.     Ruth Rowlandson