UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SUNPOWER SECURITIES LITIGATION | Case No. CV 09-5473-RS<br>**(Consolidated)**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

1  WHEREAS, Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (the "Motion," ECF No. 260) came before the Court for hearing on July 3, 2013, pursuant to the Court's Order Preliminarily Approving Settlement, Providing for Notice, and Scheduling Settlement Hearing dated March 25, 2013 ("Preliminary Approval Order," ECF No. 257), and due and adequate notice having been given to the Settlement Class as required in the Preliminary Approval Order, and the Court, having read and considered the Motion and supporting declarations and exhibits and being fully informed of the related proceedings, now FINDS, CONCLUDES AND ORDERS as follows:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation," ECF No. 248), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

3. Notice of the Motion for Attorneys' Fees and Reimbursement of Litigation Expenses was directed to Settlement Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

4. Settlement Class Members and any party from whom payment is sought have been given the opportunity to object to the Motion in compliance with Federal Rule of Civil Procedure 23(h)(2).

5. The Motion for Attorneys' Fees and Reimbursement of Litigation Expenses is hereby GRANTED.

6. The Court hereby awards attorneys' fees in the amount of $4,804,035.19, which is 25% of the Settlement Fund net of Plaintiffs' Counsel's Court-approved Litigation Expenses. The Court finds that an award of attorneys' fees of 25% is fair and reasonable in light of the following factors, among others: the contingent nature of the case; the risks of this complex litigation; the quality of the legal services rendered; the benefits obtained for the Settlement Class; the institutional Lead Plaintiffs' support of the fee and expense application; the fees awarded in similar actions; and the reaction of the Settlement Class. Further, the requested

award of attorneys' fees is also supported by a lodestar multiplier cross-check, which results in a negative multiplier. The fee award is further justified by the risk Plaintiffs' Counsel undertook and the results they achieved for the Settlement Class through the quality of their representation of Lead Plaintiffs and the Settlement Class in this complex litigation.

7. The Court also grants Lead Counsel's request for reimbursement of Plaintiffs' Counsel's Litigation Expenses in the amount of $483,859.23. The Litigation Expenses incurred by Plaintiffs' Counsel have been adequately documented and were reasonably incurred for the benefit of the Settlement Class, and the Court finds that reimbursement of those expenses is justified.

8. Interest is awarded on the amounts awarded above in Paragraphs 6 and 7, at the same rate and for the same periods as earned by the Settlement Fund.

9. Pursuant to Paragraph 7.2 of the Stipulation, the amounts stated in Paragraphs 6, 7, and 8 herein shall be paid to Lead Counsel from the Escrow Account within five (5) calendar days after the later of (i) the date they are awarded by the Court; or (ii) the date the Court grants final approval of the Settlement, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such amounts pursuant to Paragraph 7.3 of the Stipulation.

10. The finality of the Judgment entered with respect to the Settlement shall not be affected in any manner by this Order, or an appeal from this Order.

11. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: July 3, 2013

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES                                -2-
Case No. CV 09-5473-RS