1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

11
12
13
14
15

| IN RE SUNPOWER SECURITIES LITIGATION | No. CV 09-5473-RS **(Consolidated)** <br><br> **ORDER APPROVING DISTRIBUTION PLAN (AS MODIFIED BY THE COURT)** |
|---|---|

16
17
18
19
20
21
22
23
24
25
26
27
28

Lead Plaintiffs Arkansas Teacher Retirement System, Första AP-fonden and Danske Invest Management A/S (collectively, "Lead Plaintiffs"), on notice to Defendants' Counsel, moved this Court for an order approving the distribution plan for the Net Settlement Fund in the above captioned class action (the "Action"). Defendants do not oppose this motion, and Lead Plaintiffs have requested disposition without a hearing. Accordingly, this matter is decided without oral argument pursuant to Local Rule 7-1(b), and the hearing set for September 11, 2014 is hereby vacated.

This Court, having considered all the materials and arguments submitted in support of the motion, including Lead Plaintiffs' Notice of Motion and Motion to Approve Distribution Plan, and Memorandum of Points and Authorities in Support Thereof; and the Declaration of Stephanie Thurin in Support of Lead Plaintiffs' Motion to Approve Distribution Plan (the "Thurin Declaration"), submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated February 1, 2013 (the "Stipulation," ECF No. 248), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Thurin Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The administrative recommendations to accept claims, including the otherwise valid claims filed after the original August 6, 2013 deadline ("Late Claims"), and to reject wholly ineligible or otherwise deficient claims, as recommended by the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as stated in the Thurin Declaration, are adopted;

4. Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is approved. Accordingly,

    A. Epiq will calculate award amounts to all Authorized Claimants by calculating their *pro rata* share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

1

ORDER APPROVING DISTRIBUTION PLAN
Case No. CV 09-5473-RS

B.    Epiq will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate any Authorized Claimant whose Distribution Amount calculates to less than $10.00, when the exact distributable amount is determined.  Such Claimants will not receive any distribution from the Net Settlement Fund and Epiq will send letters to those Authorized Claimants advising them of that fact.

C.    After eliminating Claimants who would have received less than $10.00, Epiq will recalculate the *pro rata* distribution amounts for Authorized Claimants who will receive $10.00 or more pursuant to the calculations described in subparagraph B. above.

D.    Epiq will then conduct an Initial Distribution of the Net Settlement Fund by distributing to Authorized Claimants who will receive $10.00 or more their *pro rata* distribution amounts.

E.    To encourage Authorized Claimants to promptly cash their payments, all Initial Distribution checks will bear a notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 60 DAYS OF DISTRIBUTION." Epiq will endeavor to make reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks.

F.    Authorized Claimants who do not negotiate their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement.  The funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants.  Similarly, Authorized Claimants who do not negotiate subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

G.    After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but no earlier than six (6) months after the Initial Distribution, Epiq will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Initial Distribution, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of

1  such Second Distribution), and after the payment of any estimated taxes, the costs of preparing
2  appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the
3  Initial Distribution who (1) cashed their distribution payment and (2) are entitled to at least $10.00
4  from the redistribution based on their *pro rata* share of the remaining funds.

5        H.      In order to allow a final distribution of any remaining funds in the Net
6  Settlement Fund after completion of the Second Distribution, whether by reason of returned funds,
7  tax refunds, interest, uncashed checks, or otherwise, if cost effective, not less than six (6) months
8  after the Second Distribution is conducted, Epiq will conduct a further distribution of the Net
9  Settlement Fund, pursuant to which all funds remaining in the Net Settlement Fund, after
10 deducting Epiq's unpaid fees and expenses incurred or to be incurred in connection with
11 administering the Net Settlement Fund (including the estimated costs of such distribution), and
12 after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any
13 escrow fees, will be distributed to Authorized Claimants who cashed their most recent distribution
14 checks and who would receive at least $10.00 in such further distribution. Additional
15 redistributions, after deduction of costs and expenses as described above and subject to the same
16 conditions, may occur thereafter until Lead Counsel, in consultation with Epiq, determines that
17 further redistribution is not cost-effective.

18       I.      At such time as Lead Counsel, in consultation with Epiq, determines that
19 further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, the
20 remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses
21 incurred in connection with administering the Net Settlement Fund and after the payment of any
22 estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be
23 donated to an appropriate non-profit organization proposed by Lead Plaintiffs subject to approval
24 by the Court.

25       J.      No further Proofs of Claim shall be accepted after July 11, 2014, and no
26 further adjustments to Proofs of Claim shall be made for any reason after July 11, 2014.

27       K.      All persons involved in the review, verification, calculation, tabulation, or
28

any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

L.  Unless otherwise ordered by the Court, one year after the Initial Distribution, Epiq will destroy the paper copies of the Proofs of Claim and all supporting documentation, and one year after the all funds have been distributed, Epiq will destroy electronic copies of the same.

5.  All of the fees and expenses incurred by Epiq in connection with its administration of the Settlement and to be incurred in connection with the Initial Distribution are approved; accordingly, Lead Counsel shall direct payment of $633,076.05 out of the Settlement Fund to Epiq for such remaining unpaid fees and expenses; and

This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATE: 9/3/14

HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE