# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

### NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN A. GALDSTON
beng@blbglaw.com
(858) 793-0070

January 8, 2016



IT IS SO ORDERED

Judge Richard Seeborg

Dated: 1/11/16

**BY HAND DELIVERY AND ECF FILING**

The Honorable Richard Seeborg
United States District Judge
San Francisco Courthouse, Courtroom 3
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re SunPower Sec. Litig.*, Case No. 09-CV-5473-RS (N.D. Cal.)

Dear Judge Seeborg:

We, along with Kessler Topaz Meltzer & Check LLP and Kaplan Fox & Kilsheimer LLP, are co-Lead Counsel for Lead Plaintiffs in the securities class action captioned *In re SunPower Securities Litigation,* CV 09-5473-RS (N.D. Cal.), previously pending before Your Honor. We are pleased to report that the $19.7 million settlement fund, net of previously-approved attorneys' fees and expenses, has been distributed to the Settlement Class pursuant to the Court's September 3, 2014 Order Approving Distribution Plan ("Distribution Order," ECF. No. 276). Less than $2,000 remains in the fund as a result of uncashed or returned checks. Accordingly, it is not economically feasible to redistribute this residual amount to Authorized Claimants.

Paragraph 4.I. of the Distribution Order provides that "[a]t such time as Lead Counsel, in consultation with [the Claims Administrator], determines that further redistribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be donated to an appropriate non-profit organization proposed by Lead Plaintiffs subject to approval by the Court."

After payment of the final claims administration fees and expenses totaling $500, we propose that the residual be paid on a *pro rata* basis to the 22 otherwise valid Claims that were received after the July 11, 2014 deadline set forth in the Distribution Order (paragraph 4.J.), and that would receive at least $10 in such final distribution. If, after three months, any amount remains in the fund as a result of uncashed or returned checks, after payment of any additional fees and expenses incurred by the Claims Administrator, if any, the Claims Administrator will continue distributions to these 22 late but otherwise valid Claims who cashed their checks,

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Richard Seeborg
January 8, 2016
Page 2

utilizing an appropriate minimum amount that will result in the full distribution of the Net Settlement Fund.

   We thank the Court for its attention to this matter.

                    Respectfully submitted,

                    Benjamin Galdston

cc:    Counsel of Record (via ECF filing)